# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

---

STEVEN HANYON,

                Plaintiffs,

     v.                                  3:25-CV-472
                                                 (AJB/MJK)

LINKEDIN,

                Defendant.

---

STEVEN HANYON, Plaintiff, *pro se*

MITCHELL J. KATZ, U.S. Magistrate Judge

TO THE HONORABLE ANTHONY J. BRINDISI, U.S. DISTRICT JUDGE:

## ORDER and REPORT-RECOMMENDATION

Plaintiff commenced this action on April 16, 2025, by filing a complaint. ("Compl.", Dkt. No. 1). On April 17, 2025, U.S. District Judge Anthony J. Brindisi administratively closed this matter because Plaintiff failed to pay the filing fee. (Dkt. 2). On April 21, 2025, Plaintiff filed a motion for leave to proceed *in forma pauperis* ("IFP") and Judge Brindisi directed the Clerk to reopen the case. (Dkts. 3, 4). On April 22, 2025, Plaintiff filed a letter that, broadly construed, might be understood as an attempt to voluntarily discontinue this action. (Dkt. No. 5). Judge Brindisi granted Plaintiff thirty days in which to advise the court, in writing, whether he intended to pursue this action. (Dkt. No. 6). Judge Brindisi also advised Plaintiff that any additional filings in this action were to conform with Local Rule 10.1(c)(1) and other applicable Local Rules. (*Id.*). On April 24, 2025, Plaintiff filed a letter plausibly suggesting that he

1

wished to proceed with this action. (Dkt. 7). The Clerk has sent the complaint and the IFP motion to this Court for review.

## I.   <u>IFP Application</u>

Plaintiff declares in his IFP application that he is unable to pay the filing fee. (Dkts. 2, 3). After reviewing Plaintiff's application, this Court finds that he is financially eligible for IFP status.

In addition to determining whether a plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint. *See* 28 U.S.C. § 1915 (e)(2)(B)(i)-(iii). Courts shall dismiss a case, at any time, if they determine that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. *Id.*

When determining whether an action is frivolous, a court must consider whether the complaint lacks an arguable basis in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and 28 U.S.C. § 1915. Dismissal of frivolous actions is appropriate to prevent abuses of court process and discourage the waste of judicial resources.  *See Neitzke*, 490 U.S. at 327; *see also Harkins v. Eldredge*, 505 F.2d 802, 804 (8th Cir. 1974). Courts have a duty to show liberality toward *pro se* litigants and must use extreme caution when ordering *sua sponte* dismissal of a *pro se* complaint before the

2

adverse party has been served and has had an opportunity to respond. *See Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000). But courts must still determine that a claim is not frivolous before permitting a plaintiff to proceed. *See Id.* (finding that a district court may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555).

Additionally, Fed. R. Civ. P. 8(a)(2) requires pleadings to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 does not require detailed factual allegations, it does "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Houston v. Collerman*, No. 9:16-CV-1009 (BKS/ATB), 2016 WL 6267968, at *2 (N.D.N.Y. Oct. 26, 2016) (quoting *Ashcroft*, 556 U.S. at 678). A pleading that contains allegations that "'are so vague as to fail to give the defendants adequate notice of the claims against them' is subject to dismissal." *Id.* (citing *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009)).

3

The Court will now consider Plaintiffs' complaint under the above standards.

## II.  Complaint

The one "paragraph" complaint states, in full:

> I got locked out of my Linkedin account, I am a Sega associate Intern and I
> have Intern contracts for my registered company here Oswego County
> Hasting Technology. I have sent state to state motion there before because
> I am stuck where I am at, due to a car dealership putting a
> GPS Remote Shut-off Device in a vehicle that I was trying to purchase
> from them and I sent there a Money Judgment, well I thought instead of
> existing to study online and try remote jobs, so I bump in a couple and
> because I can't execute a Judgment and they do not want to pay me with
> my own lawsuit, they think I have full entitlement, I have paid into my
> Linkedin account before I was blocked work.

## III.  Subject Matter Jurisdiction

Dismissal of the complaint is warranted for lack of subject matter jurisdiction.[1]

*See* Fed. R. Civ. P. 12(h)(3). Subject matter jurisdiction of the federal district courts is

limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a

federal district court has jurisdiction only when a "federal question" is presented, or

when plaintiff and defendant are citizens of different states and the amount in

controversy exceeds the sum or value of $75,000.

"[T]he party invoking federal jurisdiction bears the burden of proving facts to

establish that jurisdiction." *Linardos v. Fortuna*, 157 F.3d 945, 947 (2d Cir. 1998).

---

[1] "A dismissal for lack of subject matter jurisdiction must be without prejudice, because without
jurisdiction, the district court lacks the power to adjudicate the merits of the case." *McKie v.
Kornegay*, No. 21-1943, 2022 WL 4241355, at *2 (2d Cir. Sept. 15, 2022) (summary order) (internal
quotations omitted) (quoting *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 54-55 (2d Cir. 2016)).

"When subject matter jurisdiction is lacking, 'the district court lacks the power to adjudicate the merits of the case …'" *Green v. Dep't of Educ. of City of New York*, 16 F.4th 1070, 1074 (2d Cir. 2021) (quoting *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 54 (2d Cir. 2016)). In the absence of a basis for exercising jurisdiction, the case must be dismissed. *See* Fed. R. Civ. P. 12(h)(3).

As pleaded, the complaint does not provide a basis for the Court to ascertain whether it has subject matter jurisdiction over this matter. While the Court can glean that Plaintiff is a citizen of New York based on his address, it does not know if LinkedIn is a citizen of New York or the amount in controversy. Similarly, the Court is unable to determine whether Plaintiff is invoking jurisdiction based on a controversy "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Court therefore recommends that the complaint be dismissed without prejudice and with leave to amend.

## IV.   **Fed. R. Civ. P. 8 and 10**

Additionally, and in the alternative, the complaint should be dismissed without prejudice and with leave to amend because it fails to comply with the pleading requirements of Fed. R. Civ. P. 8 and 10.

Fed. R. Civ. P. 8(a)(2) requires a pleading to contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief …" "The purpose of [Rule 8] is to give fair notice of the claim being asserted so as to permit the

adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Flores v. Graphtex*, 189 F.R.D. 54, 55 (N.D.N.Y. 1999) (internal quotations and citations omitted). Rule 8 also requires the pleading to include "a short and plain statement of the grounds for the court's jurisdiction" and "a demand for the relief sought[.]" Fed. R. Civ. P. 8(a)(1), (3). "Although 'no technical form is required,' the Federal Rules make clear that each allegation contained in the pleading 'must be simple, concise, and direct.'" *Cole v. Smrtic*, No. 1:24-CV-847, 2024 WL 4870495, at \*2 (N.D.N.Y. 2024) (quoting Fed. R. Civ. P. 8(d)). Accordingly, allegations "so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009) (summary order).

Next, as relevant here, Fed. R. Civ. P. 10 provides that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances … If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense." Rule 10 serves "to provide an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" *Flores*, 189 F.R.D. at 55 (internal quotations and citation omitted).

A complaint that fails to comply with these pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and

provides no meaningful basis for the Court to assess the sufficiency of their claims,"

and may properly be dismissed by the Court. *Gonzales v. Wing*, 167 F.R.D. 352, 355

(N.D.N.Y. 1996); *see also Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (a

court may dismiss a complaint for failure to comply with Rule 8(a) where it "is so

confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is

well disguised").

Such is the case here, as the complaint does not provide a "short and plain

statement of the claim showing that the pleader is entitled to relief" and lacks numbered

paragraphs, limited as far as practicable to a single set of circumstances. Fed. R. Civ. P.

8(a), 10. Instead, Plaintiff's complaint, although only several sentences, is rambling,

disjointed, and so "otherwise unintelligible that its true substance, if any, is well

disguised." *Salahuddin*, 861. F.2d at 42. As pleaded, the Court is unable to discern what

relief Plaintiff is seeking and the complaint certainly does not provide Defendant with

sufficient notice of any claim asserted against it.

Accordingly, even if subject matter jurisdiction had been alleged, the Court

recommends dismissing the complaint without prejudice and with leave to amend

because it does not comply with Fed. R. Civ. P. 8 and 10.[2] *See Lamothe v. Brown*, 5:22-

---

[2] Plaintiff was previously apprised of the pleading requirements set forth in the Federal Rules of Civil
Procedure. *See Hanyon v. Express Auto Credit Corp.*, No. 3:23-CV-1640 (MAD/ML), 2024 WL 248586,
at *1 (N.D.N.Y. Jan. 22, 2024) (recommending dismissal of the action under Rules 8 and 10 of the Federal
Rules of Civil Procedure and, to the extent Plaintiff attempted to bring a claim pursuant to 42 U.S.C.
§ 1983, for failure to state a claim because failed to allege the involvement of a state actor and the State of
New York was immune from suit pursuant to the Eleventh Amendment), *report-recommendation adopted*,

CV-161 (TJM/CFH), 2023 WL 316013, at *8 (D. Vt. Jan. 19, 2023). ("The lack of factual support, context, or clear statements of the claims and explanations as to how each defendant is personally involved in the alleged violation of each area of law or right asserted renders plaintiff's complaint plainly violative of Rule 8[.]").

## V.    **Failure to State a Claim**

In addition to failing to comply with the pleading requirements of Fed. R. Civ. P. 8 and 10, the complaint fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915. Liberally construed, the complaint lacks any basis in law or fact and sets forth "no cognizable avenue for relief." *Georges v. Rathner*, No. 1:17-CV-1246 (DNH/CFH), 2017 WL 8230677, at *2 (N.D.N.Y. Dec. 22, 2017), *report-recommendation adopted*, 2018 WL 1353058 (N.D.N.Y. Mar. 15, 2018); *Georges v. Hatser*, No. 1:17-CV-1243 (GTS/CFH), 2018 WL 816846, at *3 (N.D.N.Y. Jan. 2, 2018) ("[The] plaintiff has not provided sufficient facts for this Court to assess [the] plaintiff's complaint, as plaintiff has given no context for her general statements about violations of the law . . . nor explanations as to how her constitutional rights were violated[.]"), *report-recommendation adopted*, 2018 WL 813502 (N.D.N.Y. Feb. 9, 2018); *Ehlers v. C.I.A.*, No. 6:15-CV-387 (MAD/ATB), 2015 WL 3637431, at *3 (N.D.N.Y. June 10, 2015) ("[The p]laintiff's complaint does not state a valid claim for which relief can be granted and lacks substance."). As noted, Plaintiff's "one paragraph

---

2024 WL 4783943 (N.D.N.Y. Nov. 14, 2024). Plaintiff was also apprised of the pleading requirements set forth in the Federal Rules of Civil Procedure in *Hanyon v. The United States et al.*, No. 3:25-CV-212 (BKS/TWD).

complaint" consists of phrases separated by commas with two periods interspersed and is simply incoherent.

## VI.    **Opportunity To Amend**

Generally, before the court dismisses a *pro se* complaint or any part of the complaint *sua sponte*, the court should afford a plaintiff the opportunity to amend at least once; however, leave to re-plead may be denied where any amendment would be futile. *See Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Futility is present when the problem with plaintiff's causes of action is substantive such that better pleading will not cure it. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

Out of an abundance of caution and in deference to Plaintiff's *pro se* status, the Court recommends that this action be dismissed without prejudice and with leave to amend to allow Plaintiff the opportunity to cure the defects noted above.

The Court advises Plaintiff that should he be permitted to amend his complaint, the pleading must clearly be labeled "Amended Complaint" and bear the docket number, 3:25-CV-0472. The pleading must be signed[3] and otherwise comply with Fed. R. Civ. P. Rules 8 and 10. Plaintiff must set forth all the claims he intends to assert and must demonstrate that a case or controversy exists between him and Defendant  over which this Court has jurisdiction. Plaintiff must clearly set forth the facts that give rise

---

[3] Rule 11(a) of the Federal Rules of Civil Procedure requires that "[e]very pleading . . . must be signed . . . by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). Moreover, Rule 10.1(c)(2) of the Local Rules of Practice of this District requires that all documents submitted to the Court include the original signature of the attorney or the *pro se* litigant.

to the claims, including the dates, times, and places of the alleged underlying acts. The amended complaint must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the Court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect." (internal quotation marks omitted)). Piecemeal pleadings are not permitted. *See* L.R. 15.1.

WHEREFORE, based on the findings above, it is hereby

**ORDERED** that Plaintiff's motion to proceed *in forma pauperis* (Dkt. 3) is **GRANTED**,[4] and it is further

**RECOMMENDED** that Plaintiff's complaint (Dkt. 1) be **DISMISSED WITHOUT PREJUDICE** and with leave to amend, and it is further

**ORDERED** that the Clerk provide Plaintiff with a copy of this Report-Recommendation and Order, along with copies of the unpublished decisions cited herein in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (*per curiam*).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.[5] Such objections shall be filed

---

[4] Although his IFP application has been granted, Plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

[5] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal

with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

April 29, 2025

_____
Hon. Mitchell J. Katz
U.S. Magistrate Judge

---

holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

Case 3:25-cv-00472-AJB-MJK    Document 8    Filed 04/29/25    Page 12 of 104

Houston v. Collerman, Not Reported in Fed. Supp. (2016)

2016 WL 6267968

2016 WL 6267968
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Eddie HOUSTON, Plaintiff,

v.

COLLERMAN, et. al., Defendants.

9:16-CV-1009 (BKS/ATB)
|
Signed 10/26/2016

**Attorneys and Law Firms**

EDDIE HOUSTON, 08-A-3122, Mid-State Correctional Facility, P.O. Box 2500, Marcy, New York 13403, Plaintiff, pro se.

**AMENDED DECISION AND ORDER** [1]

[1]  On October 20, 2016, the Court issued a Decision and Order upon initial review of plaintiff's complaint. Dkt. No. 4. This Amended Decision and Order is issued to correct clerical errors in the Conclusion of the Order.

BRENDA K. SANNES, United States District Judge

**I. Introduction**

 **\*1**  The Clerk has sent to the Court for review a civil rights action filed by pro se plaintiff Eddie Houston. Dkt. No. 1 ("Compl."). Plaintiff has not paid the statutory filing fee for this action and seeks leave to proceed in forma pauperis. Dkt. No. 2 ("IFP Application").

**II. IFP Application**

"28 U.S.C. § 1915 permits an indigent litigant to commence an action in a federal court without prepayment of the filing fee that would ordinarily be charged." *Cash v. Bernstein*, No. 09-CV-1922, 2010 W L 5185047, at *1 (S.D.N.Y. Oct. 26, 2010). Upon review of plaintiff's IFP Application, the Court finds that plaintiff has demonstrated sufficient economic need and filed the inmate authorization form required in the Northern District of New York. Plaintiff's IFP application (Dkt. No. 2) is granted. [2]

[2]  Section 1915(g) prohibits a prisoner from proceeding in forma pauperis where, absent a showing of "imminent danger of serious physical injury," a prisoner has filed three or more actions or appeals that were subsequently dismissed as frivolous, malicious, or failing to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). Based upon the Court's review of plaintiff's litigation history on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") Service, it does not appear that plaintiff has accumulated three strikes for purposes of 28 U.S.C. § 1915(g).

**III. Initial Screening**

Having found that plaintiff meets the financial criteria for commencing this action in forma pauperis, and because plaintiff seeks relief from an officer or employee of a governmental entity, the Court must consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. §§ 1915(e) and 1915A. Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed in forma pauperis, "the court shall dismiss the case at any time if the court determines that – ... (B) the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). [3]

[3]  To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Similarly, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... is frivolous, malicious, or fails to state a claim upon which relief may be granted; or ... seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (noting that Section 1915A applies to all actions brought by prisoners against government officials even when plaintiff paid the filing fee).

 **\*2**  Additionally, when reviewing a complaint, the Court may also look to the Federal Rules of Civil Procedure. Rule 8 of

Case 3:25-cv-00472-AJB-MJK   Document 8   Filed 04/29/25   Page 13 of 104

Houston v. Collerman, Not Reported in Fed. Supp. (2016)

2016 WL 6267968

the Federal Rules of Civil Procedure provides that a pleading which sets forth a claim for relief shall contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Hudson v. Artuz,* No. 95 CIV. 4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank,* No. 95-CV-0063 (TJM), 162 F.R.D. 15, 16 (N.D.N.Y. June 23, 1995) (other citations omitted)).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). While the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly,* 550 U.S. at 555). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Thus, a pleading that contains only allegations which "are so vague as to fail to give the defendants adequate notice of the claims against them" is subject to dismissal. *Sheehy v. Brown,* 335 Fed.Appx. 102, 104 (2d Cir. 2009).

## IV. Summary of the Complaint [4]

[4]   Plaintiff annexed exhibits to the complaint. Dkt. No. 1-1. To the extent that the exhibits are relevant to the incidents described in the complaint, the Court will consider the complaint as well as any documents attached as exhibits. *See Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47 (2d Cir. 1991) (the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which establishes a cause of action for " 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortgage Corp.,* 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n,* 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted); *see also Myers v. Wollowitz,* No. 6:95-CV-0272 (TJM/RWS), 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (stating that "§ 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights." (citation omitted)). "Section 1983 itself creates no substantive rights, [but] ... only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James,* 13 F.3d 515, 519 (2d Cir. 1993) (citation omitted). The Court will construe the allegations in plaintiff's complaint with the utmost leniency. *See, e.g., Haines v. Kerner,* 404 U.S. 519, 521 (1972) (holding that a pro se litigant's complaint is to be held "to less stringent standards than formal pleadings drafted by lawyers.").

**\*3** Plaintiff, an inmate currently being held at Mid-State Correctional Facility ("Mid-State C.F."), asserts claims arising out of his confinement in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). The incidents that form the foundation for this complaint occurred while plaintiff was confined at Elmira Correctional Facility ("Elmira C.F."). *See* Compl., *generally.* On July 13, 2013, plaintiff filed a grievance claiming that defendants Officer Copestick ("Copestick") and Officer Schieber ("Schieber") harassed him, on more than one occasion, about his medication. *See id.* at 6; *see* Dkt. No. 1-1 at 3-5. On August 5, 2013, after an investigation into the allegations, the Superintendent of Elmira C.F. denied plaintiff's grievance. *See* Dkt. No. 1-1 at 5.

On September 30, 2013, plaintiff was on his way to the masjid to participate in Ramadan when he was stopped by Copestick and Schieber and directed to the wall for a pat-frisk. *See* Compl. at 5. While plaintiff's hands were on the wall, Schieber "violently kicked" his legs from underneath him. *See id.* Schieber "stomped" on plaintiff's ankles while Copestick attempted to choke plaintiff. *See id.* During the assault, the officers yelled racial slurs. *See id.* Defendant Sergeant Collerman ("Collerman") watched the officers beat plaintiff. *See* Compl. at 5. As a result of the attack, plaintiff's eyeglasses were broken, his ankle was swollen, and he could not walk. *See id.* at 5, 9.

At approximately 5:00 p.m., plaintiff received medical treatment for complaints of pain in his right big toe and swelling in his right foot. *See* Dkt. No. 1-1 at 19. Plaintiff

Case 3:25-cv-00472-AJB-MJK  Document 8  Filed 04/29/25  Page 14 of 104

Houston v. Collerman, Not Reported in Fed. Supp. (2016)

2016 WL 6267968

received Motrin and was advised to follow with sick call requests, if needed. *See id.* A "use of force/inmate injury" report was compiled. [5] *See id.* At approximately 7:15 p.m., plaintiff, a diabetic, told a medical provider that he had not received his daily "medication." *See id.* The provider ordered various medications to be delivered to plaintiff on a daily basis. *See id.*

[5]     The Use of Force report was not annexed as an exhibit to the complaint.

On October 1, 2013, plaintiff received a misbehavior report charging him with assault on staff and with refusing a direct order and search. [6] *See* Compl. at 5. On the same day, plaintiff was placed in confinement in the Special Housing Unit ("SHU"). *See* Dkt. No. 1-1 at 19. On October 3, 2013, plaintiff attended a Hearing regarding the misbehavior report. [7] *See* Dkt. No. 1-1 at 10. On November 3, 2013, plaintiff received a copy of the hearing disposition dismissing all charges. *See* Dkt. No. 1-1 at 11; Dkt. No. 1 at 5.

[6]     The name of the officer who served the misbehavior report is not clearly legible on the Hearing Disposition annexed as an exhibit. *See* Dkt. No. 1-1 at 10. Plaintiff does not allege that Copestick, Schieber, or Collerman delivered the report. The disposition form indicates that the charges were reported by Schieber. *Id.* The misbehavior report was not annexed as an exhibit to the complaint.

[7]     The officer who presided over the hearing was a Captain at Elmira C.F. However, the name of the hearing officer is not clearly legible. *See* Dkt. No. 1-1 at 10-11.

On November 3, 2013, plaintiff was released from the SHU. *See* Compl. at 5. While plaintiff was in the SHU, he was unable to participate in Ramadan, denied religious meals, denied parole, and excluded from mental health programs. *See id.*

Construed liberally, the complaint contains the following claims: (1) Copestick and Schieber violated plaintiff's Eighth Amendment rights with use of excessive force (Fifth, Fifteenth, Twentieth, and Twenty-Second Causes of Action); (2) Collerman failed to protect plaintiff from the assault in violation of plaintiff's Eighth Amendment rights (Fifteenth Cause of Action); (3) defendants were deliberately indifferent to plaintiff's serious medical needs in violation of the Eighth Amendment (Sixth, Seventh, and Fifteenth Causes of Action); (4) Copestick and Schieber retaliated against plaintiff in violation of plaintiff's First Amendment rights (Twenty-First Cause of Action); (5) plaintiff's First Amendment rights to religious freedom were violated (Fourth Cause of Action); (6) plaintiff's Fourteenth Amendment rights to due process and equal protection were violated (First, Second, Third, Sixth, Sixteenth, and Eighteenth Causes of Action); (7) defendants failed to investigate plaintiff's complaints and follow grievance procedures (Tenth and Thirteenth Causes of Action); (8) perjury claims against officers who filed the misbehavior report (Eleventh and Seventeenth Causes of Action); and (9) supervisory claims against DOCCS (Eighth, Ninth, Twelfth, Fourteenth, Nineteenth, Twenty-Third, Twenty-Fourth, Twenty-Fifth, and Twenty Sixth Causes of Action). *See* Compl., *generally.* Plaintiff seeks compensatory damages, injunctive relief, and criminal charges against defendants (Eleventh and Seventeenth Causes of Action). *See* Compl. at 9-13.

## V. Analysis

### A. Eleventh Amendment

**\*4** The Eleventh Amendment has long been construed as barring a citizen from bringing a suit against his or her own state in federal court, under the fundamental principle of "sovereign immunity." U.S. Const. amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."); *Hans v. Louisiana,* 134 U.S. 1, 10-21 (1890); *Idaho v. Coeur d'Alene Tribe of Idaho,* 521 U.S. 261, 267 (1997); *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984). Eleventh Amendment immunity is lost only if Congress unequivocally abrogates states' immunity or a state expressly consents to suit. *Gollomp v. Spitzer,* 568 F.3d 355, 365-66 (2d Cir. 2009). It is well-settled that Congress did not abrogate states' immunity through 42 U.S.C. § 1983, *see Quern v. Jordan,* 440 U.S. 332, 343-45 (1979), and that New York State has not waived its immunity from suit on the claims asserted in plaintiff's complaint. *See generally Trotman v. Palisades Interstate Park Comm'n,* 557 F.2d 35, 38-40 (2d Cir. 1977); *Dawkins v. State of New York,* No. 93-CV-1298 (RSP/GJD), 1996 W L 156764 at \*2 (N.D.N.Y. 1996).

Here, insofar as plaintiff seeks an award of money damages pursuant to Section 1983 against DOCCS, those claims are

Case 3:25-cv-00472-AJB-MJK Document 8 Filed 04/29/25 Page 15 of 104

Houston v. Collerman, Not Reported in Fed. Supp. (2016)

2016 WL 6267968

dismissed as plaintiff seeks relief from a defendant immune from suit under section 1983. *See LeGrand v. Evan*, 702 F.2d 415, 417 (2d Cir. 1983); *see Meehan v. Kenville*, 555 Fed.Appx. 116 (2d Cir. 2014); *see Simmons v. Gowanda Corr. Facility*, No. 13-CV-0647, 2013 WL 3340646, at *1 (W.D.N.Y. July 1, 2013) ("the New York State Department of Corrections and [the named correctional facility] enjoy the same Eleventh Amendment immunity from suit in federal court as enjoyed by the state itself") (quoting *Posr. v. Court Officer Shield No. 207*, 180 F.3d 409, 411 (2d Cir. 1999)).

### B. Eighth Amendment

#### 1. Excessive Force Claims

The Eighth Amendment protects prisoners from "cruel and unusual punishment" at the hands of prison officials. *Wilson v. Seiter*, 501 U.S. 294, 296-97 (1991); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The Eighth Amendment's prohibition against cruel and unusual punishment encompasses the use of excessive force against an inmate, who must prove two components: (1) subjectively, that the defendant acted wantonly and in bad faith, and (2) objectively, that the defendant's actions violated "contemporary standards of decency." *Blyden v. Mancusi*, 186 F.3d 252, 262-63 (2d Cir. 1999) (internal quotations omitted) (citing *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)). The key inquiry into a claim of excessive force is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7 (citing *Whitley v. Albers*, 475 U.S. 312, 321-22 (1986)); *see also Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973); *see also Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (per curiam) ("[t]he Supreme Court has emphasized that the nature of the force applied is the core judicial inquiry in excessive force cases—not whether a certain quantum of injury was sustained."). "Accordingly, when considering the subjective element of the governing Eighth Amendment test, a court must be mindful that the absence of serious injury, though relevant, does not necessarily negate a finding of wantonness." *Wynter v. Ramey*, No. 11-CV-0257 (DNH/DEP), 2013 W L 5465343, at *5 (N.D.N.Y. Sept. 30, 2013) (citations omitted).

Plaintiff has identified the time, location and individuals involved in the alleged assault. Thus, the Court finds that plaintiff's Eighth Amendment excessive force claims against Copestick and Schieber survive sua sponte review and require a response. In so ruling, the Court expresses no opinion as to whether these claims can withstand a properly filed motion to dismiss or for summary judgment.

#### 2. Failure To Intervene

**\*5** The failure of corrections officers to employ reasonable measures to protect an inmate from violence by others may rise to the level of an Eighth Amendment violation. *See Ayers v. Coughlin*, 780 F.2d 205, 209 (2d Cir. 1985). Moreover, allegations that an officer failed to intervene and prevent assaults are sufficient to state an Eighth Amendment failure to protect claim. *See Rogers v. Artus*, No. 13-CV-21, 2013 WL 5175570, at *3 (W.D.N.Y. Sept. 11, 2013). To establish liability under a failure to intervene theory, a plaintiff must prove the use of excessive force by someone other than the individual and that the defendant under consideration: 1) possessed actual knowledge of the use by another of excessive force; 2) had a realistic opportunity to intervene and prevent the harm from occurring; and 3) nonetheless disregarded that risk by intentionally refusing or failing to take reasonable measures to end the use of excessive force. *Curley v. Vill. of Suffern*, 268 F.3d 65, 72 (2d Cir. 2001). In order to succeed on a claim of failure to protect, the inmate "must establish both that a substantial risk to his safety actually existed and that the offending [defendant] knew of and consciously disregarded that risk." *See Walsh v. Goord*, No. 07-CV-0246, 2007 WL 1572146, at *9 (W.D.N.Y. May 23, 2007) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1970)). In addition, a failure-to-protect claim requires a showing that prison officials acted with "deliberate indifference" to the inmate's safety. *Morales v. New York State Dep't of Corr.*, 842 F.2d 27, 30 (2d Cir. 1988).

At this early stage of the proceeding, plaintiff has alleged enough to require a response from Collerman to plaintiff's claim that he failed to protect plaintiff from the assault by Copestick and Schieber. In so ruling, the Court expresses no opinion as to whether these claims can withstand a properly filed motion to dismiss or for summary judgment.

#### 3. Deliberate Indifference to Serious Medical Needs

To state an Eighth Amendment claim for medical indifference, a plaintiff must allege that the defendant was deliberately indifferent to a serious medical need. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective component of an Eighth Amendment deliberate indifference

Case 3:25-cv-00472-AJB-MJK   Document 8   Filed 04/29/25   Page 16 of 104

Houston v. Collerman, Not Reported in Fed. Supp. (2016)

2016 WL 6267968

medical claim "requires that the alleged deprivation must be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (quoting *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996)) (internal quotation marks omitted). Under the subjective element, medical mistreatment rises to the level of deliberate indifference only when it "involves culpable recklessness, i.e., an act or a failure to act ... that evinces 'a conscious disregard of a substantial risk of serious harm.' " *Chance v. Armstrong*, 143 F. 3d 698, 703 (2d Cir. 1998) (quoting *Hathaway*, 99 F.3d at 553). "Deliberate indifference requires more than negligence but less than conduct undertaken for the very purpose of causing harm." *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994). To assert a claim for deliberate indifference, an inmate must allege that (1) a prison medical care provider was aware of facts from which the inference could be drawn that the inmate had a serious medical need; and (2) the medical care provider actually drew that inference. *Farmer*, 511 U.S. at 837; *Chance*, 143 F.3d at 702. The inmate must also demonstrate that the provider consciously and intentionally disregarded or ignored that serious medical need. *Farmer*, 511 U.S. at 835. An "inadvertent failure to provide adequate medical care" does not constitute "deliberate indifference." *Estelle*, 429 U.S. at 105-06.

