UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

STEVEN HANYON,

                Plaintiff,

        -v-                                         3:25-CV-472 (AJB/MJK)

LINKEDIN,

                Defendant.
_____

**APPEARANCES:**                             **OF COUNSEL:**

STEVEN HANYON
Plaintiff, Pro Se
22 Weber Road
Port Crane, NY 13833

**Hon. Anthony Brindisi, U.S. District Judge:**

## ORDER ON REPORT & RECOMMENDATION

On April 16, 2025, *pro se* plaintiff Steven Hanyon ("plaintiff") filed this civil action alleging that defendant LinkedIn had locked him out of his account. Dkt. No. 1. After an initial administrative closure, Dkt. No. 2, plaintiff moved for leave to proceed *in forma pauperis* ("IFP Application"), Dkt. No. 3, and the case was restored to the active docket for an initial review of the pleading by the assigned magistrate judge, *see* Dkt. No. 4.

On April 22, 2025, while this matter was awaiting an initial review, plaintiff filed a letter that, broadly construed, looked like an attempt to voluntarily discontinue this action. Dkt. No. 5 (indicating that he did "not want to sue LinkedIn"). To clarify matters, the Court gave plaintiff a thirty-day period in which to "advise the Court, in writing, whether he intends to pursue this

action." Dkt. No. 6. At that time, the Court cautioned plaintiff "that any filings in this action should conform with Local Rule 10.1(c)(1) and other applicable Local Rules." *Id*.

Thereafter, plaintiff filed a second letter in which he indicated that, *inter alia*, he was still unable to access his LinkedIn account:

> I am not worried about local rules, I use my shoulder to shoulder diversity of state seals on must [*sic*] of my legal Documents due to Federal Rules and I follow the US Constitution and US Law Codes and what is Constitution is invalid, hopefully Linkedin response to this case so I can use my account that has my registered business here in Oswego County and it under non money making, I want to switch it to making money so other interns and myself can start making money and start doing entry position and may get other interferences to stop from other court cases and law enforcement[.]

Dkt. No. 7. Because this letter plausibly suggested that he still wished to proceed with this action, the matter was referred to the magistrate judge for an initial review of the complaint.

On April 29, 2025, U.S. Magistrate Judge Mitchell J. Katz granted plaintiff's IFP Application and advised by Report & Recommendation ("R&R") that the complaint should be dismissed *without* prejudice for lack of subject-matter jurisdiction. Dkt. No. 8. As Judge Katz explained, plaintiff's complaint, which is only one paragraph in length, failed to plausibly allege facts tending to establish LinkedIn's "citizenship" or the amount in controversy for purposes of establishing diversity jurisdiction, 28 U.S.C. § 1332, and likewise failed to plausibly allege facts tending to suggest that there is a substantial federal question in issue for purposes of establishing federal-question jurisdiction, § 1331.

Even assuming subject-matter jurisdiction existed, Judge Katz concluded that plaintiff's complaint would still be subject to dismissal because it failed to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Dkt. No. 8. As Judge Katz explained, the one-paragraph complaint is "rambling, disjointed, and so otherwise unintelligible that its true substance, if any,

is well disguised." *Id*. (cleaned up).  However, out of an abundance of caution, Judge Katz recommended dismissing the action with leave to amend.  *Id*.

Importantly, Judge Katz advised plaintiff that any amended pleading: (1) must be clearly labeled as such; (2) must bear the appropriate docket number for this action; (3) must be signed; (4) must comply with the Federal Rules of Civil Procedure, and in particular Rules 8 and 10; and (5) must set forth what claims he intends to assert and what facts would support those claims, "including the dates, times, and places of the alleged underlying acts."  Dkt. No. 8.

Plaintiff has not lodged objections.  Instead, plaintiff has filed a third letter in which he states:

> I thank the court so much I got my account back but whoever created the interferance [*sic*] shouldn't and I do not think LinkedIn should not use the courts a tech support.

Dkt. No. 9.

Upon review for clear error, Judge Katz's R&R is accepted and will be adopted.  *See* FED. R. CIV. P. 72(b).

Therefore, it is

ORDERED that

  1.  The Report & Recommendation (Dkt. No. 8) is ACCEPTED;

  2.  Plaintiff's complaint is DISMISSED without prejudice;

  3.  Plaintiff may, but is not required to, submit an amended complaint that conforms with the instructions set forth in Judge Katz's R&R and this Order;

  4.  Plaintiff shall have THIRTY DAYS in which to submit an amended complaint;

  5.  If plaintiff chooses to file an amended complaint within this time period, the Clerk is directed to REFER this matter to the assigned magistrate for further review; and

6.  If plaintiff chooses not to file an amended complaint within this time period, the Clerk is directed to enter a judgment dismissing this action without further Order of this Court.

The Clerk of the Court is directed to terminate the pending motion and set a deadline accordingly.

**IT IS SO ORDERED.**

Dated:  May 23, 2025
       Utica, New York.

Anthony J. Brindisi
U.S. District Judge