In this instance, even assuming plaintiff's injuries were sufficiently serious, plaintiff must allege facts to demonstrate that defendants acted with a sufficiently culpable state of mind. *See Hathaway*, 99 F.3d at 553. Plaintiff claims that his medical treatment was inadequate because his ankle was not x-rayed until he was transferred to "his next facility," two months after the alleged incident. *See* Compl. at 10. "When the basis of a prisoner's Eighth Amendment claim is a temporary delay or interruption in the provision of otherwise adequate medical treatment, it is appropriate to focus on the challenged delay or interruption in treatment rather than the prisoner's underlying medical condition alone in analyzing whether the alleged deprivation is, in 'objective terms, sufficiently serious,' to support an Eighth Amendment claim." *Smith v. Carpenter*, 316 F.3d 178, 185 (2d Cir. 2003) (citing *Chance*, 143 F.3d at 702). "Although a delay in providing necessary medical care may in some cases constitute deliberate indifference, this Court has reserved such a classification for cases in which, for example, officials deliberately delayed care as a form of punishment, ignored a 'life-threatening and fast-degenerating' condition for three days; or delayed major surgery for over two years." *Demata*

*v. New York State Corr. Dep't of Health Servs.*, 198 F.3d 233 (2d Cir. 1999) (internal citations omitted).

**\*6** Here, the complaint is void of any facts establishing that any defendant deliberately delayed plaintiff's medical treatment. On the day of the alleged attack, plaintiff received medical attention and prescription medication. *See* Dkt. No. 1-1 at 19. Plaintiff was treated on three other occasions in October 2013 for foot pain before undergoing x-rays on November 14, 2013. Dkt. No. 1-1 at 20-21. During those visits, plaintiff received ice packs, Motrin, and refused Ibuprofen. See id. Plaintiff does not allege that his condition deteriorated during that time. *See Rodriguez v. City of New York*, 802 F.Supp. 477, 482 (S.D.N.Y. 2011) (finding that the plaintiff did not establish that his condition worsened as a result of a delay between his request and receipt of medical attention). Plaintiff does not allege that he sought and was refused medical treatment during this two-month time period. *See Kee v. Hasty*, No. 01 Civ. 2123, 2004 W L 807071, at \*29 (S.D.N.Y. April 14, 2004) (holding that the plaintiff's Eighth Amendment claims were overly conclusory because the inmate failed to specify the dates on which he was denied proper treatment, the nature of his needs on those dates, and the nature of the treatment that was purportedly denied by the defendants). The complaint lacks any facts to plausibly suggest that any defendant knew of the severity of plaintiff's injury and the risk posed by any delay in his treatment.

Plaintiff, a diabetic, also claims that he was unable to read or see for over one year because his eye glasses were not replaced until over a year after the assault. *See* Compl. at 10. The complaint does not contain any facts suggesting that plaintiff made any complaints or sick call requests to any defendant related to his eyeglasses. Plaintiff also failed to assert facts suggesting that he made any defendant "aware of the serious harm could occur" if he was not provided with his glasses. *See Myrie v. Calvo/Calvoda*, 591 F.Supp.2d 620, 628 (S.D.N.Y. 2008) (holding that the complaint did not suggest that any defendant was deliberately indifferent to the plaintiff's vision problems).

Plaintiff's Eighth Amendment allegations are also subject to dismissal based upon the failure to plead personal involvement on the part of any defendant. It is well settled in this Circuit that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)). Thus, "a Section 1983

Houston v. Collerman, Not Reported in Fed. Supp. (2016)

Case 3:25-cv-00472-AJB-MJK    Document 8    Filed 04/29/25    Page 17 of 104

2016 WL 6267968

plaintiff must 'allege a tangible connection between the acts of the defendant and the injuries suffered.' " *Austin v. Pappas,* No. 04-CV-7263, 2008 W L 857528, at *2 (S.D.N.Y. Mar. 31, 2008) (quoting *Bass v. Jackson,* 790 F.2d 260, 263 (2d Cir. 1986)) (other citation omitted). The complaint lacks any facts suggesting that Copestick, Schieber, or Collerman were involved in plaintiff's medical treatment or refused to allow plaintiff to receive medical attention. In the absence of factual allegations sufficient to plausibly suggest that any defendant was personally involved, the complaint fails to state a cognizable claim against him. Consequently, plaintiff's Eighth Amendment claims for deliberate indifference to plaintiff's medical needs are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim.

### C. First Amendment

#### 1. Retaliation

Plaintiff alleges that Copestick and Schieber assaulted him in retaliation for plaintiff's grievance against them. *See* Compl. at 6,13. To state a claim of retaliation under the First Amendment, a plaintiff must allege facts plausibly suggesting the following: (1) the speech or conduct at issue was "protected;" (2) the defendants took "adverse action" against the plaintiff – namely, action that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights; and (3) there was a causal connection between the protected speech and the adverse action – in other words, that the protected conduct was a "substantial or motivating factor" in the defendant's decision to take action against the plaintiff. *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 287 (1977); *Gill v. Pidlypchak,* 389 F.3d 379, 380 (2d Cir. 2004) (citing *Dawes v. Walker,* 239 F.3d 489, 492 (2d Cir. 2001)). The Second Circuit has stated that courts must approach prisoner retaliation claims "with skepticism and particular care," since "virtually any adverse action taken against a prisoner by a prison official – even those otherwise not rising to the level of a constitutional violation – can be characterized as a constitutionally proscribed retaliatory act." *Dawes,* 239 F.3d at 491, *overruled on other grounds by Swierkiewicz v. Sorema N.A.,* 534 U.S. 506 (2002) (citing *Flaherty v. Coughlin,* 713 F.2d 10, 13 (2d Cir. 1983)); *Franco v. Kelly,* 854 F.2d 584, 590 (2d Cir. 1988).

**\*7** It is well-settled that filing a grievance is constitutionally protected conduct. *Johnson v. Eggersdorf,* 8 Fed.Appx. 140, 144 (2d Cir. 2001); *Graham v. R.J. Henderson,* 89 F.3d 75, 80 (2d Cir. 1996). A plaintiff can establish a causal connection that suggests retaliatory intent by showing that his protected activity was close in time to the complained-of adverse action. *Espinal v. Goord,* 558 F.3d 119, 129 (2d Cir. 2001) (citations omitted). While there is no "bright line" defining the limits of the temporal relationship, courts in the Circuit have held that an adverse action taken within three months after a protected activity can reasonably be perceived as retaliatory. *See Gorman-Bakos v. Cornell Coop. Extn. of Schenectady Cty.,* 252 F.3d 545, 554 (2d Cir. 2001); *see also Ashok v. Barnhart,* No. 01-CV-1311, 289 F.Supp.2d 305, 314 (E.D.N.Y. Oct. 30, 2003) (the interval between a protected activity and an adverse action that results in a finding of retaliation is generally no more than several months).

At this juncture, the Court finds that plaintiff's retaliation claims against Copestick and Schieber survive sua sponte review and require a response. In so ruling, the Court expresses no opinion as to whether these claims can withstand a properly filed motion to dismiss or for summary judgment.

#### 2. Religious Claims

Plaintiff alleges that the defendants violated his religious rights because he was unable to participate in Ramadan and denied his religious meals as a direct result of the false misbehavior report. Dkt. No. 1 at 5-6.

Prisoners have long been understood to retain some measure of the constitutional protection afforded by the First Amendment's Free Exercise Clause. *See Ford v. McGinnis,* 352 F.3d 582, 588 (2d Cir. 2003) (citing *Pell v. Procunier,* 417 U.S. 817, 822 (1974)). "Balanced against the constitutional protections afforded prison inmates, including the right to free exercise of religion, [however,] are the interests of prison officials charged with complex duties arising from administration of the penal system." *Id.* (citing *Benjamin v. Coughlin,* 905 F.2d 571, 574 (2d Cir. 1990)). To state a First Amendment Free Exercise claim, a plaintiff must allege that (1) the practice asserted is religious in the person's scheme of beliefs, and that the belief is sincerely held; (2) the challenged practice of the prison officials infringes upon the religious belief; and (3) the challenged practice of the prison officials furthers some legitimate penological objective. *Farid v. Smith,* 850 F.2d 917, 926 (2d Cir.

Houston v. Collerman, Not Reported in Fed. Supp. (2016)

2016 WL 6267968

1988) (citations omitted). A prisoner "must show at the threshold that the disputed conduct substantially burdens his sincerely held religious beliefs." *Salahuddin v. Goord*, 467 F.3d 263, 274–75 (2d Cir. 2006) (citing *Ford*, 352 F.3d at 591). [8] A religious belief is "sincerely held" when the plaintiff subjectively, sincerely holds a particular belief that is religious in nature. *Ford*, 352 F.3d at 590. A prisoner's sincerely held religious belief is "substantially burdened" where "the state puts substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Jolly v. Coughlin*, 76 F.3d 468, 476–77 (2d Cir. 1996). Once a plaintiff establishes that a sincerely held religious belief has been substantially burdened, "[t]he defendants then bear the relatively limited burden of identifying the legitimate penological interests that justify the impinging conduct; the burden remains with the prisoner to show that these articulated concerns were irrational." *Salahuddin*, 467 F.3d at 275 (quoting *Ford*, 352 F.3d at 595) (punctuation omitted).

[8]     The Second Circuit has yet to decide whether the "substantial burden" test survived the Supreme Court's decision in *Emp't Div. v. Smith*, 494 U.S 872, 887 (1990), in which the Court suggested that application of the test "puts courts in 'the unacceptable business of evaluating the relative merits of differing religious claims.'" *Ford*, 352 F.3d at 592 (quoting *Emp't Div.*, 494 U.S. at 887); *see also Williams v. Does*, 639 Fed.Appx. 55, 56 (2d Cir. May 6, 2016) ("We have not yet decided whether a prisoner asserting a free-exercise claim must, as a threshold requirement, show that the disputed conduct substantially burdened his sincerely held religious beliefs."); *Holland v. Goord*, 758 F.3d 215, 220-21 (2d Cir. 2014) (declining to decide whether a prisoner must show, as a threshold matter, that the defendants' conduct substantially burdened his sincerely held religious beliefs in connection with a First Amendment free exercise claim). In the absence of any controlling precedent to the contrary, I have applied the substantial-burden test in this matter.

**\*8** In this case, plaintiff has not alleged who issued the misbehavior report and it is not attached to the complaint. An inmate "has no general constitutional right to be free from being falsely accused in a misbehavior report." *Boddie v. Schneider*, 105 F.3d 857, 862 (2d Cir. 1997). While a false misbehavior report may give rise to a claim under § 1983 "when done in retaliation for the exercise of a

constitutional right," *Willey v. Kirkpatrick*, 801 F.3d 51, 63 (2d Cir. 2015), here there is no such allegation. While the deprivation of religious meals in SHU may be sufficient to state a claim, *see Williams v. Does*, 639 Fed.Appx. 55, 56 (2d Cir. 2016); *Skates v. Shusda*, No. 9:14-CV-1092 (TJM/ DEP), 2016 WL 3882530, at **4-5 (N.D.N.Y. May 31, 2016), here there is no indication that the defendants had any personal involvement in that conduct. The allegations, without more, fail to plausibly suggest that any defendant burdened plaintiff's right to freely practice his religion. Thus, plaintiff's First Amendment claims against are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### D. Fourteenth Amendment

#### 1. Equal Protection/Discrimination

Plaintiff claims that the September 30, 2013 assault was racially motivated. *See* Compl. at 6, 12. "When verbal harassment and simultaneous physical abuse ... are considered together, [courts] have little doubt concluding that plaintiff's allegations [are] sufficient to state a § 1983 claim for discrimination on the basis of race. *Cole v. Fischer*, 379 Fed.Appx. 40, 43 (2d Cir. 2010). "Under the Fourteenth Amendment's Equal Protection clause, a plaintiff may be able to recover for a physical assault that would not meet the objective threshold for Eighth Amendment excessive force claims, if the defendant's conduct was motivated by racial or religious discrimination." *Bhuiyan v. Wright*, No. 9:06-CV-409 ATB, 2011 WL 1870235, at *9 (N.D.N.Y. May 13, 2011) (citation omitted).

At this juncture, plaintiff has sufficiently plead a Fourteenth Amendment equal protection claim to warrant a response from Copestick and Schieber. In so ruling, the Court expresses no opinion as to whether these claims can withstand a properly filed motion to dismiss or for summary judgment.

#### 2. Due Process

Plaintiff claims that defendants violated his due process rights when they failed to replace plaintiff's eyeglasses. *See* Compl. at 10. Plaintiff also asserts that his Fourteenth Amendment rights were violated because he was improperly confined to the SHU without a hearing as a result of a

Case 3:25-cv-00472-AJB-MJK    Document 8    Filed 04/29/25    Page 19 of 104

Houston v. Collerman, Not Reported in Fed. Supp. (2016)

2016 WL 6267968

false misbehavior report. *See id.* at 10. During his SHU confinement, was allegedly unable to participate in Ramadan, denied his religious meals, denied parole, and excluded from mental health programs. *See id.*

### a. Property Claim

The Supreme Court has held that the negligent or intentional deprivation of prisoner's property may not be the basis for constitutional claims if sufficient post deprivation remedies are available to address the claim. *Hudson v. Palmer*, 468 U.S. 517, 531 (1984) (citing *Parratt v. Taylor*, 451 U.S. 527, 541 (1981)); *Davis v. New York*, 311 Fed.Appx. 397, 400 (2d Cir. 2009) (An alleged loss of property, "whether intentional or negligent – will not support a due process claim redressable under § 1983 if 'adequate state post-deprivation remedies are available.' ") (quoting *Hudson*, 468 U.S. 533). "New York in fact affords an adequate post-deprivation remedy in the form of, *inter alia*, a Court of Claims action." *Jackson v. Burke*, 256 F.3d 93, 96 (2d Cir. 2001). Because plaintiff has access to adequate state law remedies, he has not been deprived of property without due process of law and therefore cannot state a claim for relief pursuant to Section 1983. *See Love v. Coughlin*, 714 F.2d 207, 208-09 (2d Cir. 1983) (per curiam); *see also Aziz Zarif Shabazz v. Pico*, 994 F.Supp. 360, 473-74 (S.D.N.Y. 1998) (dismissing the plaintiff's claim that defendants destroyed his eyeglasses in violation of his due process rights). Thus, plaintiff's due process claims related to his eyeglasses are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### b. SHU Confinement

**\*9** To establish a due process claim, plaintiff must establish: "(1) that he possessed a liberty interest and (2) that the defendant(s) deprived him of that interest as a result of insufficient process." *Giano v. Selsky*, 238 F.3d 223, 225 (2d Cir. 2001) (citation and internal quotation marks omitted). In this case plaintiff alleges that the false misbehavior report resulted in a SHU sentence.[9]

[9]      The complaint contains conflicting factual allegations related to the length of plaintiff's SHU confinement. Plaintiff claims that after "one month of being housed in SHU," he was released. *See*

Compl. at 5. In the Third Cause of Action, plaintiff claims that he served "over 60 days in SHU." *See id.* at 9.

A prisoner "has a liberty interest that is implicated by SHU confinement if it 'imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.' " *J.S. v. T'Kach*, 714 F.3d 99, 106 (2d Cir. 2013) (quoting *Sandin v. Conner*, 515 U.S. 472, 484, (1995)); *see also Palmer v. Richards*, 364 F.3d 60, 64 (2d Cir. 2004). In making this determination courts are to consider, "among other things, the duration and conditions of confinement." *J.S.*, 714 F.3d at 106; *Davis v. Barrett*, 576 F.3d 129, 133 (2d Cir. 2009). The conditions of confinement are to be considered "in comparison to the hardships endured by prisoners in general population, as well as prisoners in administrative and protective confinement, assuming such confinements are imposed in the ordinary course of prison administration." *Davis*, 576 F.3d at 134; *Palmer*, 364 F.3d at 66 n.4.

Although the Second Circuit has "explicitly avoided" creating "a bright line rule that a certain period of SHU confinement automatically fails to implicate due process rights," the Court has established guidelines. *Palmer*, 364 F.3d at 65. Where the plaintiff is confined for "an intermediate duration –between 101 and 305 days – 'development of a detailed record' of the conditions of the confinement relative to ordinary prison conditions is required.' " *Id.* (quoting *Colon v. Howard*, 215 F.3d 227, 234 (2d Cir. 2000)). While confinements for less than 101 days "under normal SHU conditions may not implicate a prisoner's liberty interest," such confinements "could constitute atypical and significant hardships if the conditions were more severe than the normal SHU conditions of *Sealy* or a more fully developed record showed that even relatively brief confinements under normal SHU conditions were, in fact, atypical." *Palmer*, 364 F.3d at 65; *see Davis*, 576 F.3d at 133.[10]

[10]      The Second Circuit has noted that "[i]n the absence of a detailed factual record, we have affirmed dismissal of due process claims only in cases where the period of time spent in SHU was exceedingly short –less than the 30 days that the *Sandin* plaintiff spent in SHU—and there was no indication that the plaintiff endured unusual SHU conditions." *Palmer*, 364 F.3d at 65-66; *see Davis*, 576 F.3d at 133. Absent allegations in the complaint that the conditions of confinement were in some way

Case 3:25-cv-00472-AJB-MJK    Document 8    Filed 04/29/25    Page 20 of 104

Houston v. Collerman, Not Reported in Fed. Supp. (2016)

2016 WL 6267968

atypical, however, many courts in this Circuit have granted motions to dismiss claims by plaintiffs with confinement exceeding thirty days when the plaintiffs failed to allege that the conditions of confinement were in some way atypical. *See, e.g., Acevedo v. Fischer*, No. 12-CV-6866, 2014 WL 5015470 at \*15 (S.D.N.Y. Sept. 29, 2014) (citing cases involving confinements of between forty and fifty days which were dismissed for failure to allege a protected liberty interest because there were no allegations of unusual confinement).

**\*10** In this case, the duration of the confinement, 30 to 60 days, "was not long enough to constitute an atypical and significant deprivation by itself," and the Court therefore must "look to the conditions of confinement." *Palmer*, 364 F.3d at 66; *see also Davis*, 576 F.3d at 133. Plaintiff claims that while he was confined in the SHU, he was unable to participate in Ramadan, denied his religious meals, denied parole, and excluded from his mental health program. *See* Compl. at 5, 10; Dkt. No. 1-1 at 1.

It is well established that prisoners do not have a constitutional right to parole. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). "Where a state has created a statutory scheme for parole, the Due Process Clause protects prisoners insofar as they 'have a legitimate expectancy of release that is grounded in the state's statutory scheme.' " *Barna v. Travis*, 239 F.3d 169, 170–72 (2d Cir. 2001) (per curiam) (citing *Greenholtz*, 442 U.S. at 11–13). "New York's parole scheme is not one that creates in any prisoner a legitimate expectancy of release." *Barna*, 239 F.3d at 171. Plaintiff has also failed to plead that his inability to participate in mental health programs impacted a protected liberty interest. *See Nieves v. Prack*, No. 6:15-CV-6101, 2016 WL 1165820, at \*4 (W.D.N.Y. March 24, 2016) ("[Plaintiff's] claim that his inability ... to participate in various educational, vocational, rehabilitative or self-help programs might have hindered his ability to receive an early parole or release is ... speculative and fails to allege interference with a protected liberty interest.") (citations omitted). Here, the complaint lacks facts establishing when, how many times, and who deprived plaintiff of the right to attend his mental health program. With respect to plaintiff's religious claims, courts have found that the deprivation of communal religious services does not constitute an atypical and significant hardship. *See Arce v. Walker*, 139 F.3d 329, 336 (2d Cir. 1998) (finding that eighteen days in administrative segregation, including loss of exercise and access to religious services, did not constitute atypical and significant hardship); *Holland v.*

*Goord*, No. 05-CV-6295, 2006 WL 1983382, at \*7 (W.D.N.Y. July 13, 2006) (holding the inability to attend Muslim services and celebrate the end of Ramadan while confined in the SHU for seventy-seven days is not an atypical hardship).

Even assuming that plaintiff had pled facts sufficient to show that his confinement imposed an atypical and significant hardship, however, and therefore pled the existence of a valid liberty interest, the complaint fails to state a claim based upon the Fourteenth Amendment and due process. It is well settled that "a prison inmate has no general constitutional right to be free from being falsely accused in a misbehavior report." *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997) (citing *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986)). In this case, a hearing regarding the charges was held within two days of plaintiff's receipt of the misbehavior report. Plaintiff does not allege that he was denied any procedural due process during that hearing. Moreover, the complaint lacks facts suggesting that any named defendant issued the misbehavior report or presided over the disciplinary hearings. Based upon the aforementioned, plaintiff's Fourteenth Amendment claims are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted. *See Livingston v. Kelly*, 561 F.Supp.2d 329, 332 (W.D.N.Y. 2008) (dismissing plaintiff's false-report claims because the plaintiff failed to allege that the disciplinary hearings on the reports did not meet constitutional due process standards).

### E. Failure to Respond to Grievances and Failure to Investigate

**\*11** Plaintiff also claims that his constitutional rights were violated because the facility grievance program is "never followed." *See* Compl. at 11. There is no constitutional right of access to the established inmate grievance program. *Davis v. Buffardi*, No. 9:01-CV-0285 (PAM/GJD), 2005 WL 1174088, at \*3 (N.D.N.Y. May 4, 2005) ("[p]articipation in an inmate grievance process is not a constitutionally protected right"); *Shell v. Brzezniak*, 365 F.Supp.2d 362, 369-70 (W.D.N.Y. 2005) ("[i]nmate grievance programs created by state law are not required by the Constitution and consequently allegations that prison officials violated those procedures does not give rise to a cognizable § 1983 claim"); *Cancel v. Goord*, No. 00. Civ. 2042, 2001 WL 303713, at \*3 (S.D.N.Y. Mar. 29, 2001) ("inmate grievance procedures are not required by the Constitution and therefore a violation of such procedures does not give rise to a claim under § 1983"); *Mimms v. Carr*, No. 09-CV-5740, 2011 WL 2360059, at \*10 (E.D.N.Y. June 9, 2011) ("It is well-established that

Case 3:25-cv-00472-AJB-MJK    Document 8    Filed 04/29/25    Page 21 of 104

Houston v. Collerman, Not Reported in Fed. Supp. (2016)
2016 WL 6267968

prison grievance procedures do not create a due-process-protected liberty interest.") (citing cases). Simply stated, there is no underlying constitutional obligation to afford an inmate meaningful access to the internal grievance procedure, or to investigate and properly determine any such grievance.

To the extent that plaintiff attempts to assert a separate constitutional claim based upon the Inspector General's failure to investigate, the law is also clear that inmates do not enjoy a constitutional right to an investigation of any kind by government officials. *Bernstein v. New York*, 591 F.Supp.2d 448, 460 (S.D.N.Y. 2008) (collecting cases); *Torres v. Mazzuca*, 246 F.Supp.2d 334, 341-42 (S.D.N.Y. 2003) (Prisoners do not have a due process right to a thorough investigation of grievances.); *DeShaney v. Winnebego Soc. Servs.*, 489 U.S. 189, 196 (1989) (The Due Process Clause confers no right to governmental aid, even where that aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual); *Pine v. Seally*, No. 9:09-CV-1198, 2011 W L 856426, at *9 (N.D.N.Y. Feb. 4, 2011) ("the law is ... clear that inmates do not enjoy a constitutional right to an investigation of any kind by government officials") (citing *Bernstein*, 591 F.Supp.2d at 460).

In this regard, plaintiff's claims do not involve a constitutional violation and are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### F. Cause of Action for Criminal Charges/Perjury

"New York does not recognize a common law cause of action for [...] perjury." *Harris v. Summers*, No. 5:14-CV-0013 (LEK/DEP), 2014 W L 1340032, at *5 (N.D.N.Y. Apr. 3, 2014) (citing *Carvel v. Ross*, No. 12-CV-0722, 2011 W L 856283, at *12 (S.D.N.Y. Feb. 16, 2011) (dismissing the plaintiff's perjury claim because "there [is] no private right of action" for perjury)). Moreover, plaintiff's claim is not actionable because it is well-settled that a private citizen does not have a constitutional right to bring a criminal complaint against another individual. *Harper v. New York Child Welfare Comm'rs*, No. 3:12-CV-0646 (NAM/DEP), 2012 WL 3115975, at *4 (N.D.N.Y. May 14, 2012) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)). Consequently, plaintiff's request to charge defendants with "perjury" is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).

### G. Injunctive Relief Against DOCCS

Plaintiff demands injunctive relief directing DOCCS to require "each officer" to wear body cameras to prevent future assaults and other related injunctive relief. *See* Compl. at 10-12. Plaintiff is presently confined at Mid-State C.F. and therefore, plaintiff's request for injunctive relief involving changes to the operation of security at Elmira C.F., is dismissed as moot. *See Edwards v. Horn*, No. 10 Civ. 6194, 2012 WL 760172, at *23 (S.D.N.Y. March 8, 2012) (dismissing the plaintiff's claim for injunctive relief because the plaintiff had been released from prison).

**\*12** Even assuming plaintiff's request is broader and intended to encompass all DOCCS facilities, the request is nonetheless improper and subject to dismissal. The PLRA provides "[p]rospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of the particular plaintiff." 18 U.S.C. § 3626(a)(1)(A). "[A] proposed order directing the installation of securities cameras – is beyond the narrow scope permitted by the PLRA." *Barrington v. New York*, 806 F.Supp.2d 730, 750 (S.D.N.Y. 2011) (dismissing the plaintiff's request for injunctive relief seeking an order directing Green Haven to install security cameras as overly broad and unnecessary to correct the alleged past violations of his rights). Accordingly, plaintiff's request for injunctive relief is dismissed.

### VI. Conclusion

**ORDERED** that plaintiff's in forma pauperis application (Dkt. No. 2) is **GRANTED**; [11] and it is further

[11]   Plaintiff should note that, although the Court has granted his application to proceed in forma pauperis, he will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

**ORDERED** that the Clerk provide the Superintendent of the facility, designated by plaintiff as his current location, with a copy of plaintiff's authorization form, and notify the official that this action has been filed and that plaintiff is required to pay the entire statutory filing fee of $350.00 pursuant to 28 U.S.C. § 1915; and it is further

**ORDERED** that the Clerk of the Court provide a copy of plaintiff's inmate authorization form to the Financial Deputy of the Clerk's Office; and it is further

Case 3:25-cv-00472-AJB-MJK    Document 8    Filed 04/29/25    Page 22 of 104

Houston v. Collerman, Not Reported in Fed. Supp. (2016)

2016 WL 6267968

**ORDERED** that the following claims are **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted: (1) plaintiff's § 1983 claims for monetary damages against DOCCS; (2) constitutional claims based upon the failure to adhere to the grievance policy and investigate; and (3) plaintiff's claims related to perjury and filing criminal charges against defendants; and it is further

**ORDERED** that the following claims are **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted: (1) Eighth Amendment claims against defendants for deliberate indifference to plaintiff's serious medical needs; (2) First Amendment freedom of religion claims; (3) Fourteenth Amendment due process claims; and (4) claims for injunctive relief against DOCCS [12]; and it is further

[12]    If plaintiff wishes to pursue any claim dismissed without prejudice, he is advised to that, if accepted for filing, any amended complaint will entirely replace the original complaint and incorporation of prior claims is not permitted.

**ORDERED** that DOCCS is **DISMISSED** as a defendant herein; and it is further

**ORDERED** that the following claims survive the Court's sua sponte review under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) and require a response: (1) the Eighth Amendment use of excessive force claims against defendants Copestick and Schieber; (2) the Eighth Amendment failure-to-intervene claim against defendant Collerman; (3) the First Amendment retaliation claims against defendants Copestick and Schieber; and (3) the Fourteenth Amendment equal protection claims against Copestick and Schieber; and it is further

**ORDERED**, that the Clerk shall issue summons and forward them, along with copies of the Complaint, to the United States Marshal for service upon the remaining defendants. The Clerk shall forward a copy of the Summons and Complaint to the Office of the New York State Attorney General, together with a copy of this Decision and Order; and it is further

**\*13 ORDERED**, that a response to the complaint be filed by the remaining defendants, or their counsel, as provided for in the Federal Rules of Civil Procedure;

**ORDERED**, that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. **Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of same was served on all opposing parties or their counsel. Any document received by the Clerk or the Court which does not include a proper certificate of service will be stricken from the docket.** Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions. **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; their failure to do so will result in the dismissal of his action**; and it is further

**ORDERED**, in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009), the Clerk of the Court is directed to provide plaintiff with copies of opinions from Westlaw and the Federal Appendix cited in this Decision and Order; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on plaintiff in accordance with the Local Rules.

Dated: October 26, 2016.

**All Citations**

Not Reported in Fed. Supp., 2016 WL 6267968

---

**End of Document**                                    © 2025 Thomson Reuters. No claim to original U.S. Government Works.

**Filings (1)**

| Title | PDF | Court | Date | Type |
|---|---|---|---|---|
| **1.  Docket 9:16-CV-01009**<br>Houston v. Collman et al | — | N.D.N.Y. | Aug. 15, 2016 | Docket |

**History**

There are no History results for this citation.

WESTLAW    © 2025 Thomson Reuters. No claim to original U.S. Government Works.

McKie v. Kornegay, Not Reported in Fed. Rptr. (2022)

2022 WL 4241355

2022 WL 4241355
Only the Westlaw citation is currently available.
United States Court of Appeals, Second Circuit.

Christopher MCKIE, Plaintiff-Appellant,

v.

Charles KORNEGAY, Irene

Kornegay, Defendants-Appellees. [1]

[1]   The Clerk of Court is respectfully directed to amend the caption as set forth above.

21-1943
|
September 15, 2022

Appeal from a judgment of the United States District Court for the Eastern District of New York (Matsumoto, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED IN PART** and **AFFIRMED IN PART,** and the appeal is **DISMISSED IN PART**.

**Attorneys and Law Firms**

For Plaintiff-Appellant: Christopher McKie, pro se, Brooklyn, New York.

For Defendants-Appellees: William V. DeCandido, William V. DeCandido, PC, Forest Hills, New York.

Present: Debra Ann Livingston, Chief Judge, Barrington D. Parker, Eunice C. Lee, Circuit Judges.

## SUMMARY ORDER

**\*1** Appellant Christopher McKie, proceeding pro se, appeals from the August 2, 2021 order of the United States District Court for the Eastern District of New York (Matsumoto, *J.*), dismissing his claims with prejudice. McKie brought claims against the estate of Doris Dickinson, Charles Kornegay ("Charles") in his official capacity as administrator of the estate and in his individual capacity, and Irene Kornegay ("Irene"), asserting common law tort and contract claims premised on McKie's allegation that he was entitled to estate assets. The district court found that it lacked subject matter

jurisdiction because the parties were not diverse, that it would also lack subject matter jurisdiction over many claims under the probate exception to federal diversity jurisdiction, and that the complaint in any event failed to state a claim. For the following reasons, the judgment of the district court is **VACATED IN PART** and **AFFIRMED IN PART,** and the appeal is **DISMISSED IN PART**. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, which we reference here only as necessary to explain our decision.

## I. Subject Matter Jurisdiction

On appeal from a dismissal for lack of subject matter jurisdiction, we review the district court's factual findings for clear error and its legal conclusions *de novo. Makarova v. United States,* 201 F.3d 110, 113 (2d Cir. 2000). We "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend,* 559 U.S. 77, 94 (2010). Federal subject matter jurisdiction is available when a federal question is presented, or when the parties are diverse and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332.

McKie's complaint cites the statutes for both federal question and diversity jurisdiction. [2] However, McKie's brief does not identify any basis for federal question jurisdiction, and none is apparent—McKie's causes of action are state law tort and contract claims.

[2]   On appeal, McKie also argues that the district court should have considered whether jurisdiction existed under 28 U.S.C. §§ 1335 and 1343(a), but he fails to explain how either statute is applicable to this case. *See* 28 U.S.C. §§ 1343(a), 1335 (jurisdiction over certain civil rights and interpleader actions).

Diversity jurisdiction requires that the case be between "citizens of different States," 28 U.S.C. § 1332(a)(1), meaning "that there must be complete diversity, *i.e.,* that each plaintiff's citizenship must be different from the citizenship of each defendant," *Hallingby v. Hallingby,* 574 F.3d 51, 56 (2d Cir. 2009). "An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile." *Van Buskirk v. United Grp. of Cos., Inc.,* 935 F.3d 49, 53 (2d Cir. 2019) (quotation marks and citations omitted). The diversity statute specifies that "the legal representative of the estate of a

McKie v. Kornegay, Not Reported in Fed. Rptr. (2022)
Case 3:25-cv-00472-AJB-MJK     Document 8     Filed 04/29/25     Page 27 of 104
2022 WL 4241355

decedent shall be deemed to be a citizen only of the same State as the decedent." 28 U.S.C. § 1332(c)(2). The citizenship of the estate itself is, likewise, established by the citizenship of the decedent. *See Moore v. N. Am. Sports, Inc.*, 623 F.3d 1325, 1327 n.2 (11th Cir. 2010) (citing § 1332(c)(2)).

**\*2**  McKie does not dispute that he is domiciled in New York, nor that Dickinson was domiciled in New York when she died. Instead, he argues that the district court overlooked that he also sued Irene and Charles, both South Carolina residents, individually. However, because McKie shared citizenship with any of the defendants, the district court lacked subject matter jurisdiction. *See Hallingby*, 574 F.3d at 56.

Having properly concluded that it lacked subject matter jurisdiction, the district court proceeded to consider the merits and dismiss the complaint with prejudice for failure to state a claim. That was error. A dismissal for lack of subject matter jurisdiction must be without prejudice, because "without jurisdiction, the district court lacks the power to adjudicate the merits of the case." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 54–55 (2d Cir. 2016). Accordingly, the district court's dismissal with prejudice of claims over which it found it lacked subject matter jurisdiction must be vacated.

Nevertheless, since the district court has already issued a final judgment over the remaining claims, we cure part of the jurisdictional defect here in the interest of finality, efficiency, and economy. *See United Republic Ins. Co., in Receivership v. Chase Manhattan Bank*, 315 F.3d 168, 170 (2d Cir. 2003) ("Once a district court has proceeded to final judgment, considerations of finality, efficiency, and economy become overwhelming, and federal courts must salvage jurisdiction where possible." (quotation marks and citations omitted)). To salvage jurisdiction, we dismiss the nondiverse defendants (i.e., the estate and Charles in his official capacity as administrator). *See* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party."); *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 837 (1989) (recognizing that "courts of appeals have the authority to dismiss a dispensable nondiverse party" under Rule 21); *E.R. Squibb & Sons, Inc. v. Lloyd's & Cos.*, 241 F.3d 154, 163 (2d Cir. 2001) ("[W]here a change in parties, necessary to the existence of jurisdiction, is appropriate and is made (even on or after appeal), appellate courts have acted as if the trial court had jurisdiction from the beginning of the litigation.").

To the extent that McKie seeks damages from Charles and Irene for their personal tortious conduct, the estate and its administrator are not necessary because the case can proceed "in equity and good conscience" without them. Fed. R. Civ. P. 19(b). The Supreme Court has cautioned that the appellate courts' authority to dismiss parties "should be exercised sparingly," and that remand may be required to resolve factual disputes as to whether the dismissal of a nondiverse party will prejudice other parties. *Newman-Green*, 490 U.S. at 837. Here, Charles and Irene will only benefit from the finality of a dismissal with prejudice, and McKie and the nondiverse defendants would be in the same position whether those defendants are severed from this case or this case is dismissed in its entirety without prejudice.

Still, we agree with the district court that the probate exception to diversity jurisdiction bars some of McKie's claims against Irene and Charles in their individual capacities. Under the probate exception, a federal court cannot exercise diversity jurisdiction over a complaint that seeks to (1) "administer an estate, probate a will, or do any other purely probate matter" or (2) "to reach a res in the custody of a state court." *Lefkowitz v. Bank of N.Y.*, 528 F.3d 102, 106 (2d Cir. 2007) (quotation marks, alterations, and emphasis omitted). The exception does not apply to actions that "seek[ ] damages from Defendants personally rather than assets or distributions from [the] estate," even if they are "intertwine[d]" with a probate action. *Id.* at 107–08. We agree with the district court's analysis that McKie's claims for breach of fiduciary duty, aiding and abetting breach of fiduciary duty, conversion, unjust enrichment, quantum meruit, and indebitatus assumpsit are barred by the probate exception because they essentially "seek[ ] to mask in claims for federal relief ... complaints about the maladministration of [the estate]" and "[t]o provide the relief Plaintiff seeks ... the federal court would have to assert control over property that remains under the control of the state courts." *Id.* at 107. However, the probate exception does not bar McKie's claims for fraudulent misrepresentation, fraudulent concealment, and tortious interference, which seek compensatory and punitive damages from Charles and Irene in their individual capacities.

**\*3**  We therefore dismiss the estate and Charles in his official capacity from this action and proceed to consider the merits of the remaining claims against Charles and Irene in their individual capacities.

McKie v. Kornegay, Not Reported in Fed. Rptr. (2022)
2022 WL 4241355

## II. Merits

"We review a district court's grant of a motion to dismiss *de novo*, accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor." *Altimeo Asset Mgmt. v. Qihoo 360 Tech. Co.*, 19 F.4th 145, 147 (2d Cir. 2021) (quotation marks and citation omitted). Upon review of the record and relevant case law, we conclude that the district court's dismissal with prejudice of the remaining claims was correct. We affirm for substantially the same reasons stated by the district court in its August 2, 2021 memorandum and order, where it considered McKie's claims for fraudulent misrepresentation, fraudulent concealment, and tortious interference.

## III. Denial of Leave to Amend

Finally, the district court did not err in denying leave to amend. We review such denials for abuse of discretion, unless the denial is "based on an interpretation of law." *Allen v. Credit Suisse Sec. (USA) LLC*, 895 F.3d 214, 227 (2d Cir. 2018) (quotation marks and citation omitted). A district court generally should not dismiss a pro se complaint without granting at least one opportunity to amend, but amendment should be denied where the complaint gives no "indication

that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

McKie does not explicitly challenge the denial of leave to amend in his appellate brief, but he does argue that the district court erred in denying a claim for an accounting, which he had identified as a claim that might be raised in an amended complaint. Such a claim relates to the estate and its administrator, and raising it would destroy the federal courts' diversity jurisdiction.

\* \* \*

Accordingly, the district court's dismissal with prejudice is **VACATED** in part and we **DISMISS**, without prejudice, all claims against the estate of Doris Dickinson and its administrator in his official capacity and all claims against Charles and Irene Kornegay that fall under the probate exception. As to the remaining claims against Charles and Irene Kornegay in their individual capacities, we have considered all of McKie's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court in remaining part to dismiss those claims with prejudice.

### All Citations

Not Reported in Fed. Rptr., 2022 WL 4241355

---

**End of Document**    © 2025 Thomson Reuters. No claim to original U.S. Government Works.

**Filings (4)**

| Title | PDF | Court | Date | Type |
|---|---|---|---|---|
| **1. Brief for Defendants-Appellees**<br>Christopher MCKIE, Plaintiff-Appellant, v. The Estate of Doris DICKINSON, Charles Kornegay, Administrator of the Estate of Doris Dickinson, Jane Doe, Defendants-Appellees.<br>2022 WL 510222 |  | C.A.2 | Feb. 14, 2022 | Brief |
| **2. Plaintiff's Sur-Reply to Defendants' Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss Pursuant to Rule 12(h)(6)**<br>Christopher MCKIE, Plaintiff, v. The Estate of Doris DICKINSON, et al., Defendant-Appellant.<br>2020 WL 13553664 | — | E.D.N.Y. | Dec. 22, 2020 | Motion |
| **3. Docket 21-1943**<br>McKie v. The Estate Of Doris Dickinson | — | C.A.2 | Aug. 05, 2021 | Docket |
| **4. Docket 1:20-CV-02973**<br>McKie v. The Estate of Doris Dickinson | — | E.D.N.Y. | July 01, 2020 | Docket |

**History (2)**

**Direct History (2)**

🚩 1.  McKie v. Estate of Dickinson
2021 WL 3292516 , E.D.N.Y. , Aug. 02, 2021

*Affirmed in Part, Vacated in Part by*

2.  McKie v. Kornegay
2022 WL 4241355 , 2nd Cir.(N.Y.) , Sep. 15, 2022

WESTLAW    © 2025 Thomson Reuters. No claim to original U.S. Government Works.

2024 WL 4870495
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Matthew H. COLE, Plaintiff,
v.
Honorable Michael W. SMRTIC, et al. Defendants.

No. 1:24-CV-00847 (MAD/CFH)
|
Signed November 21, 2024

**Attorneys and Law Firms**

MATTHEW H. COLE, 271 Market Street, Amsterdam, New York 12010, Plaintiff pro se

**REPORT-RECOMMENDATION & ORDER**

CHRISTIAN F. HUMMEL, United States Magistrate Judge

**I. In Forma Pauperis**

**\*1** Plaintiff pro se Matthew H. Cole ("plaintiff") commenced this action (No. 1:24-CV-00623) on May 6, 2024, by filing a complaint. See Dkt. No. 1 ("Compl."). On September 26, 2024, plaintiff submitted what the Court construes to be a supplement to the complaint. [1] See Dkt. No. 7. In lieu of paying this Court's filing fees, he submitted an application for leave to proceed in forma pauperis ("IFP"). See Dkt. No. 2. The undersigned has reviewed plaintiff's IFP application and determines that he financially qualifies to proceed IFP. [2] Thus, the Court proceeds to its review of the complaint pursuant to 28 U.S.C. § 1915. Plaintiff has also submitted for the Court's review a Pro Se Application for Permission to File Electronically and a Motion to Appoint Counsel. See Dkt. Nos. 4, 5.

[1] The submission includes a letter addressed to District Judge D'Agostino, titled, "Requirements for Cases Removed From State Court," Dkt. No. 7; a receipt from Montgomery County Clerk dated December 8, 2022; and a "Notice of Claim" with the caption of Cole v. County of Montgomery, dated December 7, 2022. See Dkt. No. 7. The undersigned has reviewed this submission in connection with the initial review of plaintiff's

complaint. See Sira v. Morton, 380 F. 3d 57, 67 (2d Cir. 2004).

[2] Plaintiff is advised that, although he has been granted IFP status, he is still required to pay all fees and costs he may incur in this action, including, but not limited to, copying fees, transcript fees, and witness fees.

**II. Initial Review**

**A. Legal Standards**

Section 1915 of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that ... the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Where, as here, the plaintiff proceeds pro se, "the court must construe his submissions liberally and interpret them to raise the strongest arguments that they suggest." Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (internal quotation marks omitted); see also Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994). As the Second Circuit stated,

There are many cases in which we have said that a pro se litigant is entitled to "special solicitude," that a pro se litigant's submissions must be construed "liberally," and that such submissions must be read to raise the strongest arguments that they "suggest[.]" At the same time, our cases have also indicated that we cannot read into pro se submissions claims that are not "consistent" with the pro se litigant's allegations, or arguments that the submissions themselves do not "suggest," that we should not "excuse frivolous or vexatious filings by pro se litigants," and that pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law[.]"

**\*2** Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006) (citations and footnote omitted); see also Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191-92 (2d Cir. 2008).

"The [Second Circuit]'s 'special solicitude' for pro se pleadings has its limits, because pro se pleadings still must comply with ... the Federal Rules of Civil Procedure [('Fed. R. Civ. P.')]." Kastner v. Tri State Eye, No. 19-CV-10668 (CM), 2019 WL 6841952, at *2 (S.D.N.Y. Dec. 13, 2019) (quoting Ruotolo v. IRS, 28 F.3d 6, 8 (2d Cir. 1994)). Pleading guidelines are provided in the Federal Rules of Civil Procedure. Specifically, Rule 8 requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction ...;

> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

> (3) a demand for the relief sought...

FED. R. CIV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d). "The purpose ... is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. Sheehy v. Brown, 335 F. App'x 102, 104 (2d Cir. 2009) (summary order).

Further, Fed. R. Civ. P. 10 provides:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b). This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted). A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of a defendant's duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative ... to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal ... is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted).

**\*3** This Court also has an overarching obligation to determine that a claim is not legally frivolous before permitting a pro se plaintiff's complaint to proceed. See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp., 221 F.3d 362, 363 (2d Cir. 2000). "Legal frivolity ... occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.' " Aguilar v. United States, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) [3] (quoting Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998)); see also Neitzke v. Williams, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory ... or factual contentions lack an arguable basis.").

[3]     Any unpublished cases cited within this Report-Recommendation & Order have been provided to plaintiff.

### B. Complaint

Plaintiff's civil cover sheet indicates that he seeks to bring this action pursuant to "Title U.S.C. 18 Section 241, Conspiracy Against Rights & Title U.S.C. 18 Section 242 Deprivation of rights Under Color of Law." Dkt. No. 1-1 at 1. The civil cover sheet further provides that his cause of action involves, "Violation of Due process, Speedy Trial Rights, Ineffective Assistance of Counsel. I feel I am being targeted for being black and gay." Id.

Plaintiff's form complaint checks the box indicating that he seeks to bring this case pursuant to 42 U.S.C. § 1983.

See Compl. at 3. In response to the question in the form complaint asking in "what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials," plaintiff responds, "Due Process, 30.30 Speedy Trial Violation, Ineffective Assistance of counsel." [4] Id. In response to a question asking him to explain "how each defendant acted under color of state or local law," plaintiff states "Each judge deliberately denied me due process, and refused to look into the paperwork to see that i was improperly denied my speedy trial rights. It was a tean [sic] effort. The ADA/Special Prosecutor withheld potential exculpatory material which was usd [sic] against me. All mentioned actions were done and upheld even after I showed federal law with supportive case law as a pro se litigant." Id.

[4]     Although plaintiff generally references ineffective assistance of counsel, Compl. at 4, he does not name any attorney who may have represented him. Any claims against the prosecutor would not be considered ineffective assistance of counsel because Mr. Maxwell, as the prosecutor, was not plaintiff's attorney.

Plaintiff provides that his "case is still on appeakl [sic] in Appellate Court Third Department. I feel they are guilty, or part of what I call a scandal. I went to them from the very start with a complaint to the grievance committee, where they denied any wrongdoing. It must be ok to violate Constitutional rights there. This is from March 2019 to present" Id.

In response to a question that asks plaintiff to state the facts underlying his claims, plaintiff states, "Please see attached Article 78 that is attached. It was dismissed being in the wrong court, but is on point." Id. at 4. Plaintiff did not provide the Court with any such attachment and has not submitted any Article 78 materials. See Compl., Dkt. No. 7.

In response to the form complaint's question asking about any injuries suffered as a result of the conduct he complains of, plaintiff states, "Sever [sic] depression over 20 years, irreperable [sic] harm, defamation of charcter [sic] by arguments not legally allowed to give. Loss of income, inability to gain and keep employment, mental trauma, instilled disbelief in justice in the legal system, familial traumam [sic] due to my legal battles." Id. Indicating the relief sought, plaintiff states

**\*4** Petitioner seeks reinstatement of driving priveldges [sic], and 10 million dollars for damages caused by conflict of interest, deliberate violation of Due Process, Speedy Trial rights, Ineffective assistance of counsel, malice, Brady Violation, Petitioner claims deliberate misconduct and malice in Montgomery County Court, the Saratoga Disrict Attorney's Office, and the Supreme Court Appellate Division Third department. \*\* This is subject to change if an attorney agrees to represent.

Compl. at 5. Although he typed his name, plaintiff does not sign the complaint where a signature is indicated. See id. at 8.

Plaintiff provides in his supplement that he "removed this action to district court asserting jurisdiction pursuant to 42 U.S.C. 1983, and § 1441." Dkt. No. 7. at 1. Plaintiff states that he removed this case from Montgomery County Supreme Court. See id. He states that he seeks or sought the removal because he was told he was "not guarantee counsel" at the state, but that "[i]n Federal Court, there is that option, pending qualification, and I am told, if a lawyer agrees to take it, then I really have something. I am in dire need of counsel." Id.

Plaintiff states, "[t]he ineffective assistance of counsel and The County Court are a matter already mentioned in the appeal." Dkt. No. 7 at 2. Plaintiff states that "[t]o get my conviction, I allege judicial and prosecutorial misconduct, and ineffective assistance of counsel × 4. That is why I am pro se. I had to protect myself when appointed counsel did not. It also went through a couple judges which is why they are mentioned in the preliminary complaint/paperwork, and why I mention bias." Id. Plaintiff states he can "prove each thing I saw not just with my words, but with transcripts [5] from the County Court, and the Adult Drug Court." Id. Plaintiff refers to being drug free for four and a half years and having academic success in college. Id. at 3. He states that he wishes this Court to hear his case because he believes he will not "see bias" in federal court "like I saw in others." Id. Plaintiff states that he "also put in a Notice of Removal in the Federal Court for those criminal charges that led to the Complaint. I do not trust the assigned appellate attorney. That case too has

Constitutional violations. That case number is 1:24-CR-301 (AMN)." <u>Id.</u>

5      Plaintiff did not provide any transcripts.

### C. Discussion [6]

6      As a courtesy, the Court has provided plaintiff with copies of any unpublished cases cited within this Report-Recommendation & Order.

### 1. Rule 8

As a threshold issue, plaintiff's complaint fails to meet the requirements of Rule 8. <u>See</u> FED. R. CIV. P. 8(a)(2). He does not provide a short and plain statement of the claim demonstrating why he is entitled to relief. Although he makes general references to both an Article 78 proceeding and a criminal proceeding and unexplained references to "Due Process, 30.30 Speedy Trial Violation, Ineffective of Counsel," he does not provide factual support or context. Thus, his complaint does not provide "fair notice" to defendants of the claims against them. <u>See</u> FED. R. CIV. P. 8(a)(2).

### 2. Heck v. Humphrey

However, there are several substantive concerns that further lead the undersigned to recommend dismissal. First, in referencing to "Due Process, 30.30 Speedy Trial Violation, Ineffective of Counsel" and explicitly referencing a criminal conviction, it is clear that plaintiff is attempting to seek some kind of review of a criminal proceeding or conviction. <u>See</u> Compl. at 3. Plaintiff also accuses all named judges of denying him due process and contends that an unnamed "ADA/Special Prosecutor withheld potential exculpatory material which was usd [sic] against me." Compl. at 4. Plaintiff also references a conviction. <u>See</u> Dkt. No. 7 at 4. Such claims would be barred by <u>Heck v. Humphrey</u>.

**\*5** As this Court, citing the District of Connecticut, has set forth:

In <u>Heck</u>, the Supreme Court held that in order for a plaintiff "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by

actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." <u>Id.</u> at 486-87. The court further held that "[a] claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id. at 487 (emphasis in original).

[ ]

Thus, under Heck and its progeny, if a conviction has not been invalidated previously, a "§ 1983 action is barred ... no matter the target of the prisoner's suit ... if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (emphasis in original).

Ali v. Shattuck, No. 8:24-CV-0128 (DNH/CFH), 2024 WL 2747619, at *3 (N.D.N.Y. May 29, 2024), report-recommendation adopted sub nom. Ali v. Dow, No. 8:24-CV-128, 2024 WL 3460745 (N.D.N.Y. July 18, 2024) (quoting Zografidis v. Richards, No. 3:22-CV-00631 (AVC), 2022 WL 21756775, at *7 (D. Conn. July 6, 2022), report and recommendation adopted (Oct. 7, 2022), aff'd, No. 22-3197, 2023 WL 7538211 (2d Cir. Nov. 14, 2023)).

Plaintiff has failed to demonstrate that any criminal charge(s), conviction, or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Zografidis, 2022 WL 21756775, at *7. Although plaintiff's complaint wants for detail, the undersigned can clearly determine that plaintiff seeks review of his criminal proceedings, conviction, and/or sentence. The claims plaintiff seeks to pursue relate to allegations that he was denied due process, denied speedy trial rights, and experienced ineffective assistance of counsel. Accordingly, plaintiff's claims are barred by Heck unless and until he can demonstrate favorable termination of his criminal conviction. [7]

7      The undersigned recognizes that claims that are determined to be barred by Heck are dismissed without prejudice. However, the undersigned has recommended dismissal with prejudice because

plaintiff has only named defendants who are immune from relief. Accordingly, the undersigned is recommending dismissal of the claims based on these immunities, rather than a <u>Heck</u> dismissal. The undersigned has included the <u>Heck</u> review for sake of completeness.

### 3. Immunities

Plaintiff names as defendants several defendants who are immune from suit. Insofar as plaintiff names Hon. Michael W. Smrtic, Interim Montgomery County Judge and Tatiana N. Coffinger, "County/Family/Surrogate's Court Judge" [8] such claims would be barred by judicial immunity.

[8]    Although plaintiff provides no facts regarding any family court proceedings, that he named a family court judge and makes general reference to that he seeks review over actions taken by a family court judge. Even if plaintiff were to amend his complaint to provide facts about any possible family court proceedings and details about any alleged violations of his rights that he believes he faced in that Court, if plaintiff seeks this Court's review of an order of the family court, such review would be barred by <u>Rooker-Feldman</u>, and if plaintiff seeks this Court's review or intervention of a currently pending/ongoing Family Court proceeding, such review would be barred by <u>Younger</u>. See <u>Porter v. Nasci</u>, No. 5:24-CV-0033 (GTS/TWD), 2024 WL 1142144, at *4 (N.D.N.Y. Mar. 15, 2024) (citations omitted), <u>report and recommendation adopted</u>, 2024 WL 3158645 (N.D.N.Y. June 25, 2024) ("Under the <u>Rooker-Feldman</u> doctrine, a federal district court lacks authority to review a final state court order or judgment where a litigant seeks relief that invites the federal district court to reject or overturn such a final state court order or judgment."); <u>see also</u> <u>Diamond "D" Constr. Corp. v. McGowan</u>, 282 F.3d 191, 198 (2d Cir. 2002) ("[F]ederal courts [must] abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings.").

*6 "With minor exceptions, judges are entitled to absolute immunity for actions relating to the exercise of their judicial functions." <u>Zavalidroga v. Girouard</u>, No. 6:17-CV-682 (BKS/ATB), 2017 WL 8777370, at *8 (N.D.N.Y. July 7, 2017)

(citing <u>Mireles v. Waco</u>, 502 U.S. 9, 9-10 (1991) (per curiam)). "Judicial immunity has been created for the public interest in having judges who are 'at liberty to exercise their functions with independence and without fear of consequences.' " <u>Id.</u> (quoting <u>Huminski v. Corsones</u>, 396 F.3d 53, 74 (2d Cir. 2004)). "Judicial immunity applies even when the judge is accused of acting maliciously or corruptly." <u>Id.</u> (citation omitted); <u>see</u> <u>Positano v. New York</u>, No. 12-CV-2288 (ADS/AKT), 2013 WL 880329, at *4 (E.D.N.Y. Mar. 7, 2013) (explaining that the plaintiff may not bring action against a judge for actions taken in his judicial capacity, even when the actions violated the ADA).

"Judicial immunity is immunity from suit, not just immunity from the assessment of damages." <u>Zavalidroga</u>, 2017 WL 8777370, at *8 (citing <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 526 (1985)). "The only two circumstances in which judicial immunity does not apply is when he or she takes action 'outside' his or her judicial capacity and when the judge takes action that, although judicial in nature, is taken 'in absence of jurisdiction.' " <u>Id.</u> (quoting <u>Mireles</u>, 502 U.S. at 11-12). "In determining whether or not a judge acted in the clear absence of all jurisdiction, the judge's jurisdiction is 'to be construed broadly, and the asserted immunity will only be overcome when the judge clearly lacks jurisdiction over the subject matter.' " <u>Pacherille v. Burns</u>, 30 F. Supp. 3d 159, 163 (N.D.N.Y. 2014) (quoting <u>Ceparano v. Southampton Just. Ct.</u>, 404 F. App'x 537, 539 (2d Cir. 2011) (summary order)). "Whether a judge acted in a judicial capacity depends on the nature of the act [complained of] itself, i.e., whether it is a function normally performed by a judge, and [on] the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." <u>Ceparano</u>, 404 F. App'x at 539 (internal quotation marks and citation omitted). "Further, if the judge is performing in his judicial capacity," he " 'will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction.' " <u>Ceparano</u>, 404 F. App'x at 539 (quoting <u>Stump v. Sparkman</u>, 435 U.S. 349, 362 (1978)). "Judges are not, however, absolutely 'immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity.' " <u>Bliven v. Hunt</u>, 579 F.3d 204, 209 (2d Cir. 2009) (quoting <u>Mireles</u>, 502 U.S. at 11).

Thus, as plaintiff names the judicial defendants in relation to actions or omissions that they took in their roles as judges, their actions are protected by absolute judicial immunity. To the extent plaintiff names Hon. Felix Catena, "Retired

Administrative Law Judge," Judge Catena is also protected by absolute judicial immunity as a judge's retirement, "does not impact [his or] her immunity for acts taken in [his or] her official capacity before her retirement." McCray v. Lewis, No. 16-CV-3855 (WFK/VMS), 2016 WL 4579081, at *2 (E.D.N.Y. Aug. 31, 2016). To the extent plaintiff may seek to sue the judges their official capacities, the suit is barred by the Eleventh Amendment. See Pacherille v. Burns, 30 F. Supp. 3d 159, 163 n.5 (N.D.N.Y. 2014) ("The Eleventh Amendment shields judges from suit to the extent that they are sued in their official capacities.").

**\*7** In addition, plaintiff also references, exclusively in his "relief" section of the form complaint, that "the Supreme Court Appellate Division, Third Department" when stating that he experienced "deliberate misconduct and malice." Compl. at 7. He does not name this Court as a defendant anywhere in the complaint. However, even if plaintiff were to have named the Appellate Division, Third Department as a defendant, such defendant would also need to be dismissed based on Eleventh Amendment immunity as the Appellate Division "is merely an agency or arm of New York State." Benyi v. New York, No. 3:20-CV-1463 (DNH/ML), 2021 WL 1404649, at *5 (N.D.N.Y. Mar. 23, 2021), report and recommendation adopted, No. 3:20-CV-1463, 2021 WL 1404555 (N.D.N.Y. Apr. 13, 2021) (citation omitted). Accordingly, to the extent a liberal reading of the complaint may suggest that plaintiff seeks to name the Appellate Division as a defendant, such claims are barred by Eleventh Amendment immunity. See Compl.

Finally, insofar as plaintiff seeks to sue Prosecutor Samuel V. Maxwell, Esq., Assistant District Attorney, in addition to the Heck issues noted above, he would be protected by absolute prosecutorial immunity. As this Court has recently reiterated,

> Prosecutors enjoy "absolute immunity from § 1983 liability for those prosecutorial activities 'intimately associated with the judicial phase of the criminal process.' " Barr v. Abrams, 810 F.2d 358, 360-61 (2d Cir. 1987) (citing Imbler v. Pachtman, 424 U.S. 409, 430 (1976)). This immunity encompasses "virtually all acts, regardless of motivation, associated with [the prosecutor's] function as an advocate." Hill v. City of New York, 45 F.3d 653, 661 (2d Cir. 1995) (internal quotations and citation omitted). Absolute immunity applies when a prosecutor's conduct, acting as an advocate during the judicial phase of the criminal process, "involves the exercise of discretion." Flagler v. Trainor, 663 F.3d 543, 547 (2d Cir. 2011) (citing Kalina v. Fletcher, 522 U.S. 118, 127 (1997)).

Accordingly, absolute immunity extends to functions such as "deciding whether to bring charges and presenting a case to a grand jury or a court, along with the tasks generally considered adjunct to those functions, such as witness preparation, witness selection, and issuing subpoenas." Simon v. City of New York, 727 F.3d 167, 171 (2d Cir. 2013) (citing Imbler, 424 U.S. at 431 n.33); see also Flagler, 663 F.3d at 547 (explaining, "the Supreme Court has found prosecutors absolutely immune from suit for alleged misconduct during a probable cause hearing, in initiating a prosecution, and in presenting the State's case ... [but] withheld absolute immunity for conduct unrelated to advocacy, such as giving legal advice, holding a press conference, or acting as a complaining witness."). "[O]nce a court determines that challenged conduct involves a function covered by absolute immunity, the actor is shielded from liability for damages regardless of the wrongfulness of his motive or the degree of injury caused ...." Bernard v. Cnty. of Suffolk, 356 F.3d 495, 503 (2d Cir. 2004) (citing Cleavinger v. Saxner, 474 U.S. 193, 199-200 (1985)).

Williams v. Atkins, No. 5:24-CV-0573 (DNH/TWD), 2024 WL 3649849, at *5 (N.D.N.Y. June 11, 2024), report and recommendation adopted, No. 5:24-CV-573, 2024 WL 3548760 (N.D.N.Y. July 26, 2024).

Plaintiff appears to suggest that Mr. Maxwell "withheld potentially exculpatory material" that was used against him. Compl. at 4. Beyond the Heck barriers already discussed, even if plaintiff could amend to provide greater detail, absolute immunity would extent to even this alleged misconduct as such allegations clearly fall within the scope of prosecutorial immunity. Accordingly, it is recommended that any claims against ADA Samuel V. Maxwell be dismissed for absolute prosecutorial immunity. "Furthermore, because the District Attorney's prosecutorial immunity is substantive and not something that can be corrected by a better pleading, I recommend that the dismissal be with prejudice." Phillips v. New York, No. 5:13-CV-927, 2013 WL 5703629, at *5 (N.D.N.Y. Oct. 17, 2013) (quoting Cuoco v. Moritsugu, 222 F.3d 99, 223 (2d Cir. 2000)). [9]

9      Plaintiff appears to characterize his submissions as a purported removal to federal court or suggests that he seeks to remove his case from Montgomery County Court to this Court. See Dkt. No. 7 (citing 28 U.S.C. § 1441). However, in addition

to the infirmities mentioned above, plaintiff has not demonstrated that any proceeding related to this complaint has been properly removed to, or is subject to removal to, this Court. See, e.g., 28 U.S.C. § 1446. Indeed, plaintiff's submissions appear to indicate that plaintiff is the plaintiff in the County Court action. See id. § 1446(a).

### III. Conclusion

**\*8** It is **ORDERED**, that plaintiff's in forma pauperis application (dkt. no. 2) be **GRANTED**; and it is

**RECOMMENDED**, that plaintiff's section 1983 claims against Honorable Michael W. Smrtic; Tatiana N. Coffinger, County/Family/Surrogate's Court Judge; and Felix Catena, Retired Administrative Law Judge (Dkt. Nos. 1, 7) be **DISMISSED WITH PREJUDICE** as follows: (1) claims brought against them in their personal/individual capacities for judicial immunity, and (2) claims brought against them in their official capacities for Eleventh Amendment immunity; and it is further

**RECOMMENDED**, that plaintiff's section 1983 claims against Assistant District Attorney Samuel V. Maxwell (Dkt. Nos. 1, 7) be **DISMISSED WITH PREJUDICE** due to absolute prosecutorial immunity; and it is further

**RECOMMENDED**, that, to the extent a liberal reading of the complaint may suggest that plaintiff seeks to name the Appellate Division, Third Department, as a defendant (Dkt. Nos. 1, 7), such claims be **DISMISSED WITH PREJUDICE** as barred by Eleventh Amendment immunity, and it is

**RECOMMENDED**, that plaintiff's pro se motion for permission to file electronically (dkt. no. 4) and motion to appoint counsel [10] (dkt. no. 5) be **DISMISSED AS MOOT** based on the above recommendations, and it is

[10] The undersigned also notes that plaintiff did not contend that he made any efforts to obtain counsel on his own, show proof of any attorneys he contacted. See Terminate Control Corp v. Horowitz, 28 F.3d 1335 (2d Cir. 1994). See Dkt. No. 5.

**ORDERED**, that the Clerk serve this Report-Recommendation & Order on plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), parties have **FOURTEEN (14)** days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 72. [11]

[11] If you are proceeding pro se and are served with this Report-Recommendation and Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Id. § 6(a)(1)(c).

**All Citations**

Slip Copy, 2024 WL 4870495

---

**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.

**Filings (1)**

| Title | PDF | Court | Date | Type |
|---|---|---|---|---|
| **1.  Docket 1:24-CV-00847**<br>Cole v. Smrtic et al | — | N.D.N.Y. | July 08, 2024 | Docket |

**History (2)**

**Direct History (2)**

1. Cole v. Smrtic 🐦
   2024 WL 4870495 , N.D.N.Y. , Nov. 21, 2024

   *Report and Recommendation Adopted by*

2. Cole v. Smrtic
   2025 WL 247901 , N.D.N.Y. , Jan. 21, 2025

WESTLAW     © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Case 3:25-cv-00472-AJB-MJK    Document 8    Filed 04/29/25    Page 42 of 104

Lamothe v. Brown, Not Reported in Fed. Supp. (2023)

2023 WL 316013

2023 WL 316013
Only the Westlaw citation is currently available.
United States District Court, D. Vermont.

Jeffrey LAMOTHE, Plaintiff,

v.

Colleen BROWN, Defendant.
Jeffrey Lamothe, Plaintiff,

v.

Bankruptcy Court, et al., Defendants.
Jeffrey Lamothe, Plaintiff,

v.

Bankruptcy Court, et al., Defendants.
Jeffrey Lamothe, Plaintiff,

v.

Heather Cooper, et al., Defendants.

5:22-CV-161 (TJM/CFH), 5:22-CV-162 (TJM/CFH),
5:22-CV-163 (TJM/CFH), 5:22-CV-164 (TJM/CFH)
|
Signed January 19, 2023

## Attorneys and Law Firms

Jeffrey Lamothe, 17 Potter Ave., Apt. B, Granville, New York
12832, Plaintiff pro se

## REPORT-RECOMMENDATION & ORDER

Christian F. Hummel, United States Magistrate Judge

**\*1** Plaintiff pro se Jeffrey Lamothe commenced 5:22-
CV-161, LaMothe v. Brown, on August 31, 2022, with
the filing of an application for leave to proceed in forma
pauperis ("IFP") (Dkt. No. 1-1), complaint (Dkt. No. 1-2)
("Complaint"), and a "Motion for Settlement" (Dkt. No.
3). [1] On September 4, 2022, the U.S. District Court for the
District of Vermont disqualified itself pursuant to 28 U.S.C.
§ 445(a) and directed the case be reassigned to a U.S. District
Judge in the Northern District of New York. On September
16, 2022, the case was reassigned to Senior U.S. District
Judge McAvoy and the undersigned. On September 27, 2022,
plaintiff filed a document titled, "Alterations Lost's [sic],
Cost's [sic], Damage's [sic] Foregoing Motion." Dkt. No. 6.
On October 4, 2022, plaintiff filed document titled, "Motion
for Summary Judgment." Dkt. No. 7. Presently before the

Court for review is plaintiff's in forma pauperis application
and review of his complaint pursuant to 28 U.S.C. § 1915.

[1]     Plaintiff commenced three other actions on the
        same day. These are discussed, infra, in section II
        A.

## I. In Forma Pauperis

After reviewing plaintiff's IFP application, [2] Dkt. Nos. 1,
1-1, the Court concludes that plaintiff financially qualifies to
proceed IFP for purposes of filing. [3]

[2]     Although plaintiff commenced four actions, which
        the undersigned recommends be consolidated,
        the undersigned is explicitly addressing the IFP
        application submitted in the first-filed action as
        the information submitted with each case's IFP
        application is essentially identical.

[3]     Plaintiff is advised that in forma pauperis status
        does not cover any costs and fees that may be
        associated with this matter, including, but not
        limited to, any copying fees that may be incurred.

## II. Initial Review [4]

[4]     Plaintiff has also filed four other cases. At least
        three of the four cases appear to be related to
        the instant case. Those cases, all filed in the
        U.S. District Court for the District of Vermont
        and reassigned to this Court, are 5:22-CV-162,
        Lamothe v. Bankruptcy Court, et al. (filed Aug.
        31, 2022); 5:22-CV-163, Lamothe v. Bankruptcy
        Court, et al. (filed Aug. 31, 2022); 22-CV-164,
        Lamothe v. Cooper, et al. (filed Aug. 31, 2022);
        and 2:22-CV-220, LaMothe v. Federal Court Clerk
        (filed Dec. 7, 2022).

### A. Consolidation

"Rule 42(a) of the Federal Rules of Civil Procedure
provides for the consolidation of actions pending before
the court which involve "a common question of law or
fact." FED. R. CIV. P. 42(a)(2). As the Second Circuit
has recognized, "[t]he trial court has broad discretion to

Case 3:25-cv-00472-AJB-MJK    Document 8    Filed 04/29/25    Page 43 of 104

Lamothe v. Brown, Not Reported in Fed. Supp. (2023)

2023 WL 316013

determine whether consolidation is appropriate," Johnson v. Celotex Corp., 899 F.2d 1281, 1284-85 (2d Cir. 1990), and may consolidate actions sua sponte. Devlin v. Transportation Commc'ns Intern. Union, 175 F.3d 121, 130 (2d Cir. 1999).

Boyde v. Uzunoff, No. 9:21-CV-0741 (TJM/ATB), 2021 WL 3185472, at *1 (N.D.N.Y. July 28, 2021).

Here, in addition to the instant case, 5:22-CV-161, Lamothe v. Brown, plaintiff commenced three other actions on the same day: 5:22-CV-162 (TJM/CFH), Lamothe v. Bankruptcy Court, et al. (filed Aug. 31, 2022); 5:22-CV-163 (TJM/CFH); Lamothe v. Bankruptcy Court, et al. (filed Aug. 31, 2022); 5:22-CV-164 (TJM/CFH), Lamothe v. Cooper, et al. (filed Aug. 31, 2022).[5] The Court has reviewed the complaints in each of these actions and determines that "common questions of law and fact exist in these cases." Boyde, 2021 WL 3185472, at *1. Although commenced separately, these cases are essentially identical. Plaintiff appears to name the same defendants, and to the extent it can be determined, the cases arise out of the same facts and circumstances and raise the same claims in each of these four actions. Indeed, an identical photocopy of the complaint has been filed in each separate action. See 5:22-CV-161, Dkt. No. 1-2 at 8-20; 5:22-CV-162 Dkt. No. 1-1 at 2-13; 5:22-CV-163 (TJM/CFH), Dkt. No. 1-1 at 6-17; 5:22-CV-164 (TJM/CFH), Dkt. No. 1-1 at 9-20. Further, with the exception of one extra document filed in 5:22-CV-164, plaintiff includes the same documents to each of the complaints in the different actions. See id.[6]

[5]    On December 7, 2022, plaintiff commenced a fourth action in the District of Vermont, Lamothe v. Federal Court Clerk, 2:22-CV-220 (TJM/CFH), which was also reassigned to Judge McAvoy and the undersigned. Review of this filing, although very sparse, leads the Court to determine at this time that this action appears distinct enough to proceed with a separate review. Thus, the § 1915 review of Lamothe v. Federal Court Clerk, 2:22-CV-220 (TJM/CFH) (filed Dec. 7, 2022), will occur in a separate, future order.

[6]    The complaint in each action is identical, including identical copies of service-related documents and invoices, and a "motion" that appears to set forth plaintiff's monetary demands. The only real difference between these actions is that some of the documents are filed in a different order. One exception to the identical nature of these four

actions is that, unlike in the other three actions, in 5:22-CV-164, Dkt. No. 1-1 at 5, there is a document that is not included in the other actions. This an Order, dated May 25, 2022, from the U.S. Bankruptcy Court, District of Vermont, signed by U.S. Bankruptcy Judge Heather Z. Cooper, denying a "sixth post-closing motion" and advising plaintiff that "[a]ny further post-closing filings which fail to demonstrate cause or meet the requirements to reopen this case or support any other relief that is available will be considered an abuse of process and the Court will consider the imposition of sanctions." Id.

**\*2**    Accordingly, it is recommended that these four actions be consolidated, with 5:22-CV-161, Lamothe v. Brown as the lead case and 5:22-CV-162, 5:22-CV-163, and 5:22-CV-164 as member cases.

## B.  Complaint [7]

[7]    This Court's citation to the pages of plaintiff's complaint is to the pagination generated by CM/ECF, the Court's electronic filing system, located at the header of each page, and not to plaintiff's individual pagination of the document.

At the top of each page of form complaint,[8] plaintiff writes "Civil-Criminal." See generally Dkt. No. 1-2. In the portion of the form complaint asking plaintiff to demonstrate the basis for this Court's jurisdiction and whether he seeks to proceed before the Court on federal question jurisdiction or diversity of citizenship, plaintiff writes, "Don't Know Yet!!" Dkt. No. 1-2 at 2. Following the form complaint is a handwritten document, the top of which states, "Civil, Criminal." Dkt. No. 1-2 at 5. The heading of the page further states, "Lawsuites [sic] (Contempt of Court) (Breech [sic] of Contracts)", "Alteration Four, Lawsuites [sic] Docket # 098-10014" Dkt. No. 1-2 at 5. Plaintiff further states "Federal Court 11 Elmwood Ave, Burlington VT 05641 Filed January 09, 2009 Re; Malpractice (Contempt of Court) (Breech [sic] of Court."). Id. Following this information, written as a title, is the word "Motion." Id.

[8]    As the complaints in each action are essentially identical, for ease of reference and judicial efficiency, the Court will cite only to the complaint filed in 5:22-CV-161, Dkt. No. 1-2.

2023 WL 316013

On the second page of the handwritten portion of the complaint, plaintiff lists the defendants as "(1) Bankruptcy Court 151 West Street Rutland, VT 05701[;] (2) Bankruptcy Court 59-67 Merchant Row Rutland, VT 05701[;] (3) Bankruptcy Court 11 Elmwood Ave Burlington, VT[;] (4) United States Trustee?; (6) Vermont Attorney General 109 State Street Montpelier, VT 05609-100. Dkt. No. 1-2 at 6. Page three of the complaint contains a "certificate of service" wherein plaintiff "certifies" having "delivered the attached to all other parties to this case." Id. at 7. Page four of the lists the names of the defendants again. Id. at 8. Page five has a heading that states "Bankruptcy Lawsuite [sic] file 01-09-09 Docket 09-10014 United States Bankruptcy Court of Vermont Malpractice." Id. at 9. Under this heading, it reads "Alteration One presented years ago!! Alteration two presented years ago!! Alteration three as fallows [sic]!!" Id. It thereafter lists plaintiff's name, address, and "pro se"; "defendants; 4 of 6"; the "Cohen & Rice Law Firm at 161 West Rutland, VT 05701 and 26 West Street, Rutland, VT 05701." Id. The sixth page again contains a heading that states "Bankruptcy Lawsuite [sic] Filed 01-09-2009, Docket 09-10014," "Alterations," "Malpractice," "Bankruptcy Court Washington County Federal Division Bankruptcy 09-1001." Id. It also appears to list a caption of "Plaintiff Jeffrey P. Lamothe Pro-se V. Defendant's [sic] Cohen & Rice Law Firm Rebecca Rice 4 of 6." Id. Under this "caption" states "Complaint Re: Malpractice." Id. This "complaint" states the following:

> (1) Not only what they didn't do wright [sic] is what they did wrong!! (2) What happened to my (A) Land, (B) Buildings? (3) What happened to my monthly rental incomes? (4) What happened to my four hundred thousand equity? (5) What happened to my Tax Wright [sic] Off's [sic] & Credits? (6) Why have I been denied multiple attempts of credit since two thousand an [sic] nine as well as the most recent of September Two Thousand an [sic] Twenty-One? (7) Why I'am [sic] I getting bribed, blackmailed an [sic] provoked.

**\*3** Id. at 10.

The same "caption" tops the seventh page with a heading that states, "Addition to the Complaint":

> (9) More ways to pay for Mortgages, do [sic] to signs of malpractice then anyone in the country (10) Placing docket 707-0-10 as a foreclosure during the process of Bankruptcy aswell [sic] as fallowing [sic] through as a wrongfull [sic] eviction in December of Two Thousand and Thirteen (11) placing Docket 496-6-10 after a bankruptcy had been filed, on January Nineth of Two Thousand an [sic] nine (1) Adding more debt to credit report after bankruptcy had been filed

Id. at 11. The same "caption" tops the eighth page with a heading that states, "Addition to the Complaint":

> (14) No escrow account for accounts receivable or debt from my rental properties (15) allowing outsiders to invade, approach aswell [sic] as falsify information, (16) (Timely Manner), (Timely Manner), (Timely Manner) (17) Having [sic] a lawfirm [sic] without a cerifide [sic] accountant (18) Releaseing [sic] assets, to other than myself (19) haveing [sic] two, three possibly four differant [sic] female bankruptcy judges throughout the seven years; (20) clerks avoiding all attempts of due process, (21) changeing [sic] chapters as well as false findings in the process of bankruptcy throughout the seven

Id. at 12.

On the eighth page also states, "Addition to the Complaint":

Lamothe v. Brown, Not Reported in Fed. Supp. (2023)

2023 WL 316013

Case 3:25-cv-00472-AJB-MJK    Document 8    Filed 04/29/25    Page 45 of 104

(23) [9] Timely manner, timely manner, timely manner. (24) Loss of monies up to one hundred thousand in renovations alone, of my own monies. (25) after wrongfull [sic] eviction in December two thousand and thirteen of thee [sic] Rutland Sheriffs Department Aswer [sic] as Vermont State Police Department, thee [sic] house in Procter Vermont had been ransacked aswell [sic] as everthing [sic] taken from thee [sic] inside aswell [sic] as garage (26) possibly forgery, most times when malpractice accures [sic] (27) possibly cover up, when malpractice accures [sic]

Id. at 13.

[9]    There is no number 22 on this page or the prior page.

On the ninth page of the hand-written complaint, the same "caption" tops the page with a heading that states, "Addition to the Complaint":

(30) [10] Didn't fallow [sic] protocol of an accountant of bankruptcy to file yearly taxes since 2009 (31) Refused all services of protocol aswell [sic] as my many attempts to address many wrongdoings (32) numerous attempts from myself to lawyers, courts, court clerks, attorney generals, cities, supreme court of appeals, Supreme Court aswell [sic] as three Superior Courts (33) No mortgage or combined mortgage has been placed or enforced between thee [sic] first an [sic] seventh year.

Id. at 14.

[10]    There is no number 28 or 29 on this page or the prior page.

On the tenth page of the hand-written complaint, the same "caption" tops the page with a heading that states, "Addition to Complaints":

(35) Protocol, Protocol, Protocol, (36) Hasn't anybody listened to thee [sic] Court recording's [sic] (37) Read paper trail already presented (handwritten) myself (38) Listen to Court recording, in my presents [sic] as David Edwards, lawyer for GMAC Mortgage, what had been stated as false information (39) Contempt of Court aswell [sic] as breech [sic] of contract has been practice in all matters of court proceeds [sic] (40) Loss of personel [sic] items, aswell [sic] as tools needed for multyple [sic] industries for myself to make money

**\*4**  Id. at 15.

On the eleventh page of the hand-written complaint, the same "caption" tops the page with a heading that states, "Addition to Complaints":

(43) [11] Do you know what courtroom this is? (44) Do you know what I can do with four hundred thousand dallars [sic] just in equity? (45) Do you know what I can do with four thousand dallars [sic] a month rental income? (46) Actions prove I've been fileing [sic] lawsuites [sic] I've to a deaf, dumb, and blind bar association, judicial bureau licensing board, police departments, clerks, judges (47) Withholding evidence in all thirteen courtrooms, will force myself no option to place lawsuites [sic] at state

2023 WL 316013

Id. at 16.

11    There are no numbers 41 or 42 on this page or the prior page.

On the twelfth page of the hand-written complaint, the same "caption" tops the page with a heading that states, "Addition to Complaints":

> (49 [12] ) Wrongfull [sic] eviction multiple times in the mid winter months of places I've owned aswell [sic] as places I've rented! (50) Probate Court of my mother Mary Elizabeth Lamothe House Docket #312-5-19, on Nineteen Jasmin Lane had been mishandled! (51) Loss of Drivers license for five years as of not a moveing [sic] violation, as I use my vehicle for floor installations (51) Contempt of court aswell [sic] as breech of contracts.

Id. at 17.

12    There is no number 48 on this page or the prior page.

On the thirteenth page of the hand-written complaint, the same "caption" tops the page with a heading that states, "Addition to Complaints":

> (54) [13] withholding evidence, stolen identity, birth certificate had been stolen, do [sic] to wrongfull [sic] evictions aswell [sic] as most of personal information an [sic] court documents (55) waisted [sic] many hours of travel time as well as time spent an [sic] preparations of dozen of court handwritten documents of a plaintiff in lawsuites [sic] (56) houses ransacked, broken into, stolen paper trail (57) lost living expenses, loss of

wages, loss rental income, taxes not being filed, damages contents of

Id. at 18.

13    There are no numbers 51, 52, or 53 on this page or the prior page.

On the fourteenth page of the hand-written complaint, the same "caption" tops the page with a heading that states, "Addition to Complaints":

> (58) Racketeering, corruption, conspiracy, human traffick [sic], money loitering [sic], forgery, false paper trail, incorrect headings, debtors, dates, tapeing [sic] recordings, video (59) Certified letters with return signature, up to sixty of them, with no response besides of just a signed green receipts. (60) Had twice as much monies invested in my houses then the finace [sic] company had (61) federal accounts of my crimal [sic] record (wrongfully) (62) wrongfull arrest warants [sic] asfore [sic] public defender doings

Id. at 19.

The fifteenth page [14] of the handwritten complaint list the same "caption" but state "Motion" and "Malpractice"

> Alteration one, which has presented years ago Five Million[;] Alteration two, which was presented years ago Six Million[;] Alteration Three, which is presented at this date of Seven Million. The total which is eighteen million to be granted to myself Jeffrey Peter Lamothe, no later than twenty days of this motion of presented date,

Case 3:25-cv-00472-AJB-MJK    Document 8    Filed 04/29/25    Page 47 of 104

Lamothe v. Brown, Not Reported in Fed. Supp. (2023)

2023 WL 316013

> as losts [sic] and costs an [sic] damages
> all at foregoing!!

**\*5**  Id. at 20.

14      The fifteenth and sixteenth pages of the hand-
written complaint are identical. See Dkt. No. 1-2 at
20-21.

Plaintiff's complaint, on a page that contains the same
"caption" with a title that states, "Motion," appears to set forth
his demand for relief:

> Alteration four of eight million dollars,
> which brings the total of twenty-six
> million dollars, to be granted to myself
> Jeffrey Peter Lamothe [omitted] no
> later than twenty day's [sic], asfore
> [sic] this case #09-10014 has been in
> process since two thousand an [sic]
> nine, all at lost, costs, damages, all
> foregoing. Settlement of thee [sic]
> above will stop all foregoing lost,
> cost's [sic], damages aswell [sic] as
> further alterations, an [sic] criminal
> charges!!"

Id. at 21. In a "conclusion," plaintiff states that he "will settle
for four million dollars aswell [sic] as paying off Bershire [sic]
Bank Credit Card Account [Omitted], no later than ten day's
[sic] of this fourth alteration (after this date motion stands
[illegible])." Id.

Attached to the complaint are copies of invoices from the
Rutland County Sheriff's Department that appear to show that
plaintiff used the Sheriff's Department for service of plaintiff's
complaint on defendants. See Dkt. No. 1-2 at 26-33.

### C. Section 1915 Review

#### 1. Legal Standards

Section 1915(e) [15] of Title 28 of the United States Code
directs that, when a plaintiff seeks to proceed IFP, "the court

shall dismiss the case at any time if the court determines
that ... the action or appeal (i) is frivolous or malicious; (ii)
fails to state a claim on which relief may be granted; or (iii)
seeks monetary relief against a defendant who is immune
from such relief." 28 U.S.C. § 1915(e)(2)(B). It is a court's
responsibility to determine that a plaintiff may properly
maintain his complaint before permitting him to proceed with
his action. Where the plaintiff is proceeding pro se, the court
must consider the claims "liberally" and "interpret them 'to
raise the strongest arguments that they suggest.' " Cold Stone
Creamery, Inc. v. Gorman, 361 F. App'x 282, 286 (2d Cir.
2010) (summary order) (quoting Brownell v. Krom, 446 F.3d
305, 310 (2d Cir. 2006)). It is well-established that "[p]ro se
submissions are reviewed with special solicitude, and 'must
be construed liberally and interpreted to raise the strongest
arguments that they suggest.' " Matheson v. Deutsche Bank
Nat'l Tr. Co., 706 F.Appx. 24, 26 (2d Cir. 2017) (summary
order) (quoting Triestman v. Fed. Bureau of Prisons, 470
F.3d 471, 474 (2d Cir. 2006) (per curiam); Sealed Plaintiff v.
Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008) (Where
the plaintiff proceeds pro se, a court is "obliged to construe
his pleadings liberally.") (quoting McEachin v. McGuinnis,
357 F.3d 197, 200 (2d Cir. 2004)). However, this approach
"does not exempt a [pro se litigant] from compliance with
relevant rules of procedural and substantive law." Traguth
v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983). "[T]he tenet that a
court must accept as true all of the allegations contained in
a complaint is inapplicable to legal conclusions." Iqbal, 556
U.S. at 678. "Threadbare recitals of the elements of a cause
of action, supported by mere conclusory statements, do not
suffice." Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir.
1994). The Court may not "invent factual allegations that [the
plaintiff] has not pled." Chavis v. Chappius, 618 F.3d 162, 170
(2d Cir. 2010).

15      The language of section 1915 suggests an intent to
limit availability of IFP status to prison inmates.
See 28 U.S.C. § 1915(a)(1) (authorizing the
commencement of an action without prepayment
of fees "by a person who submits an affidavit that
includes a statement of all assets such prisoner
possesses"). However, courts have construed
that section as making IFP status available
to any litigant who can meet the governing
financial criteria. See, e.g., Fridman v. City of
N.Y., 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y.
2002). Accordingly, a financial assessment and, if
determined to be financially qualified, an initial
review of the complaint pursuant to section 1915 is

Case 3:25-cv-00472-AJB-MJK   Document 8   Filed 04/29/25   Page 48 of 104
Lamothe v. Brown, Not Reported in Fed. Supp. (2023)
2023 WL 316013

required of all plaintiffs who seek to proceed IFP, regardless of their incarceration status.

**\*6** "The [Second Circuit]'s 'special solicitude' for pro se pleadings, Ruotolo v. IRS, 28 F.3d 6, 8 (2d Cir. 1994), has its limits, because pro se pleadings still must comply with Rule 8(a) of the Federal Rules of Civil Procedure." Kastner v. Tri State Eye, No. 19-CV-10668 (CM), 2019 WL 6841952, at \*2 (S.D.N.Y. Dec. 13, 2019).[16] Pleading guidelines are set forth in the Federal Rules of Civil Procedure. Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." See FED. R. CIV. P. 8(a)(2). "The purpose ... is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 also requires the pleading to include:

(1) a short and plain statement of the grounds for the court's jurisdiction ...;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought ....

FED. R. CIV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d).

16    Unless otherwise noted, copies of all unpublished cases cited within this Report-Recommendation & Order have been provided to plaintiff.

Further, Rule 10 of the Federal Rules provides:

[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each

defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b). This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted).

"In reviewing a complaint ... the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

Ashcroft v. Iqbal, 556 U.S. 622, 678 (2009). A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted).

Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" does not suffice. Id. (internal quotation marks and alterations omitted). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. Sheehy v. Brown, 335 F. App'x 102, 104 (2d Cir. 2009) (summary order). Indeed, a complaint that fails to comply with these pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative ... to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal ... is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise

Case 3:25-cv-00472-AJB-MJK    Document 8    Filed 04/29/25    Page 49 of 104

Lamothe v. Brown, Not Reported in Fed. Supp. (2023)

2023 WL 316013

unintelligible that its true substance, if any, is well disguised."
Id. (citations omitted).

2. **Analysis**

a. **Jurisdiction**

**\*7** Plaintiff fails to demonstrate this Court's jurisdiction. He does not state which constitutional rights, federal laws, or state laws he believes defendants to have violated. Plaintiff does not explain how all of the named defendants were personally involved in the alleged violations of laws or rights. There is almost no factual support or context for his complaint, which is presented as a disjointed stream of consciousness. Further, it is not fully clear who he intends to name as defendants in this action as he names Judge Colleen Brown in the case caption, and Colleen Brown and "Bankruptcy Court" as defendants in the form complaint, but later lists bankruptcy courts at four different addresses in Vermont, the "United States Trustee," Cohen & Rice Law Firm, and the "Vermont Attorney General." Dkt. No. 1-2 at 6.

Federal jurisdiction is only available when (1) a "federal question" is presented, or (2) the plaintiff and all of the defendants are of diverse citizenship and the amount in controversy exceeds $ 75,000. See 28 U.S.C. §§ 1331, 1332. To invoke federal question jurisdiction, the plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Federal question jurisdiction may properly be invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law." New York v. White, 528 F.2d 336, 338 (2d Cir. 1975). When a court lacks subject matter jurisdiction, dismissal is mandatory. See Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006). Therefore, although courts "construe a pro se litigant's complaint liberally, a plaintiff attempting to bring a case in federal court must still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action." Ally v. Sukkar, 128 F. App'x 194, 195 (2d Cir. 2005) (summary order) (internal citation omitted).

As it appears all named defendants reside in Vermont, plaintiff is a resident of New York State, and plaintiff alleges that the amount in controversy is greater than $75,000, he would be able to proceed under this Court's diversity jurisdiction. The only claims plaintiff explicitly identifies is legal malpractice

and breach of contract, which would be assessed under state law. As will be discussed below, the application of special solicitude reveals to the undersigned that plaintiff may also be attempting to raise constitutional claims for violation of his due process rights in connection with an eviction. Such claims, if properly pleaded in a future complaint and demonstrated to be timely, could also demonstrate the existence of this Court's federal question jurisdiction.

b. **Federal Rules of Civil Procedure 8, 10, and 20**

Plaintiff's complaint is violative of Rules 8 and 10 of the Federal Rules of Civil Procedure. Plaintiff's amended complaint is clearly "a case[ ] in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). First, plaintiff does not provide any facts to provide context for his complaint. Plaintiff's complaint does not explain the background and bases of his complaint; the laws he alleges the defendants violated beyond unexplained and largely isolated references to "malpractice," "breech [sic] of contract," "racketeering, "corruption," "conspiracy," "human traffick[ing]," and "money loitering." [17] Dkt. No. 1-2 at 18. Further, beyond making these references to common law and criminal laws, plaintiff does not set forth how defendants violated any laws or rights or factual support or context to when the alleged incidents occurred. Although plaintiff names several defendants but does not explain their involvement in the violation of any laws or constitutional rights, with many defendants never mentioned anywhere in the body of the complaint. See, e.g., Dkt. No. 1-2 at 6, 14 (naming "attorney generals" and "Vermont Attorney General" in the "caption" or heading, but failing to provide any factual support or explanation of personal involvement).

[17]    It is likely that this is a malapropism and that plaintiff intended to state money laundering.

**\*8** The lack of factual support, context, or clear statements of the claims and explanations as to how each defendant is personally involved in the alleged violation of each area of law or right asserted renders plaintiff's complaint plainly violative of Rule 8 as the complaint does not "give the defendants adequate notice of the claims against them[.]" Sheehy, 335 F. App'x at 104.

Case 3:25-cv-00472-AJB-MJK    Document 8    Filed 04/29/25    Page 50 of 104

Lamothe v. Brown, Not Reported in Fed. Supp. (2023)
2023 WL 316013

To the extent plaintiff's complaint implores the Court to perform independent research to ascertain the facts or background of his complaint or of his 2009 bankruptcy case – "Hasn't anybody listened to thee [sic] Court recording's [sic][,]" "Read paper trail already presented (handwritten) myself[,]" "Listen to Court recording[,]") – this neither a feasible demand nor a proper one. Dkt. No. 1-2 at 15. Plaintiff has not provided copies of any recordings or "paper trail," nor an explanation of how they apply to any claims he seeks to bring before this Court. If plaintiff wishes this Court to consider any facts, claims, or documents, such information must be included within the complaint or attached thereto and their relevance sufficiently explained.

Plaintiff's complaint, to the extent discernable, also violates Rule 20 of the Fed. R. Civ. P. Rule 20 provides that a plaintiff may not pursue unrelated claims against multiple defendants." Kastner, 2019 WL 6841952, at *2 (citing FED. R. CIV. P. 20(a)(2) ("Persons ... may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.") and Peterson v. Regina, 935 F. Supp. 2d 628, 638 (S.D.N.Y. 2013) ("Case law makes clear that [i]n the absence of a connection between Defendants' alleged misconduct, the mere allegation that Plaintiff was injured by all Defendants is not sufficient [by itself] to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a).")) (additional citation and quotation marks omitted). Plaintiff makes passing references to legal malpractice, several criminal claims, an arrest involving the Sheriff's Office, an eviction, bankruptcy proceedings, and breach of contract, among other things. Although the complaint is currently too vague and confused for the Court to assess whether there is a sufficient connection between any or all of these potential claims, the Court notes that, to the extent plaintiff seeks to bring multiple, unconnected claims against various unrelated defendants, such an approach is prohibited by Rule 20.

### c. **Legal Malpractice Claims**

To the extent this Court can surmise, it appears that plaintiff may be seeking to bring legal malpractice claims against the lawyers and/or law firm who represented him in a 2009 bankruptcy proceeding, Cohen & Rice Law Firm and/or Rebecca Rice, and against the bankruptcy judge who oversaw

that proceeding, Colleen Brown. See generally Dkt. No. 1-2. Under Vermont law, the statute of limitations depends on a "determination of the appropriate limitations period depends upon the nature of the harm for which recovery is sought and not upon the nature of the action brought." Bentley v. Northshore Dev., Inc., 935 F. Supp. 500, 503 (D. Vt. 1996) (citing Kinney v. Goodyear Tire & Rubber Co., 134 Vt. 571, 575 (1976). For claims for legal malpractice, where only economic damages are alleged, the appropriate statute of limitations is six years. See, e.g., Bentley, 935 F. Supp at 503-504. If plaintiff's representation occurred in 2009, the statute of limitations would have expired for any legal malpractice claim arising out of that representation six years later, in 2015. See 12 V.S.A. § 511. As plaintiff commenced this action in 2022, it is untimely. Although equitable tolling can, in rare instances, toll a statute of limitations, plaintiff provides no support or argument such that the Court may assess whether equitable tolling could potentially apply. Accordingly, it is recommended that, to the extent plaintiff's complaint may be raising a claim for legal malpractice against his former lawyer/law firm, such claim be dismissed without prejudice and with opportunity to amend should plaintiff seek to demonstrate the applicability of equitable tolling such that a claim for legal malpractice would not be time-barred.

**\*9** Plaintiff also seems to be seeking to bring a claim for legal malpractice against Judge Colleen Brown, the bankruptcy judge presiding over plaintiff's bankruptcy proceedings. However, as Judge Brown presided over the bankruptcy proceedings as a judicial officer, but did not represent plaintiff as his attorney, he cannot bring a claim against her for legal malpractice. As will be discussed and assessed below, it is possible that plaintiff intended to raise a claim for judicial misconduct.

### d. **Judicial Immunity**

To the extent plaintiff's complaint can be interpreted as attempting to bring a claim for judicial misconduct against Judge Colleen Brown, as is endemic to this entire complaint, plaintiff fails to provide factual context to support or context for such a claim. Despite the complete dearth of facts or context, to the extent plaintiff seeks to allege claims of misconduct against Judge Brown in connection with her role in overseeing, managing, or administration of his bankruptcy case, judicial misconduct claims do not lie for actions that occurred in the judge's role as judge. Judges have absolute immunity from suits for damages arising out of judicial acts

Case 3:25-cv-00472-AJB-MJK   Document 8   Filed 04/29/25   Page 51 of 104

Lamothe v. Brown, Not Reported in Fed. Supp. (2023)

2023 WL 316013

performed in their judicial capacities. See Mireles v. Waco, 502 U.S. 9, 11 (1991). Absolute judicial immunity "is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error ... or was in excess of his [or her] authority." Id. at 11, 13 (quotations and citations omitted). Judicial immunity may only be overcome where the court is alleged to have taken non-judicial actions or if the judicial actions taken were "in the complete absence of all jurisdiction." Id. at 11-12. It is not clear whether plaintiff is also seeking to raise a misconduct claim against other employees of the bankruptcy court. See Dkt. No. 1-2 at 12. However, absolute judicial immunity also extends to court clerks/employees who are performing tasks "which are judicial in nature and an integral part of the judicial process." Rodriguez v. Weprin, 116 F.3d 62, 66 (2d Cir. 1997).

As the Court can discern no such allegation, the judicial immunity applies to bar all claims against Judge Brown in connection with her handling of plaintiff's bankruptcy case as week as to all court clerks who performed judicial tasks. Although exceptions to judicial immunity exist only in the narrow circumstance noted above, because plaintiff's complaint is so factually sparse such that the Court cannot say with certainty whether plaintiff is contending that any of Judge Brown's alleged actions were "non-judicial" or done "in the complete absence of all jurisdiction," it is recommended that, to the extent plaintiff's complaint can be read as raising a claim for judicial misconduct against Judge Colleen Brown or unidentified court clerks, such claims be dismissed without prejudice.

### e. Outcome of Bankruptcy Proceedings

To the extent plaintiff disagrees with the outcome of his 2009 bankruptcy case or seeks this Court to review the outcome of any of his bankruptcy proceedings, such an attempt is untimely. Although U.S. District Courts have jurisdiction to hear appeals from, "final judgments, orders, and decrees" and certain interlocutory orders and decrees from the bankruptcy court, 28 U.S.C. § 158(a), "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." FED. R. BANKR. 8002; see In re NXXI Inc., 216 F. Supp. 3d 381, 388 (S.D.N.Y. 2016). Thus, plaintiff's seeking review of a 2009 [18] bankruptcy case by filing new actions in 2022, thirteen years later, is plainly untimely. [19]

[18] Although plaintiff's bankruptcy proceeding was commenced in 2009, it is not entirely clear the date of the entry of judgment. However, as the Court has an Order from the Bankruptcy Court indicating that plaintiff had submitted a sixth post-closing motion, and that order is dated May 23, 2022, and plaintiff commenced these federal actions in August 31, 2022, even in the highly unlikely (as plaintiff commenced his bankruptcy action in 2009, it would appear unlikely to still be pending in 2022) circumstance that plaintiff's final judgment in his bankruptcy proceeding occurred in May 2022,s because a plaintiff has fourteen days to appeal a judgment, order, or decree of a bankruptcy court, this action would still be untimely. FED. R. BANKR. 8002.

[19] The Court observes that 28 U.S.C. § 158(a)(1), grants a district court jurisdiction over appeals of "final judgments, orders, and decrees[,]" "from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title[,]" or "with leave o the court, from other interlocutory orders and decrees[.]" Plaintiff does not state whether he is purporting to seek "appellate" review over a final judgment, order, or decree from the bankruptcy court

**\*10** To the extent plaintiff is attempting another chance at review of the outcome of his bankruptcy proceeding by commencing a separate civil action, such an approach is not permissible. See, e.g., Zarour v. U.S. Bank, N.A. as a trustee for Truman 2016 SC6 Title Tr., No. 21-CV-2928 ((LTS), 2021 WL 3500921, at *2 (S.D.N.Y. Aug. 9, 2021) ("[T]he proper vehicle for Plaintiff to challenge the Bankruptcy Court's decision to dismiss the petition is Plaintiff's appeal of that decision, not this new civil action.").

In one of the four actions plaintiff filed, plaintiff includes a copy of an Order dated May 24, 2022, from the United States Bankruptcy Court, District of Vermont, signed by U.S. Bankruptcy Judge Heather Z. Cooper. Therein, the Judge notes that plaintiff commenced a Chamber 13 bankruptcy petition on January 9, 2009, which was converted to a chamber 7 bankruptcy proceeding effective September 21, 2010. See 5:22-CV-164 ("Lamothe IV"), Dkt. No. 1-1 at 5. In the motion, the Judge Cooper denies plaintiff's "sixth post-closing motion in this case," holding that plaintiff's motion "fails to demonstrate cause or meet the requirements to re-

Case 3:25-cv-00472-AJB-MJK    Document 8    Filed 04/29/25    Page 52 of 104

Lamothe v. Brown, Not Reported in Fed. Supp. (2023)

2023 WL 316013

open the Debtor's case under 11 U.S.C. § 350(b) or support any other relief that is available or warranted based upon the record of this closed case" and advised plaintiff that "[an]y further post-closing filings which fail to demonstrate cause or meet the requirements to reopen this case or support any other relief that is available will be considered an abuse of process and the Court will consider the imposition of sanctions." Id.

In sum, to the extent plaintiff is attempting to appeal the outcome of his bankruptcy proceeding or otherwise seek review of the decision, because this Court does not have jurisdiction over that claim, it is recommended that such claim be dismissed without prejudice, but without opportunity to amend. See Katz v. Donna Karan Co., L.L.C., 872 F.3d 114, 116 (2d Cir. 2017) ("[A] complaint must be dismissed without prejudice where the dismissal is due to the court's lack of subject matter jurisdiction[.]"); see also Amore Love, No. 1:21-CV-64 (DNH/ATB), 2021 WL 256945, at *6, n.15 (N.D.N.Y. Jan. 26, 2021) (citations omitted) ("Because this court is recommending dismissal for lack of subject matter jurisdiction, the court is constrained to recommend dismissal 'without prejudice,' although it is unlikely that this petitioner will be able to bring such an action in any court in the country, state or federal. However, the court is recommending that petitioner be denied the opportunity to amend because it is clear that any amendment would be futile.").

Plaintiff also makes several references to "contempt of court" but does not explain. To the extent that plaintiff is seeking that this Court hold any defendant in contempt of court, as no defendant has been properly served nor has appeared in this action, it is not possible for any defendant to have been in contempt of this Court's orders. Further, this Court does not have the authority to hold a defendant in contempt of any other court's orders. Accordingly, this claim is dismissed with prejudice.

f. **Due Process**

Plaintiff, without providing any contextual support, makes a passing reference to due process. See Dkt. No. 1-2 at 12 ("clerks avoiding all attempts of due process"). This bare statement is insufficient to raise a due process violation. First, his statement of "clerks" does not identify the persons against whom he seeks to bring them claim and he provides no facts or support for how his due process rights were violated.

**\*11** Even if plaintiff seeks to bring a claim for violation of his due process rights under section 1983, in addition to failing to provide any factual context for this claim, to the extent plaintiff's potential due process claim arises out of his 2009 bankruptcy proceeding, he fails to demonstrate why such a claim would not be barred by the statute of limitations. In § 1983 actions, the applicable statute of limitations is a state's "general or residual statute for personal injury actions." Pearl v. City of Long Beach, 296 F.3d 76, 79 (2d Cir. 2002). The statute of limitations for claims brought pursuant to § 1983 is determined by state law, and in the State of Vermont, the statute of limitations for actions brought pursuant to § 1983 is three years. See Tester v. Pallito, No. 2:19-CV-146-CR-JMC, 2020 WL 2813607, at *3 (D. Vt. Mar. 9, 2020), report and recommendation adopted, No. 2:19-CV-146, 2020 WL 2793164 (D. Vt. May 29, 2020); Owens v. Okure, 488 U.S. 235, 249-51 (1989) (holding that the most appropriate statute of limitations in a § 1983 action is found in the "general or residual [state] statute [of limitations] for personal injury actions"); Wallace v. Kato, 549 U.S. 384, 387 (2007). ""While state law supplies the statute of limitations for claims under § 1983, federal law determines when a federal claim accrues. The claim accrues when the plaintiff knows or has reason to know of the harm." Connolly v. McCall, 254 F.3d 36, 41 (2d Cir. 2001) (quoting Eagleston v. Guido, 41 F.3d 865, 871 (2d Cir.1994)). On rare occasions, the principle of equitable tolling may prolong the allowable time for filing a complaint under § 1983. See Walker v. Jastremski, 430 F.3d 560, 564 (2d Cir. 2005) (citing Doe v. Menefee, 391 F.3d 147, 159 (2d Cir. 2004)). To obtain the benefit of equitable tolling, a plaintiff must demonstrate that "extraordinary circumstances prevented [him] from timely performing a required act" and that he "acted with reasonable diligence throughout the period he [sought] to toll." Id. Alternatively, the statute of limitations may be tolled if "the person entitled to commence an action is under disability because of infancy or insanity at the time the cause of action accrues." N.Y. C.P.L.R. § 208.

g. **Eviction**

i. **Wrongful Eviction**

Plaintiff makes references to a wrongful eviction and an unlawful warrant in December 2013. Dkt. No. 1-2 at 13, 18, 20 ("wrongful [sic] arrest warants [sic]."). As indicated, there is not any factual context for these statements. Although it is not clear whether the "warrant" to which he refers is a warrant of eviction or an arrest warrant, contextual clues in

Case 3:25-cv-00472-AJB-MJK    Document 8    Filed 04/29/25    Page 53 of 104

Lamothe v. Brown, Not Reported in Fed. Supp. (2023)

2023 WL 316013

the complaint appear to suggest that plaintiff is referring to an unlawful warrant of eviction, rather than a criminal arrest warrant. It is not clear whether plaintiff is contending he was evicted from a home he owned, home he rented, or whether he was evicted from public housing. If he were evicted from public housing, he may be "entitled to certain due process of law before he can be deprived of continued tenancy." Oliver v. City of New York, No. 11-CV-1075 (ARR), 2011 WL 157844, at *3 (citing Escalera v. New York City Housing Authority, 425 F.2d 853, 861 (2d Cir.1970) ("The government cannot deprive a private citizen of his continued tenancy, without affording him adequate procedural safeguards even if public housing could be deemed to be a privilege."); Board of Regents v. Roth, 408 U.S. 564, 577 (1972) (procedural due process protects property rights created by state law).

It cannot be determined from the complaint whether plaintiff is attempting to argue that the warrant of eviction was somehow defective or if he is arguing that the execution of the eviction was somehow unlawful. It is further unclear whether the issue of eviction was addressed as part of his bankruptcy proceedings and against whom he is attempting to levy any potential wrongful eviction claim. Moreover, it is not exactly clear when the eviction occurred such that the Court may consider whether it is timely pursuant to the statute of limitations. As the Court does not have sufficient factual information or contextual support to properly assess whether plaintiff is claiming that an eviction violated his constitutional rights, it is recommended that any wrongful eviction claim brought under Vermont law be dismissed without prejudice such that plaintiff has an opportunity to amend to cure these defects.

## ii. **Property Damage/Loss**

Plaintiff states that a house was "ransacked" and "everthing [sic] taken from thee [sic] inside aswell [sic] as garage" by the Rutland Sherriff's Department and Vermont State Police Department in connection with an eviction. Dkt. No. 1-2 at 13. It is arguable that plaintiff is seeking to raise a claim for excessive or unreasonable property damage in violation of the Fourth Amendment. Plaintiff may also be suggesting that some of his property was taken in association with the eviction. See id. at 13, 18-19. The Supreme Court of the United States has held that the Fourth Amendment protects possessory interests in property, even where there has not been a "search" within the meaning of the Fourth Amendment. See Soldal v. Cook Cnty., Ill., 506 U.S. 56

(1992). However, such property damage or loss must be excessive and/or unreasonable to rise to the level of a constitutional claim. Courts have generally held that any property destruction that is not reasonably necessary for the performance of a law enforcement officer's duties constitutes an unreasonable seizure under the Fourth Amendment. See, e.g., 98 A.L.R. 5thh 305, Destruction of Property as Violation of Fourth Amendment (2002).

*12 As a threshold issue, any Fourth Amendment claim plaintiff may have in connection with a 2013 eviction is likely barred by the statute of this limitation. If this incident occurred in 2013, the statute of limitation would have expired three years later, in 2016. See Tester, 2020 WL 2813607, at *3. Thus, plaintiff may only be able to proceed on such a claim if he demonstrates that tolling applies. In addition to the statute of limitations concern, this claim must fail as it currently stands because there simply is not any factual support or context such that the Court would be able to assess against which defendants the claims were made, the property plaintiff alleges to have been damaged or destroyed by the Sheriff's Department in connection with the eviction and why such damage is excessive or unnecessary. Similarly, to the extent plaintiff claims the Sheriff's Department unnecessarily seized his property in connection with the execution of an eviction warrant, plaintiff must provide sufficient detail in connection with such a claim.

Finally, if plaintiff can overcome the defects noted above, plaintiff would only be able to proceed against a municipal defendant, such as the Sheriff's Office, under a Monell claim. See Monell v. Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 665-83, 691 (1978)Although plaintiff does not name the Sheriff's Office as a defendant either in the caption of the complaint or in any of the lists of defendants within the complaint, applying special solicitude, should plaintiff wish to proceed against the Rutland County Sheriff's Office, because such an entity is a municipality, to proceed for violation of any constitutional rights in association with an eviction, plaintiff would need to plead that there existed a specific policy or custom that lead to the violation of his constitutional rights. See Monell, 436 U.S. at 665-83, 69; see also Rudavsky v. City of S. Burlington, No. 2:18-CV-25, 2018 WL 4639096, at *2 (D. Vt. Sept. 27, 2018) ("Plaintiffs who seek to impose liability on local governments under Section 1983 must prove that the individuals who violated their federal rights took "action pursuant to official municipal policy. Official municipal policy includes not only the decisions of a government's lawmakers, but also the acts

Case 3:25-cv-00472-AJB-MJK   Document 8   Filed 04/29/25   Page 54 of 104

Lamothe v. Brown, Not Reported in Fed. Supp. (2023)

2023 WL 316013

of its policymaking officials, and practices so persistent and widespread as to practically have the force of law .... These are action[s] for which the municipality is actually responsible.") (internal citations and quotation marks omitted).

Accordingly, in light of special solicitude, it is recommended that any potential Fourth Amendment claim for excessive property damage or destruction be dismissed without prejudice and with opportunity to amend to permit plaintiff a chance to demonstrate (1) why such a claim is not barred by the three-year statute of limitations for § 1983 claims, and (2) provide sufficient factual support, (3) identify the specific defendants against whom he wishes to bring the claim, and (4) set forth whether he believes defendants were acting pursuant to an official municipal policy and identify such policy.

As this Court must provide special solicitude to pro se plaintiffs, Triestman, 470 F.3d at 475, and in light of the directive that caution should be exercised in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, Anderson v. Coughlin, 700 F.2d 37, 41 (2d Cir. 1983), it is recommended that plaintiff be provided one opportunity to amend his complaint.

### h. Criminal Claims

Plaintiff's complaint makes unexplained references to racketeering, corruption, conspiracy, human trafficking, [20] money laundering, forgery, and houses ransacked, broken into, stolen paper trail." Dkt. No. 1-2 at 13, 18-19. To the extent plaintiff seeks to proceed with criminal claims against any defendants, such claims must fail. Plaintiff lacks standing to initiate a criminal proceeding against any party. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). This Court "does not have the authority or jurisdiction to ... seek the criminal prosecution of individuals at the request of a plaintiff," Walker, 2021 WL 3518439, or "impose civil penalties for alleged criminal acts of which a defendant has not been convicted, commence a criminal prosecution, compel a law enforcement agency to investigate suspected criminal activity, nor compel a prosecutor to prosecute." Eggsware v. Doe, 1:22-CV-54 (BKS/CFH), 2022 WL 827640, at *5 (N.D.N.Y. Feb. 7, 2022) report recommendation adopted by Eggsware v. Doe, 2022 WL 823646 (N.D.N.Y. Mar. 18, 2022). Thus, to the

extent plaintiff wishes to proceed on criminal claims, it is recommended that such claims be dismissed with prejudice and without opportunity to amend for failure to state a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B)(i).

[20]   Plaintiff states "human traffick[,]" but the Court believes that plaintiff means human trafficking. Dkt. No. 1-2 at 19.

### i. Breach of Contract

**\*13**   Plaintiff also includes in his complaint the phrases "contempt of court" and "breech [sic] of contract" but fails to explain (1) how "contempt of court" – which only a judge can impose – applies, who he seeks to hold in contempt of court, and why; and (2) the defendants involved in the alleged breach of contract, the terms of the alleged contract, and how and when defendants allegedly breached the alleged contract. As plaintiff has provided no factual or contextual support for his breach of contract claim, it must be dismissed with prejudice. Further, plaintiff must also demonstrate how a breach of contract claim arises from the same facts and circumstances such that it should be considered as part of the same lawsuit. See FED. R. CIV. P. 20.

### j. Official Capacity Claims

Plaintiff does not specify whether he intends to bring his claims against Judge Colleen Brown, United States Trustee, and Vermont Attorney General in their personal capacities or official capacities. Section 1983 does not authorize suits against state officials in their official capacities. he Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Regardless of the nature of the relief sought, in the absence of the State's consent or waiver of immunity, a suit against the State or one of its agencies or departments is proscribed by the Eleventh Amendment. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). "New York State has not consented to suit in federal court." Abrahams v. Appellate Div. of Supreme Court, 473 F.Supp.2d 550, 556 (S.D.N.Y. 2007) (citing Trotman v. Palisades Interstate Park Comm'n, 557 F.2d 35, 38-40 (2d. Cir. 1977). Section 1983 claims do

Case 3:25-cv-00472-AJB-MJK    Document 8    Filed 04/29/25    Page 55 of 104

Lamothe v. Brown, Not Reported in Fed. Supp. (2023)

2023 WL 316013

not abrogate the Eleventh Amendment immunity of the states. See Quern v. Jordan, 440 U.S. 332, 340-41 (1979). "[C]laims against a government employee in his official capacity are treated as claims against the municipality," and, thus, cannot stand under the Eleventh Amendment. Hines v. City of Albany, 542 F.Supp. 2d 218 (N.D.N.Y.2008). Accordingly, it is recommended that, to the extent it can be interpreted that any claims are sought for monetary damages against the individual defendants in their official capacities, such claims be dismissed with prejudice, and that any future claims may be brought against such defendants only in their personal capacities.

### k. **Opportunity to Amend**

Plaintiff is advised that, should the District Judge permit him to file an amended complaint, the amended complaint must set forth a short and plain statement of the claim and the facts he relies on in support of his claims. He must specify how each individual named as a defendant in that pleading engaged in acts of misconduct or wrongdoing which violated laws or constitutional rights. An amended complaint may only replead claims that were dismissed by this Court without prejudice. Any amended complaint will replace and supersede the complaint in its entirety and, thus, must be a complete pleading containing all of the facts, allegations, parties, and legal claims that plaintiff wishes to include, except for any that have been dismissed by this Court with prejudice. See Arce v. Walker, 139 F.3d 329, 332 n.4 (2d Cir. 1998) ("It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect.").

### III. **Conclusion**

**WHEREFORE**, for the reasons set forth herein, it is hereby

**ORDERED**, that plaintiff's application for leave to proceed in forma pauperis, Dkt. No. 1-1 (5:22-CV-161), is **GRANTED** for purposes of filing; and it is

**\*14** (1) **RECOMMENDED**, that plaintiff's complaint, Dkt. No. 1-2 (5:22-CV-161), be **DISMISSED** as follows:

(a) plaintiff's claims, insofar as they attempt to proceed on any criminal claims be **DISMISSED WITH PREJUDICE**; and it is

(b) any potential section 1983 claims against defendants Judge Colleen Brown, United States Trustee, and Vermont Attorney General in their official capacities which seek monetary damages be **DISMISSED WITH PREJUDICE**;

(c) plaintiff's "contempt of court" claims be **DISMISSED WITH PREJUDICE**;

(d) plaintiff's claim for legal malpractice against Judge Collen Brown be **DISMISSED WITH PREJUDICE**;

(e) plaintiff's attempt to appeal or otherwise seek review of the outcome of his 2009 bankruptcy proceeding be **DISMISSED WITHOUT PREJUDICE and WITHOUT OPPORTUNITY TO AMEND**;

(f) that the remainder of plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** and **WITH OPPORTUNITY TO AMEND**; and it is further

(4) **RECOMMENDED**, that if the District Judge adopt this Report-Recommendation & Order, plaintiff be given thirty (30) days from the filing date of the Order adopting the Report-Recommendation & Order to file an amended complaint, and if plaintiff does not file an amended complaint within that time frame, the case be closed without further order of the Court; and it is further

(5) **RECOMMENDED**, that: (a) this matter (5:22-CV-161 "Lamothe I") be **CONSOLIDATED** with 5:22-CV-162 ("Lamothe II"), 5:22-CV-163 ("Lamothe III"), and 5:22-CV-164 ("Lamothe IV"), with the lead case being 5:22-CV-161, and the member cases being 22-CV-162, 5:22-CV-163, and 5:22-CV-164, and, (b) if consolidation is granted, that this Report-Recommendation & Order be docketed and served in all cases, with future filings to be docketed in only the lead case; and it is

**ORDERED**, that the Clerk of the Court serve this Report-Recommendation & Order on plaintiff in accordance with Local Rules.

**\*15** Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14) days** within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW. See Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health

2023 WL 316013

and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a). [21]

[21]  If you are proceeding pro se and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order was mailed to you to serve and file objections. See FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. See id. § 6(a)(1)(C).

**All Citations**

Not Reported in Fed. Supp., 2023 WL 316013

---

**End of Document**                                              © 2025 Thomson Reuters. No claim to original U.S. Government Works.

**Filings (2)**

| Title | PDF | Court | Date | Type |
|-------|-----|-------|------|------|
| **1. Docket 5:22-CV-00161**<br>Lamothe v. Brown | — | D.Vt. | Aug. 31, 2022 | Docket |
| **2. Docket 5:22-CV-00162**<br>Lamothe v. Bankruptcy Court et al | — | D.Vt. | Aug. 31, 2022 | Docket |

**History (4)**

**Direct History (2)**

1.  Lamothe v. Brown
    2023 WL 316013 , D.Vt. , Jan. 19, 2023

*Report and Recommendation Adopted by*

2.  Lamothe v. Brown
    2023 WL 3301220 , D.Vt. , May 08, 2023

**Related References (2)**

3.  Lamothe v. Brown
    2023 WL 3626462 , D.Vt. , May 24, 2023

4.  Lamothe v. Brown
    2023 WL 4052953 , D.Vt. , June 16, 2023

Case 3:25-cv-00472-AJB-MJK    Document 8    Filed 04/29/25    Page 60 of 104
Georges v. Rathner, Not Reported in Fed. Supp. (2017)
2017 WL 8230677

2017 WL 8230677
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Agnes GEORGES, Plaintiff,

v.

Levy RATHNER and Felix Phillipe, Defendants.

No. 1:17-CV-1246 (DNH/CFH)
|
Signed 12/22/2017

**Attorneys and Law Firms**

Agnes Georges, Baldwin, NY, pro se.

### REPORT-RECOMMENDATION AND ORDER [1]

[1]    This matter was referred to the undersigned for
report and recommendation pursuant to 28 U.S.C.
§ 636(b) and N.D.N.Y. L.R. 72.3(c).

Christian F. Hummel, U.S. Magistrate Judge

 **\*1**  Plaintiff pro se Agnes Georges commenced this action on
November 13, 2017 with the filing of a complaint. Dkt. No. 1
("Compl."). In lieu of paying this Court's filing fee, plaintiff
filed a Motion to Proceed In Forma Pauperis ("IFP"). Dkt. No.
2. Plaintiff also filed a Motion for Appointment of Counsel.
Dkt. No. 3. After reviewing plaintiff's IFP application, Dkt.
No. 2, the undersigned determines that plaintiff qualifies to
proceed IFP. [2]

[2]    Plaintiff is advised that, despite being granted IFP
status, she will still be required to pay any costs she
incurs in this action, such as copying fees or witness
fees.

### I. Initial Review

#### A. Legal Standards

Section 1915(e) of Title 28 of the United States Code directs
that, when a plaintiff seeks to proceed IFP, "the court shall
dismiss the case at any time if the court determines that ...
the action or appeal (i) is frivolous or malicious; (ii) fails

to state a claim on which relief may be granted; or (iii)
seeks monetary relief against a defendant who is immune
from such relief." 28 U.S.C. § 1915(e)(2)(B). It is a court's
responsibility to determine that a plaintiff may properly
maintain his complaint before permitting her to proceed with
her action. As plaintiff is representing himself, the court must
afford plaintiff special solicitude; thus, it is to consider her
claims "liberally" and "interpret them 'to raise the strongest
arguments that they suggest.' " Cold Stone Creamery, Inc. v.
Gorman, 361 Fed.Appx. 282, 286 (summary order) (quoting
Brownell v. Krom, 446 F.3d 305, 310 (2d Cir. 2006)).

Pleading guidelines are set forth in the Federal Rules of
Civil Procedure. Specifically, Rule 8 provides that a pleading
which sets forth a claim for relief shall contain, inter alia,
"a short and plain statement of the claim showing that the
pleader is entitled to relief." See FED. R. CIV. P. 8(a)(2).
"The purpose ... is to give fair notice of the claim being
asserted so as to permit the adverse party the opportunity to
file a responsive answer, prepare an adequate defense and
determine whether the doctrine of res judicata is applicable."
Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999)
(internal quotation marks and citations omitted). Rule 8 also
requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's
> jurisdiction ...;
>
> (2) a short and plain statement of the claim showing that
> the pleader is entitled to relief; and
>
> (3) a demand for the relief sought ....

FED. R. CIV. P. 8(a). Although "[n]o technical form is
required," the Federal Rules make clear that each allegation
contained in the pleading "must be simple, concise, and
direct." Id. at 8(d).

Further, Rule 10 of the Federal Rules provides in pertinent
part that:

> [a] party must state its claims or defenses in numbered
> paragraphs, each limited as far as practicable to a single set
> of circumstances. A later pleading may refer by number to a
> paragraph in an earlier pleading. If doing so would promote
> clarity, each claim founded on a separate transaction or
> occurrence—and each defense other than a denial—must
> be stated in a separate count or defense.

 **\*2**  FED. R. CIV. P. 10(b). This serves the purpose of
"provid[ing] an easy mode of identification for referring to a

Georges v. Rathner, Not Reported in Fed. Supp. (2017)

2017 WL 8230677

particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted). A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative ... to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal ... is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted). In such cases of dismissal, particularly when reviewing a pro se complaint, the court generally affords the plaintiff leave to amend the complaint. Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir. 1995). A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

### B. Plaintiff's Complaint

Plaintiff's complaint in this action is written on a form for complaints filed pursuant to the Americans with Disabilities Act ("ADA"). See Compl. Plaintiff's complaint is a difficult to follow stream of consciousness. See id. Although plaintiff checks the boxes on the form complaint that her claims involve a failure to employ, termination of employment, and retaliation, it is entirely unclear how defendants discriminated against her on the basis of a disability. Plaintiff does not identify that she is a "person with a disability within the meaning of the ADA". Id. at 3; Shannon v. N.Y. City Transit Auth., 332 F.3d 95, 99 (2d Cir. 2003). Further, she does not contend that she was ever employed by any of the named defendants or explain how she suffered an adverse employment action due to her disability at the hands of defendants. Id. Moreover, plaintiff indicates, through checking boxes on the Civil Cover sheet, that her case involves several additional areas of the law, but does not explain how her case involves any of these areas of the law. Dkt. No. 1-1. Plaintiff checks the boxes indicating

that her lawsuit also involves: (1) contract: recovery of defaulted student loans; (2) personal injury: assault, libel, slander, motor vehicle, motor vehicle product liability, health care/pharmaceutical personal injury; (3) personal property: other fraud, truth in lending; (4) civil rights: other civil rights, employment, education; (5) labor: labor/management relations, Family and Medical Leave Act; (6) Bankruptcy: Appeal 28 USC 158, Withdrawal 28 USC 157; and (7) Other Statutes: False Claims Act, Racketeer Influenced and Corrupt Organizations, Cable/Sat TV, Environmental Matters, Freedom of Information Act. Id. at 1.

Plaintiff's complaint completely fails to meet the pleading guidelines of Federal Rules of Civil Procedure 8 and 10. Plaintiff makes unexplained references to a "network" which appears to be involved in a conspiracy against her to improperly label her as HIV positive, cause her to be dismissed from school, suspend her passport to her native country, and commit various crimes against her. Id. at 3-4. Plaintiff names as defendants in the caption Levy Rathner and Felix Phillpe, but lists as defendants within the form complaint "Police Headquarter two of them" and "212-777-777 PC Company in NY City." Compl. at 2. However, plaintiff does not explain how any of these defendants are personally involved in any violation of a federal law or right. Further, plaintiff sets forth no cognizable avenue for relief. In her prayer for relief, plaintiff makes states:

> I will be back to social service to see what they have on file for me, break my disability request, go back to work even if I don't feel like it until I hear from US Attorney/District in Albany, you know why is because all crime made in Albany, NY, unemployment, child maltreatment, Discrimination, Divorce + elses.

**\*3** Id. at 4. As plaintiff's complaint fully fails to permit this Court to assess the nature of her claims, it is the undersigned's opinion that it must be dismissed.

Plaintiff has commenced at least seven other actions within this district in the last year. The undersigned's review of those cases reveal that all of them have either been dismissed or recommendations for dismissal are pending. [3] In addition,

Case 3:25-cv-00472-AJB-MJK    Document 8    Filed 04/29/25    Page 62 of 104

**Georges v. Rathner, Not Reported in Fed. Supp. (2017)**

2017 WL 8230677

review of these cases suggest that they are all about the same or related matters, as they appear to reference similar defendants, discuss "networks," and defendants committing various crimes against plaintiff and/or her family. See n.3, supra. Thus, although pro se plaintiffs generally are to be accorded an opportunity to amend prior to outright dismissal, such opportunity is not recommended here, as it is clear from plaintiff's complaint and her previous filings, that any attempt at an amended complaint would be futile. Accordingly, it is recommended that plaintiff's complaint be dismissed with prejudice, and that her motion for appointment of counsel (dkt. no. 3) be denied as moot.

3    See Georges v. Rathner (DNH/DJS), 1:17-CV-1276; Georges v. Duchene (DNH/DJS), 1:17-CV-86 (dismissed for failure to comply with Court's Order); Georges v. Schneiderman (BKS/DJS), 1:17-CV-524 (dismissed for failure to state a claim); Georges v. Gov. Tower VA, 1:17-CV-1244 (TJM/ATB); (recommendation pending for dismissal with prejudice for failure to state a claim and frivolity); Georges v. Rathner (BKS/DJS) 1:17-CV-1245 (recommendation for dismissal with prejudice pending); Georges v. Cuomo (TJM/DJS), 1:17-CV-1247 (recommendation for dismissal with prejudice pending); Georges v. Hatser, 1:17-CV-1242 (GTS/CFH) (recommendation for dismissal with prejudice pending).

## II. Conclusion

**WHEREFORE**, for the reasons stated herein, it is hereby

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 2) be **GRANTED** for purposes of filing only; and it is

**RECOMMENDED**, that plaintiff's complaint (Dkt. No. 1) be **dismissed sua sponte with prejudice**, and it is

**ORDERED**, that plaintiff's Motion for Appointment of Counsel (Dkt. No. 3) be **DENIED** as moot; and it is further

**ORDERED**, that the Clerk of the Court serve this Report-Recommendation and Order on plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Pursuant to 28 U.S.C. § 636(b)(1), parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the ... recommendation." N.Y.N.D. L.R. 72.1(c) (citing 28 U.S.C. § 636(b)(1)(B)-(C)). **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(e).

**All Citations**

Not Reported in Fed. Supp., 2017 WL 8230677

---

**End of Document**                    © 2025 Thomson Reuters. No claim to original U.S. Government Works.

**Filings (1)**

| Title | PDF | Court | Date | Type |
|---|---|---|---|---|
| **1.  Docket 1:17-CV-01246**<br>Georges v. Rathner et al | — | N.D.N.Y. | Nov. 13, 2017 | Docket |

**History (2)**

**Direct History (2)**

1.  Georges v. Rathner
    2017 WL 8230677 , N.D.N.Y. , Dec. 22, 2017

*Report and Recommendation Adopted by*

2.  Georges v. Rathner
    2018 WL 1353058 , N.D.N.Y. , Mar. 15, 2018

WESTLAW © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Georges v. Rathner, Not Reported in Fed. Supp. (2018)

2018 WL 1353058

2018 WL 1353058
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Agnes GEORGES, Plaintiff,

v.

Levy RATHNER and Felix Phillipe, Defendants.

1:17-CV-1246 (DNH/CFH)
|
Signed 03/15/2018

**Attorneys and Law Firms**

AGNES GEORGES, 5 Lowell Place Baldwin, NY 11510, pro se.

**DECISION and ORDER**

DAVID N. HURD, United States District Judge

 **\*1** Pro se plaintiff Agnes Georges brought this civil action against Levy Rathner and Felix Phillipe. On December 22, 2017, the Honorable Christian F. Hummel, United States Magistrate Judge, advised by Report-Recommendation that plaintiff's complaint be dismissed sua sponte with prejudice. No objections to the Report-Recommendation have been filed.

Based upon a careful review of the entire file and the recommendations of the Magistrate Judge, the Report-Recommendation is accepted in whole. See 28 U.S.C. § 636(b)(1).

Therefore, it is

ORDERED that

Plaintiff's complaint is DISMISSED without leave to amend.

The Clerk is directed to file judgment accordingly and close the file.

IT IS SO ORDERED.

**All Citations**

Not Reported in Fed. Supp., 2018 WL 1353058

**Filings (1)**

| Title | PDF | Court | Date | Type |
|---|---|---|---|---|
| **1. Docket 1:17-CV-01246**<br>Georges v. Rathner et al | — | N.D.N.Y. | Nov. 13, 2017 | Docket |

**History (2)**

**Direct History (2)**

1.  Georges v. Rathner
2017 WL 8230677 , N.D.N.Y. , Dec. 22, 2017

*Report and Recommendation Adopted by*

2.  Georges v. Rathner
2018 WL 1353058 , N.D.N.Y. , Mar. 15, 2018

Georges v. Hatser, Not Reported in Fed. Supp. (2018)

2018 WL 816846

Case 3:25-cv-00472-AJB-MJK    Document 8    Filed 04/29/25    Page 70 of 104

2018 WL 816846
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Agnes GEORGES, Plaintiff,

v.

Joel HATSER, Advisor Lawyer; Joseph Ciavanitti,
US Attorney Lawyer; Kurt Bratten Brian,
Bar Association 518-445-7691, Defendants.

No. 1:17-CV-1243 (GTS/CFH)
|
Signed 01/02/2018

**Attorneys and Law Firms**

Agnes Georges, Albany, NY, pro se.

**REPORT-RECOMMENDATION AND ORDER** [1]

[1]     This matter was referred to the undersigned for
Report-Recommendation and Order pursuant to 28
U.S.C. § 636(b) and N.D.N.Y. L.R. 72.3(c).

Christian F. Hummel, U.S Magistrate Judge

 **\*1** Plaintiff pro se Agnes Georges commenced this action on
November 13, 2017 with the filing of a complaint. Dkt. No. 1
("Compl."). In lieu of paying this Court's filing fee, plaintiff
filed a Motion to Proceed In Forma Pauperis ("IFP"). Dkt. No.
2. Plaintiff also filed a Motion for Appointment of Counsel.
Dkt. No. 3. After reviewing plaintiff's IFP application, Dkt.
No. 2, the undersigned determines that plaintiff qualifies to
proceed IFP for purposes of filing. [2]

[2]     Although she has been granted IFP status in
connection with filing this complaint, plaintiff will
still be required to pay any fees she may incur in
this action.

**I. Initial Review**

Section 1915(e) of Title 28 of the United States Code directs
that, when a plaintiff seeks to proceed IFP, "the court shall
dismiss the case at any time if the court determines that ...
the action or appeal (i) is frivolous or malicious; (ii) fails

to state a claim on which relief may be granted; or (iii)
seeks monetary relief against a defendant who is immune
from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is
a court's responsibility to determine that a plaintiff may
properly maintain his complaint before permitting him to
proceed with his action. As plaintiff is representing herself,
the Court is to consider her claims "liberally" and "interpret
them 'to raise the strongest arguments that they suggest.' "
Cold Stone Creamery, Inc. v. Gorman, 361 Fed.Appx. 282,
286 (summary order) (quoting Brownell v. Krom, 446 F.3d
305, 310 (2d Cir. 2006)).

**II. Plaintiff's Complaint**

Plaintiff's complaint in this action consists of a form civil
rights complaint. Plaintiff states that each named defendant,
who she identifies as lawyers, "refuse to help me." Compl. at
1-2. It appears that plaintiff contacted all of these defendants
for some form of assistance, and was denied such assistance.
See id. She suggests that these defendants are aware of a
conspiracy involving Levy Rathner, "a US Gov Commander
Chief" and the police, but defendants "prefer to protect him
not me." Id. at 2. It appears that plaintiff sought to file a
report with police about certain crimes committed against her,
but was not allowed to file a report or provide an order of
protection. Id. at 4. Plaintiff has not named any police officer
or police department as a defendant in this action.

As indicated above, plaintiff's complaint makes unexplained
references to "Levy Rathner," who is not a named defendant,
and also refers to a "crime" or a "network," "corruption,
stealing cards, use fake ID, fake credit card, steal my identity,
use them for somebody else, a damage for life." Compl. at
3. Plaintiff provides that she "feel[s] unsafe wherever I go,
federal police keep follow [sic] me, I am an [sic] spy." Id. at 4.
However, plaintiff does not explain any of these allegations.
Her complaint does not detail to any degree how the named
defendants were personally involved in these alleged wrongs.
Moreover, the complaint does not explain how any of the
named defendants violated any federal law or any of her
constitutional rights. To the extent that plaintiff suggests that
she sought legal assistance from the named defendants, and
that defendants either declined to represent her or declined to
prosecute certain alleged crimes, a prosecutor's decision not
to prosecute [3] a case [4] or a lawyer's decision not to represent
an individual [5] does not amount to a violation of the law. Id. at
3. Plaintiff's complaint also does not provide a clear demand
for relief. Id. at 6.

Georges v. Hatser, Not Reported in Fed. Supp. (2018)

Case 3:25-cv-00472-AJB-MJK    Document 8    Filed 04/29/25    Page 71 of 104

2018 WL 816846

[3]    " '[P]rosecutors are absolutely immune from liability under § 1983' in matters involving the prosecution—or failure to prosecute—individuals." Wagner v. Mollen, 5:05-CV-1290 (NAM/DEP), 2005 WL 2592417, at *1 (N.D.N.Y. Oct. 13, 2005) (quoting Dory v. Ryan, 25 F.3d 81, 83 (2d Cir. 1994)).

[4]    Plaintiff may arguably be arguing that one of the named defendants, who she identified as a "US Attorney Lawyer," improperly declined to prosecute certain unnamed persons or entities.

[5]    Plaintiff does not contend that she paid any of these attorneys a retainer fee to represent her as her attorney.

**\*2**  Pleading guidelines are set forth in the Federal Rules of Civil Procedure. Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." See FED. R. CIV. P. 8(a)(2). "The purpose ... is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 requires:

(1) a short and plain statement of the grounds for the court's jurisdiction ...;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought....

FED. R. CIV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d).

Further, Rule 10 of the Federal Rules provides in pertinent part that:

[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to

a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

FED. R. CIV. P. 10(b). This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted). A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).

As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative ... to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal ... is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted). In such cases of dismissal, especially with respect to a pro se complaint, the court generally affords the plaintiff leave to amend the complaint to state a nonfrivolous claim. See Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir. 1995). A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although detailed allegations are not required, the complaint must still include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. Id. at 555-56. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). In reviewing a pro se complaint, the Court must "liberally construe [the] pleadings," and interpret the complaint to "raise the strongest arguments it suggests." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). However, conclusory allegations are not sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Case 3:25-cv-00472-AJB-MJK    Document 8    Filed 04/29/25    Page 72 of 104

Georges v. Hatser, Not Reported in Fed. Supp. (2018)

2018 WL 816846

**\*3** Plaintiff's complaint does not comply with the pleading requirements, and it is not possible, for the Court to assess how any named defendant was personally involved in any violation of federal law, what federal laws or constitutional rights she alleges were violated, or whether this action is properly in federal court. See, e.g., Williams v. Smith, 781 F.2d 319, 323 ("[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (citation and internal quotation marks omitted). Ultimately, plaintiff has not provided sufficient facts for this Court to assess plaintiff's complaint, as plaintiff has given no context for her general statements about violations of the law by parties who are not named in the complaint, nor explanations as to how her constitutional rights were violated by either these unnamed parties or by the named defendants. See Compl.

The undersigned further recommends that the complaint be dismissed with prejudice. Although the district court generally is to afford a pro se plaintiff at least one opportunity to amend prior to outright dismissal, Dolan v. Connolly, 794 F.3d 290, 295 (2d Cir. 2015), it is clear to the undersigned that any attempt by plaintiff to amend her complaint would be futile. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). Plaintiff's complaint is clearly "a case[ ] in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). Plaintiff has submitted at least seven other actions in this Court, many of which were submitted on the same day, and all of these complaints have either been dismissed for failure to comply with pleading standards or a recommendation for dismissal is pending for review before the assigned District Judge. [6] Further, in matters where plaintiff was given an opportunity to amend her complaint, those cases were eventually dismissed for failure to properly comply with the Court's order. See Georges v. Duchene (DNH/DJS), 17-CV-86, Dkt. No. 9; Georges v. Schneiderman (BKS/DJS), 17-CV-524, Dkt. No. 16. Even in light of the special solicitude to be accorded to pro se plaintiffs' complaints, "courts cannot read into pro se submissions claims that are not consistent with the pro se litigant's allegations[.]" Giamattista v. Am. Airlines, Inc., 584 Fed.Appx. 23, 25 (2d Cir 2010) (summary order).

[6]  See Georges v. Rathner (DNH/DJS), 1:17-CV-1276 (filed Nov. 13, 2017); Georges v. Duchene (DNH/DJS), 1:17-CV-86 (dismissed for failure to comply with Court's Order) (filed Jan. 26, 2017); Georges v. Schneiderman (BKS/DJS), 1:17-CV-524 (dismissed for failure to state a claim) (filed May 11, 2017); Georges v. Gov. Tower VA, 1:17-CV-1244 (TJM/ATB) (filed Nov. 13, 2017); (recommendation pending for dismissal with prejudice for failure to state a claim and frivolity); Georges v. Rathner (BKS/DJS) 1:17-CV-1245 (recommendation for dismissal with prejudice pending) (filed Nov. 13, 2017); Georges v. Cuomo (TJM/DJS), 1:17-CV-1247 (recommendation for dismissal with prejudice pending) (filed Nov. 13, 2017); Georges v. Rathner, 1:17-CV-1246 (DNH/CFH)(recommendation for dismissal with prejudice pending)(filed Nov. 13, 2017).

Finally, as the undersigned is recommending dismissal of plaintiff's complaint, it is also recommended that her motion for appointment of counsel be denied as moot. See Leftridge v. Connecticut State Trooper Officer No. 1283, 640 F.3d 62, 68 (2d Cir. 2011). [7]

[7]   It is also noted that plaintiff has not provided evidence of any efforts she has taken in an attempt to obtain counsel on her own from either the public or private sectors. Terminate Control Corp. v. Horowitz, 28 F.3d 1135 (2d Cir. 1994). She has further failed to demonstrate that her claims are likely to be of substance—a consideration this Court must weigh in assessing requests for appointment of counsel. Leftridge v. Connecticut State Trooper Officer No. 1283, 640 F.3d 62, 68 (2d Cir. 2011).

### III. Anti-Filing Injunction Order

**\*4** As indicated herein, plaintiff has commenced at least seven actions in this Court in the past year, several of which were filed in November 2017. See n.6, supra. All of plaintiff's cases have either been dismissed or are pending with a recommendation for dismissal and all appear to involve similar unintelligible claims about a "network," Levy Rathner, and unspecified and/or crimes committed against herself and her family. In the cases where plaintiff was given an opportunity to amend, she did not submit any responsive or intelligible filing that adequately addressed the Court's concerns.

Georges v. Hatser, Not Reported in Fed. Supp. (2018)

2018 WL 816846

"District courts possess the authority to issue injunctive sanctions under Rule 11." Colida v. Nokia Inc., No. 07 CIV.8056 KMW HBP, 2008 WL 4517188, at *13 (S.D.N.Y. May 6, 2008), report and recommendation adopted as modified, No. 07 CIV 8056 KMW HBP, 2008 WL 4449419 (S.D.N.Y. Sept. 29, 2008), aff'd, 347 Fed.Appx. 568 (Fed. Cir. 2009) (quoting In re Martin-Trigona, 737 F.2d 1254, 1261-62 (2d Cir. 1984)). "Federal courts have ... the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." Martin-Trigona, 737 F. Supp. 2d at 1261. The Court must consider the following factors in drtermining whether to issue an anti-filing injunction:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

Safir v. U.S. Lines Inc., 792 F.2d 19, 24 (2d Cir. 1986). "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." Id. at 24.

The first factor, plaintiff's history of litigation, weighs in favor of granting the anti-filing injunction. All of the lawsuits plaintiff has commenced in this District appear to be reiterations of the same claims. Although the complaints in each case are very difficult to interpret, it can be gathered that in each complaint, plaintiff seeks review of issues related to a "network" that appears to be a conspiracy to commit crimes against her and spy on her. However, in each case, the assigned Judge has determined that plaintiff's complaint failed to meet the pleading requirements. See n.6, supra. Further, plaintiff has been unable to set forth claims that

meet basic pleading standards even where plaintiff has been given an opportunity to amend. See, e.g., Georges v. Duchene (DNH/DJS), 1:17-CV-86; Georges v. Schneiderman (BKS/DJS), 1:17-CV-524. In addition, although not dispositive of the issue, it is noteworthy that plaintiff has also attempted to commence at least one similar action in another district, and that action was dismissed without prejudice as the complaint "fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure." See Georges v. Doctor Dalmacy, 17-CV-00017 (D.D.C. filed Jan. 4, 2017).

As to the second factor, it cannot be said that plaintiff has a good faith motive in pursuing this litigation. Although plaintiff is proceeding pro se, and it appears she experiences difficulty in complying with this Court's pleading standards, this Court has repeatedly explained that her complaints do not supply sufficient coherent facts or claims for the Court to assess her claim, yet she continues to file very similar complaints with the same defects. Safir, 792 F.2d at 24. Although plaintiff is not represented by counsel, the third factor this Court is to consider, this factor does not weigh against granting an injunction, as it is unlikely that even if represented, plaintiff would be able to state a claim. Safir, 792 F.2d at 24. As for the fourth factor, plaintiff has not caused "needless expense to other parties," as plaintiff's complaints have not been served on the defendants; however, plaintiff has "posed an unnecessary burden on the courts and their personnel," as she has filed multiple actions involving what appears to be the same or similar claims, and has not been able to amend her complaint or properly comply with Court orders in those cases, despite being provided with such opportunities. As to the final factor, it does not appear to the undersigned that lesser sanctions would suffice, as plaintiff does not appear to understand, or perhaps have regard for, the Federal Rules of Civil Procedure, the Local Rules of the Northern District of New York, or the basic facts necessary to provide a sufficient background of her claims before this Court. Id. The undersigned is of the belief that plaintiff will continue to file frivolous lawsuits about the same matters. Accordingly, it is recommended that an anti-filing injunction be issued against this plaintiff requiring plaintiff to obtain permission of the Court prior to filing any actions in this District.

**\*5** Although anti-filing injunctions are to be narrowly tailored, because plaintiff repeatedly names a variety of defendants, providing little or any information about how defendants are personally involved in the alleged wrongdoings, it is unlikely that attempting to tailor an

anti-filing injunction that would be limited to certain claims or defendants would be of utility. Accordingly, it is recommended that the anti-filing injunction enjoin plaintiff from commencing *any* new action in this district without first obtaining leave of the Court. Finally, as a litigant must be given an opportunity to be heard before an anti-filing injunction is entered against her, it is also recommended that the Court provide such opportunity to plaintiff. See Moates v Barkley, 147 F.3d 207, 208 (1998).

### IV. Conclusion

**WHEREFORE**, for the reasons stated herein, it is hereby

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 2) be **GRANTED** for purposes of filing only; and it is

**RECOMMENDED**, that plaintiff's complaint (Dkt. No. 1) be **dismissed sua sponte** *with prejudice*, and it is

**RECOMMENDED**, pursuant to 28 U.S.C. § 1651(a), this Court issue an Anti-Filing Injunction, ordering that plaintiff be enjoined from further filings in the Northern District of New York without leave of Court; and it is

**ORDERED**, that plaintiff's Motion for Appointment of Counsel (Dkt. No. 3) be **DENIED** as moot; and it is

**ORDERED**, that the Clerk of the Court serve this Report-Recommendation and Order on plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Pursuant to 28 U.S.C. § 636(b)(1), parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the ... recommendation." N.Y.N.D. L.R. 72.1(c) (citing 28 U.S.C. § 636(b)(1)(B)-(C)). **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(e).

### All Citations

Not Reported in Fed. Supp., 2018 WL 816846

---

**End of Document** © 2025 Thomson Reuters. No claim to original U.S. Government Works.

**Filings (1)**

| Title | PDF | Court | Date | Type |
|---|---|---|---|---|
| **1. Docket 1:17-CV-01243**<br>Georges v. Hatser et al | — | N.D.N.Y. | Nov. 13, 2017 | Docket |

**History (2)**

**Direct History (2)**

1. Georges v. Hatser
   2018 WL 816846 , N.D.N.Y. , Jan. 02, 2018

*Report and Recommendation Adopted by*

2. Georges v. Hatser
   2018 WL 813502 , N.D.N.Y. , Feb. 09, 2018

WESTLAW    © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Case 3:25-cv-00472-AJB-MJK    Document 8    Filed 04/29/25    Page 78 of 104
Georges v. Hatser, Not Reported in Fed. Supp. (2018)

2018 WL 813502

2018 WL 813502
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Agnes GEORGES, Plaintiff,

v.

Joel HATSER, Advisor Lawyer; Joseph Ciavanitti,
U.S. Attorney Lawyer; and Kurt Bratten Brian,
Bar Association 518-445-7691, Defendants.

1:17-CV-1243 (GTS/CFH)
|
Signed 02/09/2018

**Attorneys and Law Firms**

AGNES GEORGES, 12 St. Joseph's Terrace, Albany, New
York 12210, Plaintiff, Pro Se.

### DECISION and ORDER OF DISMISSAL
### and ORDER TO SHOW CAUSE

HON. GLENN T. SUDDABY, Chief United States District
Judge

**\*1** Currently before the Court, in this *pro se* civil rights
action filed by Agnes Georges (" Plaintiff") against the
three above-captioned individuals ("Defendants"), is United
States Magistrate Judge Christian F. Hummel's Report-
Recommendation recommending that Plaintiff's Complaint
be *sua sponte* dismissed with prejudice for failure to state
a claim upon which relief can be granted pursuant to 28
U.S.C. § 1915(e)(2)(B), and that the Court issue a Pre-Filing
Order permanently enjoining Plaintiff from making any future
filings in this District *pro se* without first obtaining permission
from the Chief District Judge. (Dkt. No. 5.) Plaintiff has not
filed an Objection to the Report-Recommendation, and the
deadline in which to do so has expired. (*See generally* Docket
Sheet.)

Based upon a careful review of this matter, the Court
can find no clear error [1] in the Report-Recommendation:
Magistrate Judge Hummel employed the proper standards,
accurately recited the facts, and reasonably applied the law
to those facts. As a result, the Court accepts and adopts
the Report-Recommendation for the reasons stated therein,
Plaintiff's Complaint is *sua sponte* dismissed with prejudice,
and Plaintiff is directed to show cause why she should not

be permanently enjoined from making any future filings in
this District *pro se* without obtaining prior leave of the Chief
District Judge or his or her designee.

[1]     When, as here, no objection is made to a report-
recommendation, the Court subjects that report-
recommendation to only a clear error review. Fed.
R. Civ. P. 72(b), Advisory Committee Notes: 1983
Addition. When performing such a "clear error"
review, "the court need only satisfy itself that there
is no clear error on the face of the record in
order to accept the recommendation." *Id.*: *see also
Batista v. Walker*, 94-CV-2826, 1995 WL 453299,
at *1. (S.D.N.Y. July 31, 1995) (Sotomayor, J.)
("I am permitted to adopt those sections of [a
magistrate judge's] report to which no specific
objection is made, so long as those sections are not
facially erroneous.") (internal quotation marks and
citations omitted).

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Hummel's Report-
Recommendation (Dkt. No. 5) is **ACCEPTED** and
**ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is *sua
sponte* **DISMISSED with prejudice** for failure to state a
claim upon which relief can be granted pursuant to 28 U.S.C.
§ 1915(e)(2)(B); and it is further

**ORDERED** that Plaintiff shall, within **FOURTEEN (14)
DAYS** of the date of this Decision and Order, **SHOW
CAUSE** in writing why she should not be permanently
**ENJOINED** from filing any future pleadings or documents
of any kind (including motions) in this District without first
seeking and obtaining permission of the Chief District Judge
or his or her designee (except pleadings or documents in a
case that is open at the time of the issuance of the Court's Pre-
Filing Order until that case is closed). The Clerk of the Court
is directed to open a new pre-filing case number 9:18-pf-3 and
file a copy of this Decision and Order in that pre-filing case.
Plaintiff's response to this Order to Show Cause shall be filed
in case number 9:18-pf-3; and it is further

**\*2 ORDERED** that, if Plaintiff does not fully comply with
this Decision and Order, the Court will issue a subsequent
order, without further explanation, permanently so enjoining
Plaintiff; and it is further

Case 3:25-cv-00472-AJB-MJK    Document 8    Filed 04/29/25    Page 79 of 104

**Georges v. Hatser, Not Reported in Fed. Supp. (2018)**

2018 WL 813502

**ORDERED** that the Clerk shall provide a copy of this Order to Show Cause to Plaintiff by certified mail.

**All Citations**

Not Reported in Fed. Supp., 2018 WL 813502

---

**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.

**Filings (1)**

| Title | PDF | Court | Date | Type |
|---|---|---|---|---|
| **1. Docket 1:17-CV-01243**<br>Georges v. Hatser et al | — | N.D.N.Y. | Nov. 13, 2017 | Docket |

**History (2)**

**Direct History (2)**

1.  Georges v. Hatser
2018 WL 816846 , N.D.N.Y. , Jan. 02, 2018

*Report and Recommendation Adopted by*

2.  Georges v. Hatser
2018 WL 813502 , N.D.N.Y. , Feb. 09, 2018

2015 WL 3637431
Only the Westlaw citation is currently available.
United States District Court,
N.D. New York.

Matthew R. EHLERS, Plaintiff,
v.
CENTRAL INTELLIGENCE AGENCY;
David B. Buckley, Director; Michael E.
Horowitz, Inspector General, Defendants.

No. 6:15–cv–387 (MAD/ATB).
|
Signed June 10, 2015.

**Attorneys and Law Firms**

Matthew R. Ehlers, Amsterdam, NY, pro se.

**MEMORANDUM–DECISION AND ORDER**

MAE A. D'AGOSTINO, District Judge.

**I. INTRODUCTION**

 *1 Plaintiff commenced this civil rights action asserting claims against the Central Intelligence Agency ("CIA"), the director thereof, and the Inspector General ("IG") of the Department of Justice ("DOJ"). *See* Dkt. No. 1. In an April 6, 2015, Order and Report–Recommendation, Magistrate Judge Baxter conducted an initial review of the complaint and granted Plaintiff's motion for leave to proceed in forma pauperis ("IFP") for filing purposes only, recommended that the complaint be dismissed in its entirety with prejudice, and denied Plaintiff's motion to appoint counsel. *See* Dkt. No. 5 at 11.

Currently before the Court is Magistrate Judge Baxter's Order and Report–Recommendation, Plaintiff's objections thereto, and Plaintiff's amended complaint, which was filed after the issuance of the Order and Report–Recommendation.

**II. BACKGROUND**

Plaintiff's complaint is very short, containing limited facts, but brings this action against the CIA and DOJ under 18 U.S.C.

§§ 241–242 & 245 for having failed to investigate alleged reports of harassment that he and his family suffered due to their "whistleblowing" activities. *Id.* at 3, 8. Plaintiff appeared to be requesting injunctive or mandamus relief. *Id.* at 6. The Magistrate Judge found Plaintiff failed to plausibly allege that Defendants denied him due process by failing to conduct an investigation or prosecution and that Plaintiff has no right, constitutional or otherwise, to an investigation or prosecution. *Id.* at 8 (citing *Bernstein v. New York,* 591 F.Supp.2d 448, 460 (S.D.N.Y.2008)). Magistrate Judge Baxter concluded that Plaintiff's complaint amounts to conclusory allegations which are insufficient to state a constitutional claim. *Id.* at 9 (citing *Barr v. Adrams,* 810 F.2d 358, 363 (2d Cir.1987)). The Magistrate Judge then held that any attempt by Plaintiff to amend his complaint would be futile, and he would still be unable to state a federal claim. *Id.* at 10.

Currently before the Court are Magistrate Judge Baxter's Order and Report–Recommendation, and Plaintiff's objections thereto. Additionally pending before the Court is Plaintiff's amended complaint, which was filed after the issuance of the Order and Report–Recommendation.

**III. DISCUSSION**

**A. Initial review**

Section 1915(e) (2)(B) directs that, when a plaintiff seeks to proceed in forma pauperis, "(2) ... the court shall dismiss the case at any time if the court determines that—... (B) the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[1] Thus, although The Court has the duty to show liberality toward pro se litigants, *see Nance v. Kelly,* 912 F.2d 605, 606 (2d Cir.1990) (per curiam), and should exercise "extreme caution ... in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond, ..." *Anderson v. Coughlin,* 700 F.2d 37, 41 (2d Cir.1983) (internal citations omitted), the court also has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed with an action in forma pauperis.[2]

[1]    To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an

arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).

2      "Dismissal of frivolous actions pursuant to 28 U.S.C. § 1915e is appropriate to prevent abuses of the process of the court," *Nelson v. Spitzer,* No. 9:07–CV–1241, 2008 WL 268215, *1 n.3 (N.D .N.Y. Jan. 29, 2008)* (citation omitted), as well as "to discourage the filing of [baseless lawsuits], and [the] waste of judicial ... resources[.]" *Neitzke,* 490 U.S. at 327.

**\*2** When reviewing a complaint, the court may also look to the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading that sets forth a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed.R.Civ.P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, ... prepare an adequate defense," and determine whether the doctrine of res judicata is applicable. *Hudson v. Artuz,* No. 95 CIV. 4768, 1998 WL 832708, *1 (S.D.N.Y. Nov. 30, 1998)* (quoting *Powell v. Marine Midland Bank,* 162 F.R.D. 15, 16 (N.D.N.Y.1995)) (quoting *Brown v. Califano,* 75 F.R.D. 497, 498 (D.D.C.1977))) (other citation omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678 (citation omitted). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly,* 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged —but it has not 'show [n]'—'that the pleader is entitled to relief.' " *Id.* at 679 (quoting Fed.R.Civ.P. 8(a)(2)).

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1) (2006). When a party, however, files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir,* No. 9:08–CV–322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011)* (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1) (2006).

A litigant's failure to file objections to a magistrate judge's report-recommendation, even when that litigant is proceeding pro se, waives any challenge to the report on appeal. *See Cephas v. Nash,* 328 F.3d 98, 107 (2d Cir.2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A pro se litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson,* 968 F.2d 298, 299 (2d Cir.1992); *Small v. Sec'y of Health & Human Servs.,* 892 F.2d 15, 16 (2d Cir.1989) (holding that a pro se party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a) and former 6(e) of the Federal Rules of Civil Procedure).

**\*3** As Magistrate Judge Baxter correctly determined, Plaintiff's complaint does not state a valid claim for which relief can be granted and lacks substance. As Magistrate Judge Baxter discussed, Plaintiff's complaint is not of substance, but rather conclusory statements and "threadbare recitals of the elements of a cause of action." *See Twombly,* 550 U.S. at 555.

Plaintiff was not denied due process under 18 U.S.C. § § 241–242 or 245 or when the agencies contacted failed to conduct an investigation. " 'There is ... no constitutional right to an investigation by government officials.' Thus, there is no constitutional violation where the government refuses to investigate a crime...." *Bernstein v. New York,* 591 F.Supp.2d 448, 460 (S.D.N.Y.2008); *Lewis v. Gallivan,* 315 F.Supp.2d 313, 317 (W.D.N.Y.2004). Additionally, it is well established that there is no private right of action under 18 U.S.C § § 241–242 & 245. *See, e.g., Dugar v. Coughlin,* 613 F.Supp. 849, 852 n.1 (S.D.N.Y.1985); *Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 511 (2d Cir.N.Y.1994); *Powers*

2015 WL 3637431

*v. Karen,* 768 F.Supp. 46, 51 (E .D.N.Y.1991); *Sauls v. Bristol–Myers Co.,* 462 F.Supp. 887, 889 (S.D.N.Y.1978). The Magistrate Judge correctly determined that Plaintiff has no cause of action and properly dismissed the claim because there is no constitutional right to an investigation or a private right of action under 18 U.S.C. 241, 242 & 245.

Furthermore, the doctrine of sovereign immunity bars Plaintiff's suit for damages against the CIA "[b]ecause an action against a federal agency or federal officers in their official capacities is essentially a suit against the United States, such suits are also barred under the doctrine of sovereign immunity." *Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 510 (2d Cir.N.Y.1994).

Having reviewed the Report, Recommendation, and Order and Plaintiff's objections thereto, the Court finds that Magistrate Judge Baxter correctly determined that Plaintiff's claims should be dismissed.

**B. Plaintiff's Amended Complaint**

In his amended complaint Plaintiff states that there has been "ongoing choreographed criminal attacks" directed at him and his family, which were arranged by "corrupt Federal agents from the CIA ." *See* Dkt. No. 6 at 3. The amended complaint states these attacks include: "efforts to harass, defame, discredit, sabotage, stalk (including gang stalking), setup, and block many inherent rights." *Id.* It also states there were efforts "to create general chaos," and "to make us feel bad." *Id.* Plaintiff includes a list of incidents and events in his amended complaint that reference occurrences from 2002 to 2011. In this list Plaintiff makes claims including but not limited to: "odd events," "bogus tickets," "chemicals or contaminnets [sic] being put in to [his] food," "sabotage [to his] own consulting/financial services business," "politics and case fixing," "electronic directed energy weapon (dew) attacks," "corrupt gravy train," and "civil rights blackout." *Id.* at 4–10. However, all of the events, occurrences, and claims lack substance and are mere conclusory statements.

*\*4* In his amended complaint, Plaintiff clarifies he is seeking monetary damages, injunctive monetary relief, punitive damages, and "an immediate and thorough criminal investigation and prosecutions." *Id.* at 10. Plaintiff states that he seeks mandamus relief under 28 U.S.C. § 1361, and restates he seeks relief under 18 U.S.C. §§ 241–242 & 245. *Id.* at 11.

Having reviewed the amended complaint, the Court finds that Plaintiff has failed to plausibly allege that he is entitled to any of the relief he seeks. As discussed above, Plaintiff's claims must be dismissed because they are entirely conclusory, lack an arguable basis in law or fact, and fail to state a claim on which relief may be granted. *See Ashcroft,* 556 U.S. at 678; *Neitzke,* 490 U.S. at 325; 28 U.S.C. § 1915(e)(2)(B)(ii). Additionally, as discussed above, there is no private right of action under 18 U.S.C. §§ 241–242 & 245. *See, e.g., Dugar,* 613 F.Supp. at 852 n.1. Again, there was also no constitutional violation because there is no right to an investigation. *See, e.g., Bernstein,* 591 F.Supp. at 460.

Based on the foregoing, the Court finds that Plaintiff's amended complaint fails to set forth any non-frivolous causes of action. Since permitting additional amendment would be futile, Plaintiff's amended complaint is dismissed with prejudice.

In view of the frivolous nature of Plaintiff's claims, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of an appeal. *See Coppedge v. United States,* 369 U.S. 438, 444–45 (1962); *see also Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

## IV. CONCLUSION

After carefully considering Magistrate Judge Baxter's Order and Report–Recommendation, Plaintiff's objections thereto, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Baxter's April 6, 2015 Order and Report–Recommendation is **ADOPTED;** and the Court further

**ORDERS** that Plaintiff's complaint and amended complaint are **DISMISSED with prejudice;** and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve Plaintiff with a copy of this Memorandum–Decision and Order.

**IT IS SO ORDERED.**

**ORDER and REPORT–RECOMMENDATION**

ANDREW T. BAXTER, United States Magistrate Judge.

The Clerk has sent to the Court a civil rights complaint filed by pro se plaintiff Matthew R. Ehlers. (Dkt. No. 1) Plaintiff has also filed an application to proceed in forma pauperis ("IFP") and a motion for appointment of counsel. (Dkt.Nos.2, 3). For the following reasons, this court will grant plaintiff's IFP application, but will recommend dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

**I. IFP Application**

 **\*5** A review of plaintiff's IFP application shows that he declares he is unable to pay the filing fee. (Dkt. No. 2). Although plaintiff's application is technically incomplete, this court will assume for purposes of this order that plaintiff meets the financial criteria to proceed IFP. [1]

[1]    In his application, plaintiff states that he is currently unemployed. He then states that in the past twelve months, he has received income from "business, profession or other self employment," but does not state the source of the money, the amount received, or what he expects to receive. (Dkt. No. 2 at 1). He also states that his children "help" him by giving him $25.00 to $30.00 per week, but on the next page, he states that he supports his children by contributing $50.00 to $192.00 per week. (Dkt. No. 2 at 1–2). These omissions and inconsistencies are not explained, but as stated above, the court will find plaintiff financially eligible for the limited purpose of this Order and Report–Recommendation.

In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (i)-(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. Neitzke, 490 U.S. at 327; Harkins v. Eldridge, 505 F.2d 802, 804 (8th Cir.1974). Although the court has a duty to show liberality toward pro se litigants, and must use extreme caution in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. Fitzgerald v. First East Seventh St. Tenants Corp., 221 F.3d 362, 363 (2d Cir.2000) (finding that a district court may dismiss a frivolous complaint sua sponte even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Bell Atl. Corp., 550 U.S. at 555). The court will now turn to a consideration of the plaintiff's complaint under the above standards.

**II. Complaint**

The complaint is very short and contains limited facts. (Complaint "Compl.") (Dkt. No. 1). It is divided into three "causes of action." (Compl. at 1–2). Plaintiff names the Central Intelligence Agency ("CIA"); CIA Director, David B. Buckley; [2] and Inspector General ("IG") Michael E. Horowitz. [3] Plaintiff alleges that on May 6, 2011, he sent a letter to defendant Buckley outlining facts and events which he alleges represent

[2]    David Buckley is the CIA's Inspector General, not the Director of the CIA. The current Director of the CIA is John Brennan. https:// www.cia.gov/news-information/ pressreleases-statements/index. Plaintiff's error does not affect this court's decision.

[3]    Michael E. Horowitz is the IG of the Department of Justice ("DOJ"). Plaintiff does not specify defendant Horowitz's agency in the complaint.

Case 3:25-cv-00472-AJB-MJK    Document 8    Filed 04/29/25    Page 86 of 104

such serious and aggregious [sic] criminal activity and allegations, that it should have prompted an immediate appropriate response and internal investigation into the associated misconduct, criminal politics, corporate crime and conspiracy against rights (Title 18 section 241 and 242, 245).

**\*6** (Compl. at 1). Plaintiff claims that he never received a response from defendant Buckley, which plaintiff believes is a violation of due process. (*Id.*) Plaintiff claims that the failure of defendant Buckley to respond "furthered the conspiracy and attacks against [his] family and [him], [his] career, [their] rights as well as general peace and well being." (Compl. at 2).

Plaintiff's second cause of action states that he also contacted the Office of the Inspector General ("OIG") with the same information as reported to the CIA. (*Id.*) Plaintiff states that he filed an "official complaint," but he received an "extremely bizarre" response which "completely ignored the facts and events set forth and declared the matter closed without any due process or investigation whatsoever." (*Id.*)

Plaintiff's third cause of action states that he again contacted OIG on July 17, 2012, August 3, 2012 to request "and demand" an investigation into the "obvious heinous crimes," corruption, and "criminal politics." (*Id.*) Plaintiff also "voiced dismay" over the lack of proper response to his correspondence. Plaintiff states that he received a "similarly neglectful and bizarre response" from OIG on August 10, 2012. On September 4, 2012, he contacted OIG "one final time" to inform "them" of his intent to file a federal action. Plaintiff claims that there is obvious coercion, manipulation, blackmailing, bribery, case-fixing/tampering, corporate bartering, and "cronyism" at several levels. Plaintiff is not sure who is responsible for the handling or mishandling of the correspondence that he and his family have sent over the years, but he is filing this federal action, "having exhausted all other remedies." (Compl. at 2).

Plaintiff requests an "immediate and thorough criminal investigation into the crimes, individuals, entities and allegations set forth in the attached correspondence [4] as well as the associated misconduct, criminal politics and corruption." (*Id.*) Plaintiff also appears to be asking for monetary relief, due to "lack of due process and lack of enforcement." (*Id.*)

[4]    There is no correspondence attached to the complaint. There are many emails, attached to

plaintiff's motion for appointment of counsel. (Dkt. No. 3). The emails appear to be excerpts of correspondence that plaintiff sent to various attorneys in an attempt to encourage counsel to take his case. In one of the emails there is a chronology of events that plaintiff sent to counsel which may further explain the conduct of which plaintiff complains. (Dkt. No. 3 at CM/ECF pp.24–29). I will discuss the facts stated in plaintiff's email below as appropriate to clarify plaintiff's claims.

## III. *Venue*

### A. Legal Standards

Proper venue in civil actions in which the defendants are officers or employees of the United States is as follows:

> (1) In general.—A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e)(1). However, venue in actions bringing claims against defendants in their "individual capacities" is governed by 28 U.S.C. § 1391(b) which provides that

**\*7** A civil action may be brought in—

(1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, ... or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district

in which any defendant is subject to the court's personal jurisdiction with respect to such action.

See *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for the Western District of Texas,* —— U.S. ——. 134 S.Ct. 568, 577 (2013).

**B. Application**

In this case, plaintiff has named CIA IG, David B. Buckley and DOJ IG, Michael E. Horowitz. Plaintiff's first request appears to be in the nature of injunctive or mandamus relief. He states that he is requesting "an immediate and thorough criminal investigation." (Compl. at 2). To the extent that he names the IGs in their official capacities for equitable relief, venue is proper in the Northern District of New York based upon 28 U.S.C. § 1391(e)(1)(C) because plaintiff resides in this district, and no real property is alleged to be involved in the action.

To the extent that plaintiff seeks monetary relief from either director individually [5] for constitutional [6] violations, the only basis upon which plaintiff could bring the action is *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971) which allows citizens to file damage claims for constitutional violations committed by federal agents or employees, acting under color of federal law. See *Arar v. Ashcroft,* 585 F.3d 559, 571–72 (2d Cir.2009) (discussing history of *Bivens* actions).

[5]    To the extent that plaintiff seeks to name the CIA as a defendant, sovereign immunity would prevent a suit for damages directly against the agency. As a federal agency, the CIA is protected against suit by the sovereign immunity afforded to the United States. *Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 510 (2d Cir.1994). Absent an unequivocal waiver of that sovereign immunity in statutory text, this court would lack subject matter jurisdiction. *Adeleke v. United States,* 355 F.3d 144, 150 (2d Cir.2004); *Marakova v. United States,* 201 F.3d 110, 113 (2d Cir.2000). The United States has not waived its sovereign immunity with respect to constitutional claims seeking money damages that are brought directly against the United States or an agency thereof. *Robinson,* 21 F.3d at 510.

[6]    Plaintiff claims he was denied due process as a result of the defendants' failure to investigate his allegations. (Compl. at 1–2).

Under section 1391(b), a claim against the defendants "individually" would normally be brought in Washington, D.C., where the alleged unconstitutional acts took place, [7] or where the defendants reside, which is unlikely the Northern District of New York. However, in a case involving multiple claims, dismissal of an improperly venued claim is not warranted if " 'it is factually related to a properly venued claim and the claims could be considered one cause of action with two grounds of relief.' " *Mikhaylov v. United States,* 29 F.Supp.2d 260, 273–74 (E.D.N.Y.2014) (quoting *United States Envtl. Prot. Agency ex rel. McKeown v. Port Auth. of N.Y. & N.J.,* 162 F.Supp.2d 173, 183 (S.D.N.Y.2001), *aff'd sub nom. McKeown v. Del. Bridge Auth.,* 23 F. App'x 81 (2d Cir.2001)).

[7]    The refusal to investigate plaintiff's claims presumably occurred in defendants' offices, neither of which are in the Northern District of New York.

In this case, the court will consider plaintiff's official capacity and individual capacity claims sufficiently related so that venue is proper in the Northern District of New York. Notwithstanding proper venue, this case must be dismissed.

**IV.** *Right to Investigation*

**A. Legal Standards**

Plaintiff has no constitutional right to an investigation of any sort by government officials. See *Bernstein v. New York,* 591 F.Supp.2d 448, 460 (S.D.N.Y.2008); *Lewis v. Gallivan,* 315 F.Supp.2d 313, 317 (W.D.N.Y.2004) (citing cases). In order for a constitutional violation to have occurred, the investigation itself must have resulted in the deprivation of a constitutional right. *Faison v. Hash,* 03–CV–6475P, 2004 WL 944523, at *6 (W.D.N.Y. April 23, 2004) (citation omitted). It is also well-settled that there is no private right of action under federal criminal statutes such as 18 U.S.C. §§ 241 or 242. *Robinson v. Overseas Mil. Sales Corp.,* 21 F.3d 502, 511 (2d Cir.1994); *Marshall v. Webster Bank, N.A.,* 3:10–CV–908, 2011 WL 219693, *8 (D.Conn. Jan. 21, 2011) (citing cases); *Vasile v. Dean Witter Reynolds, Inc.,* 20 F.Supp.2d 465, 478 (E.D.N.Y.1998), *aff'd,* 205 F.3d 1327 (2d Cir.2000) (citations omitted).

## B. Application

**\*8** Plaintiff is suing defendants because the CIA and the DOJ failed to investigate or prosecute after plaintiff allegedly sent them information, reporting the harassment that he and his family have suffered due to their "whistleblowing" activities. Because plaintiff has no right, constitutional or otherwise, to an investigation or prosecution, the defendants did not deny him due process by failing to conduct either one.[8] The court would also point out that the complaint itself does not "detail" any of the specific facts of the alleged harassment.[9] He simply states that in 2011 and 2012, defendants failed to investigate his allegations. Plaintiff makes only general allegations of the corruption he wished to have investigated. He alleges "attacks against his family," conspiracies, case-fixing, bribery, corporate bartering, and the like. (Compl. at 2). Conslusory allegations are insufficient to state a constitutional claim.[10] *Barr v. Abrams,* 810 F.2d 358, 363 (2d Cir.1987).

[8]  In his motion for appointment of counsel, plaintiff also mentions the words "equal protection." (Dkt. No. 3 at 29). The Equal Protection Clause of the Fourteenth Amendment requires that the government treat all similarly situated people alike. *Nicholas v. Tucker,* 114 F.3d 17, 20 (2d Cir.1997). Generally, the equal protection clause has been "concerned with governmental 'classifications that affect some groups of citizens differently than others.' " *Engquist v. Or. Dep't of Agric.,* 553 U.S. 591, 601 (2008). In his complaint, there is absolutely no indication that anyone was treated differently than plaintiff by these defendants. There is no indication that another similarly situated individual obtained an investigation by defendants under similar circumstances. Thus, to the extent that plaintiff's motion for appointment of counsel could be interpreted as in some way raising such an equal protection claim in plaintiff's complaint, the court would still recommend dismissal.

[9]  The court is merely noting these facts. This recommendation is based *only* upon the fact that plaintiff is not entitled to an investigation of any sort, not that he has not detailed his claims of harassment.

[10]  The court does note that a review of plaintiff's motion for appointment of counsel (addressed below) does contain a "timeline of events/incidents" that plaintiff sent to one attorney in an effort to obtain counsel. (Dkt. No. 3 at CM/ECF pp.24–29). The incidents described by plaintiff begin in 2002 and span occurrences in various states through 2011. The court will not recite all the facts as stated by plaintiff in his description of the relevant facts, but would only note some of the statements. In 2002, police in New Jersey engaged in "odd behavior." (Dkt. No. 3 at 24). In 2003, references were made to plaintiff that the "mob" was after him, including direct statements from coworkers at "Meow–Mix Company" bragging about their corrupt law enforcement friendships. (*Id.* at 25). In 2004, while working at the Hartz Mountain Corporation, plaintiff's supervisor bragged of CIA connections, how he can "set" plaintiff up, and bragged about "having hacked" plaintiff's email. (*Id.*) There are also allegations of occurrences between 2003 and 2008. In 2008, plaintiff claims that he was offered a job in Albany, which turned out to be a "scam," and the company closed its Albany office within two weeks after plaintiff moved there. (*Id.* at 26). Plaintiff alleged that there was "reason to believe" that this was done to plaintiff "intentionally." (*Id.*) Plaintiff mentions a hit-and-run in 2009 and a DWI in 2010 (although plaintiff concedes that he had too much to drink, but is convinced that "they seemed to be ready for it." (*Id.* at 27). Notwithstanding all these incidents, plaintiff never specifies who may be responsible or to what "criminal group" he is referring. (*Id.* at 28). Even including all the facts as stated in plaintiff's motion for appointment of counsel, his rights would not have been violated when the CIA or any of the three defendants refused to investigate his "case" in 2011 and 2012.

Thus, this court must recommend dismissal of plaintiff's complaint for failure to state a claim because plaintiff is not entitled to, nor can he "demand" an investigation.

## V. *Opportunity to Amend*

Generally, when the court dismisses a pro se complaint *sua sponte,* the court should afford the plaintiff the opportunity to amend at least once, however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.,* 987 F.2d 129, 131 (2d Cir.1993). In this case, the court finds that any attempt by the plaintiff to amend

this complaint would be futile, and he would still be unable to state a federal claim.

## VI. *Appointment of Counsel*

### A. Legal Standards

There is no bright-line test for determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin,* 114 F.3d 390, 392–93 (2d Cir.1997). A number of factors must be carefully considered by the court in ruling upon the motion. The court must first assess whether the indigent's claims seem likely to be of substance. If so, the court then considers:

> [t]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz,* 28 F.3d 1335, 1341 (2d Cir.1994) (quoting *Hodge v. Police Officers,* 802 F.2d 58, 61 (2d Cir.1986)). Each case must be decided on its own facts, and the court may consider any or all of the above factors in its determination. *Velasquez v. O'Keefe,* 899 F.Supp. 972, 974 (N.D .N.Y.1995) (McAvoy, C.J.) (citing *Hodge,* 802 F.2d at 61).

### B. Application

Plaintiff has contacted multiple attorneys who have refused to take his case. (Dkt. No. 3). This court finds that plaintiff's complaint does not state a claim, and that he will be unable to amend to state a claim because he simply has no right to the relief that he requests. Therefore, the complaint lacks substance, and the plaintiff cannot meet the first requirement for appointment of counsel. The court need not proceed with the rest of the above analysis. Plaintiff's motion for appointment of counsel is denied.

**\*9  WHEREFORE,** based on the findings above, it is

**ORDERED,** that plaintiff's application to proceed IFP (Dkt. No. 2) is **GRANTED FOR PURPOSES OF FILING ONLY,** and it is

**RECOMMENDED,** that this action be **DISMISSED IN ITS ENTIRETY WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii) for failure to state a claim, and it is

**ORDERED,** that plaintiff's motion for appointment of counsel (Dkt. No. 3) is **DENIED.**

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir.1993) (citing *Small v. Sec. of Health & Human Servs.,* 892 F.2d 15 (2d Cir.1989)); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 6(a), 6(e), 72.

Dated: April 6, 2015.

**All Citations**

Not Reported in F.Supp.3d, 2015 WL 3637431

---

**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.

**Filings**

There are no Filings for this citation.

**History**

There are no History results for this citation.

WESTLAW    © 2025 Thomson Reuters. No claim to original U.S. Government Works.

Case 3:25-cv-00472-AJB-MJK    Document 8    Filed 04/29/25    Page 92 of 104

Hanyon v. Express Auto Credit Corp., Not Reported in Fed. Supp. (2024)

2024 WL 248586

2024 WL 248586
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Steven J. HANYON, Plaintiff,

v.

EXPRESS AUTO CREDIT CORP.; Angelo
Pasquale; and Hannah Doolittle, Defendants.

3:23-CV-1640 (MAD/ML)
|
Signed January 22, 2024

**Attorneys and Law Firms**

STEVEN J. HANYON, Plaintiff, Pro Se, 22 Weber Road,
Port Crane, New York 13833.

## ORDER and REPORT-RECOMMENDATION

MIROSLAV LOVRIC, United States Magistrate Judge

## I. BACKGROUND

### A. Procedural History

**\*1** Plaintiff Steven J. Hanyon ("Plaintiff") commenced this
action *pro se* on December 27, 2023, against Defendants
Express Auto Credit Corp., Angelo Pasquale, and Hannah
Doolittle (collectively "Defendants"). (Dkt. No. 1.) Plaintiff
did not pay the filing fee for this action and seeks leave to
proceed *in forma pauperis* ("IFP"). (Dkt. No. 2.)

On January 3, 2024, United States District Judge Mae A.
D'Agostino issued a text order directing Plaintiff to comply
with the Federal Rules. (Dkt. No. 5.) More specifically,
Judge D'Agostino noted that Plaintiff failed to provide the
Court with a short and plain statement of his claim. (*Id.*)
Judge D'Agostino directed Plaintiff to file a complaint within
fourteen days of her order. (*Id.*)

On January 8, 2024, Plaintiff filed a letter to Judge D'Agostino
enclosing the "Complaints that you asked for." (Dkt. No. 8.)
On January 10, 2024, Plaintiff filed another letter that refers
to itself as motion for summary judgment but appears to include
additional allegations and thus was construed for purposes of
this initial review as a supplemental pleading. (Dkt. No. 10.)

### B. Complaint(s)

Construing Plaintiff's letters as liberally [1] as possible, he
appears to allege that Defendants violated his rights. (*See
generally* Dkt. Nos. 8, 10.)

[1] The court must interpret *pro se* complaints to
raise the strongest arguments they suggest. *Soto v.
Walker*, 44 F.3d 169, 173 (2d Cir. 1995) (quoting
*Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.
1994)).

More specifically, Plaintiff's letter filed with the Court on
January 8, 2024, states that it is enclosing "Complaints" that
the Court asked for. (Dkt. No. 8 at 1.) Instead, the filing
appears to include a series of documents related to Plaintiff's
New York State Division of Human Rights complaints that
were filed against non-parties the New York State Police and
New York State Department of Labor. (Dkt. No. 8 at 4-10.)
In addition, Plaintiff's letter includes two documents each
titled "Complaint": (1) one with caption against non-party
Universal Instruments Corporation, and (2) one with a caption
against Defendants Express Auto Credit Corp and Pasquale.
(Dkt. No. 8 at 2-3.) Plaintiff appears to allege that Defendant
Express Auto Credit Corp remotely shut off a device in a 2013
Chevy Cruze, which resulted in Plaintiff being "blocked from
work" and the termination of an employment contract with
non-party Universal Instruments. (Dkt. No. 8 at 3.)

The document that refers to itself as a motion for summary
judgment discusses discrimination he believes he has endured
"since [he] was a child d[ue] to New York [S]tate [p]olicies"
and a learning disability. (Dkt. No. 10 at 1.) Plaintiff outlines
his educational experiences and history with an ex-wife. (*Id.*)

The motion for summary judgment alleges that at some point
in time Plaintiff began working for non-party Universal.
(*Id.* at 2.) Plaintiff alleges that his 2011 Chevy HRR
was not running well and eventually "died on an exit to
Universal." (*Id.*) Plaintiff alleges that he "had to find a new
car so [he] went to [Defendant] Express Auto Credit Corp"
and purchased a 2013 Chevy Cruze. (*Id.*) Plaintiff alleges that
"they put a GPS remote shut-off switch in the 2013 Chevy
Cruze and shut it off in front of Universal's mail box when
[he] was retrieving their mail." (*Id.*) Plaintiff alleges that he
returned the vehicle to Defendant Express Auto Credit Corp
but was unable to obtain another vehicle because of his credit
score. (*Id.*) Plaintiff alleges that he was "really upset" at
Defendant Express Auto Credit Corp "so [he] sent them a[n]
email threatening them." (*Id.*) Plaintiff alleges that "the State"
confiscated his firearm and he granted "them p[er]mission to

Case 3:25-cv-00472-AJB-MJK    Document 8    Filed 04/29/25    Page 93 of 104

Hanyon v. Express Auto Credit Corp., Not Reported in Fed. Supp. (2024)

2024 WL 248586

keep it for one year but [he] also let them know [he is] related to the founding fathers and [he] find[s] it to be an insult to take such a thing away from [him]." (Dkt. No. 10 at 2-3.)

**\*2** The motion for summary judgment asserts that (1) Plaintiff is in a lot of debt, (2) has been waiting for unemployment benefits but has not received any, (3) filed the "NYS Poor Person affidavit and also A summary judgment in NYS Supreme Court" which have not been ruled on yet, (4) a judge in the Town of Union imposed a fine that Plaintiff cannot afford, and (5) Plaintiff pleaded guilty to the violation of disorderly conduct upon the advice of the public defender. (Dkt. No. 10 at 3.) The motion for summary judgment asserts that Plaintiff is "so tired of being lied to and abused by the public that serves New York and being left behind by my dream company Universal Instruments." (*Id.*)

Plaintiff does not appear to assert any causes of action and does not appear to seek any relief. (Dkt. No. 10 at 3 ["I Steven Hanyon write you such a Motion."].)

Plaintiff seeks leave to proceed IFP. (Dkt. No. 2.)

## II. PLAINTIFF'S APPLICATION TO PROCEED IFP

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $405, must ordinarily be paid. 28 U.S.C. § 1914(a). A court is authorized, however, to grant IFP status if it determines that the plaintiff is unable to pay the required fee. 28 U.S.C. § 1915(a)(1). [2] Pursuant to 28 U.S.C. § 1915, where a plaintiff seeks leave to proceed IFP, the court must determine whether the plaintiff has demonstrated sufficient economic need to proceed without prepaying the required filing fee. 28 U.S.C. § 1915(a)(1).

[2]    The language of that section is ambiguous because it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). The courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *see also Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

The decision of whether to grant an application to proceed IFP rests within the sound discretion of the court. *Anderson v. Coughlin*, 700 F.2d 37, 42 (2d Cir. 1983). The Court must be satisfied "that the person is unable to pay such fees or give security therefor" prior to granting IFP status. 28 U.S.C. § 1915(a)(1). To make this threshold showing, a plaintiff must demonstrate "that paying such fees would constitute a serious hardship on the plaintiff, not that such payment would render plaintiff destitute." *Fiebelkorn v. United States*, 77 Fed. Cl. 59, 62 (Fed. Cl. 2007) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)); *see also Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) ("Section 1915[a] does not require a litigant to demonstrate absolute destitution[.]"); *accord, Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000). As the Second Circuit has noted, "no party must be made to choose between abandoning a potential meritorious claim or foregoing the necessities of life." *Potnick*, 701 F.2d at 244 (citing *Adkins*, 335 U.S. at 339).

Here, Plaintiff's submission is incomplete. For example, Plaintiff fails to answer questions 2 and 3 outlining any employment and wages or other income he has received in the last twelve months. (Dkt. No. 2 at ¶¶ 2-3.) In addition, Plaintiff fails to answer question 4, which asks him to identify any money that he has in cash or in a checking or savings account. (Dkt. No. 2 at ¶ 4.)

In this instance, due to Plaintiff's incomplete IFP application, I am unable to conclude that he possesses insufficient funds to pay the $405.00 filing fee to commence an action without "foregoing the necessities of life." *Potnick*, 701 F.2d at 244 (citing *Adkins*, 335 U.S. 339). Accordingly, I deny Plaintiff's motion to proceed in this case IFP. (Dkt. No. 2.) To the extent that Plaintiff may wish to renew his request to proceed IFP, and given the Court's unanswered questions about his financial situation, any request to proceed without the prepayment of fees must include a <u>fully</u> completed long form *in forma pauperis* application.

## III. RELEVANT LEGAL STANDARDS GOVERNING INITIAL REVIEW OF A COMPLAINT

**\*3** Ordinarily, the finding that Plaintiff does not qualify for IFP status would end the Court's discussion, and Plaintiff, in light of his *pro se* status, would likely be afforded an opportunity to either prepay the full filing fee, or submit a new, completed, and certified application for IFP. Because, however, as is discussed more completely below, I find that Plaintiff's Complaint is frivolous and fails to state a claim upon which relief may be granted, 28 U.S.C. § 1915 requires

Case 3:25-cv-00472-AJB-MJK    Document 8    Filed 04/29/25    Page 94 of 104

Hanyon v. Express Auto Credit Corp., Not Reported in Fed. Supp. (2024)

2024 WL 248586

that the court dismiss the action "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid[.]" 28 U.S.C. § 1915(e).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974); *see Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) (a district court "may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee[.]"); *see also Pflaum v. Town of Stuyvesant, Columbia Cnty., N.Y.*, 11-CV-0335, 2016 WL 865296, at *1, n.2 (N.D.N.Y. Mar. 2, 2016) (Suddaby, C.J.) (finding that the Court had the power to address and dismiss additional theories of the plaintiff's retaliation claim *sua sponte* because those theories were so lacking in arguable merit as to be frivolous).

In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 [2007]). "Determining whether a complaint states a plausible claim for relief ... requires the ... court to draw on its judicial experience and common sense.... [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citation and punctuation omitted).

"In reviewing a complaint ... the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Courts are "obligated to construe a pro se complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009); *see also Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam) (reading the plaintiff's *pro se* complaint "broadly, as we must" and holding that the complaint sufficiently raised a cognizable claim). "[E]xtreme caution should be exercised in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and [the] parties ... have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

## IV. ANALYSIS

**\*4** In addressing the sufficiency of a plaintiff's complaint, the court must construe his pleadings liberally. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Having reviewed Plaintiff's filings with this principle in mind, I recommend that all causes of action be dismissed for three reasons.

First, Rule 8 of the Fed. R. Civ. P. requires a "short and plain statement" of a claim, showing that "the pleader is entitled to relief." *Whitfield v. Johnson*, 763 F. App'x 106, 107 (2d Cir. 2019) (quoting Fed. R. Civ. P. 8(a)). Each statement must be "simple, concise, and direct,' and must give 'fair notice of the claims asserted." *Whitfield*, 763 F. App'x at 107 (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)). A pleading must also contain "a demand for the relief sought[.]" *Id.* "A complaint may be dismissed under Rule 8 if it is 'so confused, ambiguous, or otherwise unintelligible that its true substance, if any, is well disguised.' " *Id.* Moreover, Rule 10 of the Fed. R. Civ. P. provides that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances[.]" Fed. R. Civ. P. 10(b). Rule 10's purpose is to "provide an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" *Clervrain v. Robbins*, 22-CV-1248, 2022 WL 17517312, at *2 (N.D.N.Y. Dec. 8, 2022) (Stewart, M.J.) (citation omitted), *report and recommendation adopted*, 2023 WL 3170384 (N.D.N.Y. May 1, 2023) (D'Agostino, J.). A complaint that does not comply with these Rules "presents far too heavy a burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of [the plaintiff's] claims," and may properly be dismissed by the court. *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996) (McAvoy, C.J.).

As it currently stands, Plaintiff's filings wholly fail to provide fair notice of the claims he attempts to assert. Given its lack of

Case 3:25-cv-00472-AJB-MJK    Document 8    Filed 04/29/25    Page 95 of 104

Hanyon v. Express Auto Credit Corp., Not Reported in Fed. Supp. (2024)

2024 WL 248586

clarity, the Court recommends dismissal of the action because it is not acceptable under Rules 8 and 10 of the Fed. R. Civ. P.

Second, and in the alternative, I recommend that Plaintiff's action be dismissed because he fails to state a claim upon which relief may be granted.[3] Plaintiff fails to allege any causes of action and it is thus difficult to analyze Plaintiff's claims. However, to the extent that he intended to allege causes of action pursuant to 42 U.S.C. § 1983, he fails to allege the involvement of a state actor. *Whalen v. Cnty. of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)) ("To state a valid claim under § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.").

[3]    Due to the nature of Plaintiff's filings, it is difficult to precisely determine exactly which doctrine applies, but his claims are also likely barred. "[I]n the event the underlying state court proceedings are concluded, such claims are likely barred by the *Rooker-Feldman* doctrine." *Walker v. O'Connor*, 22-CV-0581, 2022 WL 2341420, at *6 (N.D.N.Y. June 29, 2022) (Dancks, M.J.). In the event that Plaintiff's underlying state court proceeding remains pending, his request for this Court's involvement may also implicate the *Younger* abstention doctrine. *Younger v. Harris*, 401 U.S. 37 (1971). Under the *Younger* doctrine, "federal courts [must] abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings." *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002).

**\*5** Third and in the alternative, I recommend that Plaintiff's action be dismissed to the extent that it asserts claims against New York State—or any of its arms or agencies—because it is immune from suit pursuant to the Eleventh Amendment. *Papasan v. Allain*, 478 U.S. 265, 276 (1986); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984); *see also* Ognibene v. Niagara Cnty. Sheriff's Dep't, 03-CV-0678E, 2003 WL 24243989, at *3 (W.D.N.Y. Dec. 1, 2003) ("To the extent the plaintiff names various state courts as defendants and seeks either legal or equitable relief against them under § 1983, they are immune from such suit under the Eleventh Amendment.").

For each of these reasons, I recommend that Plaintiff's action be dismissed.

## V. OPPORTUNITY TO AMEND

Generally, a court should not dismiss claims contained in a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, ... it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).[4]

[4]    *See also* Carris v. First Student, Inc., 132 F. Supp. 3d 321, 340-41 n.1 (N.D.N.Y. 2015) (Suddaby, C.J.) (explaining that the standard set forth in *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999)—that the Court should grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would be successful in stating a claim"—is likely not an accurate recitation of the governing law after *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)), *rev'd on other grounds*, 682 F. App'x 30.

Although this Court has serious doubts, it is not clear whether a better pleading would permit Plaintiff to assert a cognizable cause of action against Defendants. Out of an abundance of caution and in deference to Plaintiff's *pro se* status, the undersigned recommends the action be dismissed with leave to amend to cure the defects as stated above.

If Plaintiff chooses to avail himself of an opportunity to amend, such amended pleading must set forth a short and plain statement of the facts on which he relies to support any

Hanyon v. Express Auto Credit Corp., Not Reported in Fed. Supp. (2024)

2024 WL 248586

legal claims asserted. *Fed. R. Civ. P. 8(a).* In addition, the amended complaint must include allegations reflecting how the individual(s) named as Defendant(s) are involved in the allegedly unlawful activity. Finally, Plaintiff is informed that any amended complaint will replace the existing Complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the Court. *See Shields v. Citytrust Bancorp, Inc.,* 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (internal quotation marks omitted)).

**\*6  ACCORDINGLY**, it is

**ORDERED** that Plaintiff's IFP application (Dkt. No. 2) is **DENIED without prejudice and with leave to renew**; and it is further

**ORDERED** that should Plaintiff wish to proceed with this action, he must either (i) pay the $405.00 filing fee, or (ii) submit a completed, signed, and certified Long Form IFP application in accordance with this Order and Report-Recommendation **within thirty (30) days** from the date of the filing of this Order and Report-Recommendation. Plaintiff is advised that, if he does not fully comply with this Order and Report-Recommendation within thirty days, the undersigned will issue a report and recommendation to the assigned district judge that the action be dismissed; and it is further respectfully

**RECOMMENDED** that the Court **DISMISS WITH LEAVE TO AMEND** Plaintiff's action pursuant to 28 U.S.C. 1915(e)(2)(B) as frivolous; and it is further respectfully

**ORDERED** that the Clerk of the Court shall file a copy of this order, report, and recommendation on the docket of this case and serve a copy upon the parties in accordance with the local rules. [5]  The Clerk shall also send Plaintiff a blank Long Form IFP application.

[5]      The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein in accordance with *Lebron v. Sanders,* 557 F.3d 76 (2d Cir. 2009) (per curiam).

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. [6]  Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.,* 892 F.2d 15 (2d Cir. 1989)).

[6]      If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections. *Fed. R. Civ. P. 6(d).* If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. *Fed. R. Civ. P. 6(a)(1)(C).*

**All Citations**

Not Reported in Fed. Supp., 2024 WL 248586

---

**Filings (1)**

| Title | PDF | Court | Date | Type |
|---|---|---|---|---|
| **1.  Docket 3:23-CV-01640**<br>Hanyon v. Express Auto Credit Corp et al | — | N.D.N.Y. | Dec. 27, 2023 | Docket |

 © 2025 Thomson Reuters. No claim to original U.S. Government Works.

**History (2)**

**Direct History (2)**

1.  Hanyon v. Express Auto Credit Corp.
    2024 WL 248586 , N.D.N.Y. , Jan. 22, 2024

*Report and Recommendation Adopted by*

2.  Hanyon v. Express Auto Credit Corp.
    2024 WL 4783943 , N.D.N.Y. , Nov. 14, 2024

WESTLAW © 2025 Thomson Reuters. No claim to original U.S. Government Works.

2024 WL 4783943
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Steven J. HANYON, Plaintiff,

v.

EXPRESS AUTO CREDIT CORP., Angelo
Pasquale, and Hannah Doolittle, Defendants.

3:23-CV-1640 (MAD/ML)
|
Signed November 14, 2024

**Attorneys and Law Firms**

STEVEN J. HANYON, 22 Weber Road, Port Crane, New
York 13833, Plaintiff pro se.

### ORDER

Mae A. D'Agostino, United States District Judge:

**\*1** Plaintiff commenced this action against Defendants
Express Auto Credit Corporation, Angelo Pasquale, and
Hannah Doolittle. *See* Dkt. No. 1. Upon review of Plaintiff's
submissions, this Court issued a text order directing Plaintiff
to comply with the Federal Rules of Civil Procedure. *See*
Dkt. No. 5. Specifically, the Court directed Plaintiff to submit
a complaint that includes a short and plain statement of his
claim(s). *See id.* Thereafter, Plaintiff submitted a letter to this
Court enclosing the "Complaints you asked for," which was
followed by another letter that included additional allegations.
Dkt. Nos. 8, 10.

In an Order and Report-Recommendation, Magistrate Judge
Lovric conducted an initial review of the complaint
and subsequent submissions. *See* Dkt. No. 11. Despite
recommending that Plaintiff's application for *in forma
pauperis* application be denied as incomplete, Magistrate
Judge Lovric continued to review the sufficiency of the
"complaint." [1] In his review, Magistrate Judge Lovric
recommending the Court dismiss Plaintiff's complaint for
failure to state a claim upon which relief may be granted. *See
id.* at 8-11. Additionally, Magistrate Judge Lovric noted that
it is likely that Plaintiff's claims are precluded under either
the *Rooker-Feldman* doctrine or *Younger* abstention, because
Plaintiff's claims appear to be related to an underlying state-
court action. *See id.* at 8-9 n.3. Moreover, to the extent that

Plaintiff is attempting to bring a claim pursuant to 42 U.S.C.
§ 1983, Magistrate Judge Lovric recommended that the
claim be dismissed because Plaintiff has failed to allege the
involvement of a state actor. *See id.* at 9. Despite his serious
doubts as to Plaintiff's ability to state a cognizable cause of
action, Magistrate Judge Lovric recommended that the Court
permit Plaintiff an opportunity to amend his complaint. *See
id.* at 10.

[1]     Plaintiff has since submitted a completed
        application to proceed *in forma pauperis*, which
        the Court has reviewed and will grant solely
        for purposes of reviewing the sufficiency of the
        allegations. *See* 28 U.S.C. § 1915(e)(2).

When a party files specific objections to a magistrate judge's
report-recommendation, the district court "make[s] a de novo
determination of those portions of the report or specified
proposed findings or recommendations to which objection is
made." 28 U.S.C. § 636(b)(1)(C). However, when a party
files "[g]eneral or conclusory objections, or objections which
merely recite the same arguments [that he] presented to the
magistrate judge," the court reviews those recommendations
for clear error only. *O'Diah v. Mawhir*, No. 9:08-CV-322,
2011 WL 933846, *2 (N.D.N.Y. Mar. 16, 2011) (citations
and footnote omitted). After the appropriate review, "the
court may accept, reject, or modify, in whole or in part, the
findings or recommendations made by the magistrate judge."
28 U.S.C. § 636(b)(1)(C).

"[I]n a *pro se* case, the court must view the submissions by a
more lenient standard than that accorded to 'formal pleadings
drafted by lawyers.' " *Govan v. Campbell*, 289 F. Supp. 2d
289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404
U.S. 519, 520 (1972)). The Second Circuit has held that
the court is obligated to "make reasonable allowances to
protect *pro se* litigants" from inadvertently forfeiting legal
rights merely because they lack a legal education. *Id.* (quoting
*Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

**\*2** In the present matter, the Court finds that Magistrate
Judge Lovric correctly determined that Plaintiff's complaint
and additional submissions fail to state a plausible claim
for relief. In his submission providing the Court with the
"Complaints" that the Court asked for, Plaintiff simply
provided the Court with a series of documents related
to Plaintiff's New York State Division of Human Right's
complaints that were filed against non-parties to this action.
*See* Dkt. No. 8 at 4-10. Additionally, Plaintiff's letter includes
two documents each titled "Complaint," one with a caption

2024 WL 4783943

against non-party Universal Instruments Corporation and one with a caption against Defendants Express Auto Credit Corporation and Pasquale. *See id.* at 2-3. Plaintiff appears to allege that Defendant Express Auto Credit Corporation remotely shut off a device in a 2013 Chevy Cruze, which resulted in Plaintiff being "blocked from work" and the termination of an employment contract with non-party Universal Instruments. *See id.* at 3.

In a document styled as a "motion for summary judgment," Plaintiff discusses various forms of discrimination he believes that he has endured since childhood at the hands of various non-parties and due to various New York State policies. *See* Dkt. No. 10 at 1. Plaintiff also outlines his educational history and various experiences with his ex-wife. *See id.* This motion for summary judgment further alleges that at some point in time Plaintiff began working for Universal and was required to get a new vehicle when his old one died. Plaintiff purchased a 2013 Chevy Cruze from Defendant Express Auto Credit Corporation, which was subsequently turned off through a "GPS remote shut-off switch." *Id.* at 2. When Plaintiff returned the vehicle to Defendant Express Auto Credit Corporation, he was unable to obtain a new vehicle because of his credit score and thereafter "sent them a[n] email threatening them." *Id.* This threat caused New York to confiscate his firearm. *See id.* at 2-3. In his motion for summary judgment, Plaintiff asserts that (1) he is in a lot of debt, (2) he has been waiting for unemployment benefits, (3) he filed the "NYS Poor Person affidavit and also A summary judgment in NYS Supreme Court," which have not been ruled on yet, (4) a judge in the Town of Union imposed a fine that Plaintiff cannot afford, and (5) he pleaded guilty to a violation for disorderly conduct upon the advice of the public defender representing him. *See id.* at 3.

As Magistrate Judge Lovric correctly concluded, Plaintiff's submissions wholly fail to provide fair notice of the claims he is attempting to assert and, therefore, are subject to dismissal under Rules 8 and 10 of the Federal Rules of Civil Procedure. Additionally, to the extent that Plaintiff is attempting to bring a claim pursuant to 42 U.S.C. § 1983, he has failed to allege the involvement of a state actor. *See Whalen v. Cnty. of Fulton, 126 F.3d 400, 405 (2d Cir. 1997)* (citation omitted).

Following issuance of the Order and Report-Recommendation, although Plaintiff did not submit objections, he did submit several additional filings, including, among other things, an amended complaint, an amended motion for leave to proceed *in forma pauperis*, a request for

entry of default, a motion for default judgment, a letter motion "requesting a Settlement and Final Judgment," and a "Request for Personal Property Levy." Dkt. Nos. 12-13, 17, 18, 21, 23. These additional submissions fail to provide any clarity to the claims Plaintiff is attempting to bring or the relief he seeks. For example, in his amended complaint, in the section entitled "Statement of Claim," Plaintiff states as follows: "Blocking real mail delivery, endangering the public with such a device and Unsealing 2 Cases in the Town of Fenton during the same time of trying to purchase 2013 Chevy Cruze." Dkt. No. 12 at 4. In the section entitled "Relief," Plaintiff states as follows: "Time that was robbed to be living happy, and I enjoy paying taxes to support my country it is how I serve it. I think the time, and the employee contract adds up with everything else. I also think it should be the last party that joined the rest to pay, because they acted on there own action to take matter in their own hands to personal and confidential information about me that does not even belong to them." *Id.* No additional facts are provided in support of his claims.

**\*3** In his request for a "Final Judgment and Settlement," Plaintiff states that he is seeking "[t]o recover time that was lost from employment for not being able to be independent with my own vehicle because of the GPS Remote Device that was in a 2013 Chevy Cruze, I refused to drive it finding out the device was actually in the 2013 Chevy Cruze and returned the vehicle back with my old company Universal Instruments, because it could endanger the public and myself." Dkt. No. 21 at 3.

Nothing in Plaintiff's amended complaint or other submissions following the issuance of the Order and Report-Recommendation provide the Court with the necessary clarity to permit this matter to proceed. Plaintiff's submissions fail to provide fair notice to Defendants or the Court about the claims he is attempting to assert or the underlying factual basis. Additionally, in his amended complaint, Plaintiff asserts that the basis for federal court jurisdiction is diversity of citizenship. *See* Dkt. No. 12 at 3. However, according to the New York State Department of State website, Defendant Express Auto Credit Corporation is a domestic business corporation, with its principal place of business in Broome County, New York. Since it is a New York corporation, and Plaintiff is a resident and citizen of New York, the Court lacks diversity jurisdiction over this matter. *See* 28 U.S.C. § 1332; *see also Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005).* Moreover, affording Plaintiff the special solicitude due to *pro se* litigants, the Court is unable to discern any basis for exercising federal question jurisdiction

**Hanyon v. Express Auto Credit Corp., Slip Copy (2024)**

2024 WL 4783943

over this matter. As Magistrate Judge Lovric noted, Plaintiff has failed to allege any conduct by a state actor, as required to state a claim under 42 U.S.C. § 1983, and none of the facts alleged permit the Court to discern any other federal statute on which Plaintiff may be attempting to rely. Accordingly, the Court finds that Plaintiff's complaint and amended complaint must be dismissed.

Generally, a court should not dismiss an action filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Here, following the issuance of the Order and Report-Recommendation, Plaintiff filed an amended complaint along with several additional documents containing various allegations in support of his claims. Despite this, and the Court's liberal reading of all of Plaintiff's submissions, Plaintiff has failed to plausibly allege a valid cause of action or that the Court has subject matter jurisdiction to adjudicate any such claim. Accordingly, this action is dismissed without further leave to amend.

Based on the foregoing, the Court hereby

**ORDERS** that Magistrate Judge Lovric's Order and Report-Recommendation (Dkt. No. 11) is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's amended motion for leave to proceed *in forma pauperis* (Dkt. No. 13) is **GRANTED** for filing purposes only; and the Court further

**ORDERS** this action is **DISMISSED without leave to amend** pursuant to 28 U.S.C. § 1915; and the Court further

**ORDERS** that the Clerk's entry of default (Dkt. No. 19) is **VACATED** as improvidently granted; and the Court further

**\*4** **ORDERS** that the Clerk of the Court shall **TERMINATE** all additional pending motions in this matter (Dkt. Nos. 17, 21, 23); and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

**All Citations**

Slip Copy, 2024 WL 4783943

---

End of Document© 2025 Thomson Reuters. No claim to original U.S. Government Works.

**Filings (1)**

| Title | PDF | Court | Date | Type |
|---|---|---|---|---|
| **1. Docket 3:23-CV-01640**<br>Hanyon v. Express Auto Credit Corp et al | — | N.D.N.Y. | Dec. 27, 2023 | Docket |

 © 2025 Thomson Reuters. No claim to original U.S. Government Works.

**History (2)**

**Direct History (2)**

1. Hanyon v. Express Auto Credit Corp.
2024 WL 248586 , N.D.N.Y. , Jan. 22, 2024

*Report and Recommendation Adopted by*

2. Hanyon v. Express Auto Credit Corp.
2024 WL 4783943 , N.D.N.Y. , Nov. 14, 2024